**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) APPROVING THE DEBTORS' PROPOSED**
**ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES,**
**(II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR**
**DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED**
**PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS**

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio. The Debtors' service address in these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):[2]

## Relief Requested

1.     The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"): (a) approving the Debtors' proposed adequate assurance of payment for future utility services; (b) prohibiting utility providers from altering, refusing, or discontinuing services; and (c) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests (as defined below).  In addition, the Debtors request that the Court schedule a final hearing within 30 days after the commencement of these chapter 11 cases to consider entry of the Final Order.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]     A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Josh Burke, Chief Financial Officer of Thrasio Holdings, Inc., in Support First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on February 28, 2024 (the "Petition Date").  Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

4.      The bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 9013-1 and 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>").

## Background

5.      On the Petition Date, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## The Utility Services and Utility Providers

6.      In connection with the operation of their businesses and properties, the Debtors obtain internet and other services (collectively, the "<u>Utility Services</u>") from a small number of utility providers (each, a "<u>Utility Provider</u>" and collectively, the "<u>Utility Providers</u>").[3]  A nonexclusive list of the Utility Providers and their affiliates that provide Utility Services to the Debtors' various locations and their business operations as of the Petition Date (the "<u>Utility Services List</u>") is attached hereto as **<u>Exhibit C</u>**.[4]

---

[3]    Pursuant to certain leases to which the Debtors are party to, certain utility services, such as electricity, natural gas, and water are billed directly to the Debtors' landlords (the "<u>Landlords</u>") and passed through to the Debtors as part of the Debtors' lease payments in accordance with the applicable lease agreements.  While the Proposed Adequate Assurance does not allocate any amounts toward these Utility Providers, out of an abundance of caution, the Debtors request authority to continue paying indirectly through its Landlords any amounts owed on account of the Utility Services in the ordinary course of business in accordance with prepetition practices.

[4]    The descriptions of the Utility Services set forth in this Motion constitute a summary only.  The actual terms of the Utility Services and related agreements will govern in the event of any inconsistency with the description thereof set forth herein.  Although **<u>Exhibit C</u>** is intended to be comprehensive, the Debtors may have inadvertently omitted one or more Utility Providers.  By this Motion, the Debtors request relief applicable to all Utility Providers, regardless of whether such Utility Provider is specifically identified on **<u>Exhibit C</u>**.  Additionally, the inclusion of any entity on, or the omission of any entity from, the Utility Services List is not an admission by

7.      Utility Services are paid by the Debtors directly to the respective Utility Provider. The relief requested herein is with respect to all Utility Providers supplying Utility Services to the Debtors.  Uninterrupted Utility Services are essential to the Debtors' ongoing business operations and, hence, the overall success of these chapter 11 cases.  Should any Utility Provider refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted, and such disruption would jeopardize the Debtors' reorganization efforts and the Debtors' revenue-generating capability to the detriment of all stakeholders in these chapter 11 cases.  It is essential that the Utility Services continue uninterrupted during these chapter 11 cases.

8.      On average, the Debtors pay approximately $12,100 each month for the Utility Services.  The Debtors estimate that their cost for Utility Services during the thirty (30) days following the Petition Date will be approximately $12,100.  To the best of the Debtors' knowledge, none of the Utility Providers hold deposits from the Debtors, and the Debtors are not in possession of any funds allocated for any prepayments for the Utility Services.

**I.      Proposed Adequate Assurance of Payment.**

9.      The Debtors intend to pay postpetition obligations owed to the Utility Providers in the ordinary course of business.  Cash held by the Debtors, cash generated in the ordinary course of business, and cash otherwise available to the Debtors will provide sufficient liquidity to pay the Debtors' Utility Service obligations in accordance with their prepetition practice during the pendency of their chapter 11 cases.  As additional assurance of payment, the Debtors propose to deposit approximately $6,655 (the "Adequate Assurance Deposit") into a segregated bank account

---

the Debtors that such entity is, or is not, a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

(whether already in existence or otherwise, such account, the "<u>Adequate Assurance Account</u>")
within fifteen (15) business days of entry of the Interim Order.

10.    The Adequate Assurance Deposit represents an amount equal to approximately
one-half of the Debtors' average monthly cost of Utility Services, calculated on a historical
monthly average of payment to the Utility Providers over the last twelve (12) months, excluding
the amounts billed directly by the Landlords.  The Debtors request the authority to adjust the
amount of the Adequate Assurance Deposit to account for the termination of certain Utility
Services by the Debtors on account of any closed business locations or by agreement between the
Debtors and the affected Utility Provider without further order of the Court.

11.    The Adequate Assurance Deposit will be held in the Adequate Assurance Account
at JP Morgan Chase Bank, N.A for the benefit of the Utility Providers for the duration of these
chapter 11 cases and may be applied to any postpetition payment defaults owed to the Utility
Providers by the Debtors.  The Adequate Assurance Deposit will be held by the Debtors, and no
liens senior to the interests of the Utility Providers will encumber the Adequate Assurance Deposit
or the Adequate Assurance Account.

12.    The Debtors submit that the Adequate Assurance Deposit, in conjunction with the
Debtors' ability to pay for future Utility Services in accordance with their prepetition practice
(collectively, the "<u>Proposed Adequate Assurance</u>"), constitutes sufficient adequate assurance of
payment to the Utility Providers as required by section 366 of the Bankruptcy Code.

**II.    The Adequate Assurance Procedures.**

13.    Any Utility Provider that is not satisfied with the Proposed Adequate Assurance
may make a request for adequate assurance of future payment (each an "<u>Adequate Assurance</u>
<u>Request</u>") pursuant to the adequate assurance procedures set forth in the Order (the "<u>Adequate</u>
<u>Assurance Procedures</u>").  The Adequate Assurance Procedures will implement a streamlined

process for Utility Providers to address potential concerns with respect to the Proposed Adequate Assurance, while allowing the Debtors to continue their business operations uninterrupted. The Adequate Assurance Procedures permit a Utility Provider to object to the Proposed Adequate Assurance by filing and serving an Adequate Assurance Request upon certain Notice Parties (as defined in the Interim Order and Final Order).

14.     The Debtors, in their discretion, may then resolve any Adequate Assurance Request by mutual agreement with the applicable Utility Provider and without further order of the Court. If the Debtors determine that the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtors may seek Court resolution of the Adequate Assurance Request.

15.     Unless and until a Utility Provider timely files an objection or serves an Adequate Assurance Request, such Utility Provider shall be (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code and (b) forbidden from discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

**III.     Modifications to the Utility Services List.**

16.     The Debtors have made an extensive and good-faith effort to identify all Utility Providers and include them on the Utility Services List. To the extent the Debtors identify new or additional Utility Providers or discontinue services from existing Utility Providers, the Debtors seek authority, in their sole discretion, to amend the Utility Services List to add or remove any Utility Provider. For any Utility Provider that is subsequently added to the Utility Services List, the Debtors will serve such Utility Provider with a copy of the Interim Order or Final Order, as applicable, including the Adequate Assurance Procedures. The Debtors request that the terms of the Interim Order or Final Order, as applicable, and the Adequate Assurance Procedures apply to

any subsequently identified Utility Provider.  For any Utility Provider that is subsequently removed from the Utility Services List, the Debtors request the authority to decrease the Adequate Assurance Deposit by an amount equal to two weeks of the Debtors' average cost of services from such removed Utility Provider; *provided, however,* that the Debtors shall provide the applicable Utility Provider with fourteen (14) days' notice thereof and the opportunity to respond to such removal.

**IV.    Prohibitions on Altering, Refusing, or Discontinuing Service.**

17.    Uninterrupted Utility Service is essential to the Debtors' ongoing business operations and overall success of these chapter 11 cases.  Should any Utility Provider, including those Utility Providers paid by the Landlords, refuse or discontinue service, even for a brief period, the Debtors' business operations could be severely disrupted.  Discontinuation of Utility Service would essentially shut down operations, and any significant disruption of operations could put these chapter 11 cases in jeopardy.

18.    The Debtors request that, pending the entry of the Interim Order and Final Order and the resolution of any Adequate Assurance Request, objection, or Determination Hearing (as defined in the Interim Order and Final Order), the Utility Providers, including any additional Utility Provider, are prohibited from (a) discriminating against the Debtors, (b) altering, refusing, or discontinuing service to the Debtors, or (c) requiring payment of a deposit or receipt of any other security for continued service other than the Adequate Assurance Deposit as a result of these chapter 11 cases or any unpaid prepetition invoice.

**Basis for Relief**

19.    Section 366 of the Bankruptcy Code, which protects a debtor against the immediate termination or alteration of utility services after the petition date, provides the debtor thirty (30) days following the petition date to provide "adequate assurance" of payment for

7

postpetition services in a form "satisfactory" to the utility provider before the utility provider may

alter, refuse, or discontinue service.   11 U.S.C. § 366(c)(2).   For purposes of section 366 of the

Bankruptcy Code, "assurance of payment" can be provided in the form of a cash deposit, letter of

credit, certificate of deposit, surety bond, prepayment, or other mutually-agreed form of security.

11 U.S.C. § 366(c)(1).   "Adequate assurance of payment" need not constitute an absolute

guarantee of the debtors' ability to pay.   *See, e.g.*, *In re Great Atl. & Pac. Tea Co.*, No. 11-CV-

1338 (CS), 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will

approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but

are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199

B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment.   The

statute does not require an absolute guarantee of payment." (citation omitted)), *aff'd sub nom. Va.

Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

     20.   When considering whether a given assurance of payment is "adequate," courts

examine the totality of the circumstances to make an informed decision as to whether the utility

provider will be subject to an unreasonable risk of nonpayment.   *See In re Keydata Corp.*,

12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979));

*In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 87 (Bankr. S.D.N.Y. 2002) ("That, the Court believes,

is the key to the analysis—to look at the totality of the circumstances to see the extent to which

utilities are subjected to unreasonable risk of payment.").   In determining the level of adequate

assurance, however, "a bankruptcy court must focus upon the *need* of the utility for assurance,

and . . . require that the debtor supply no more than that, since the debtor almost perforce has a

conflicting need to conserve scarce financial resources."   *In re Penn Jersey Corp.*, 72 B.R. 981,

985 (Bankr. E.D. Pa. 1987); *see also In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir.

1972) (affirming the bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").  Accordingly, demands by a Utility Provider for a guarantee should be refused when the Debtors' specific circumstances already afford adequate assurance of payment.

21.     Here, the Utility Providers are adequately assured against any risk of nonpayment for future services, especially in light of the Debtors' history of paying utility bills on time and in the ordinary course.  The Adequate Assurance Deposit and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course provide assurance that the Debtors will pay their future obligations to the Utility Providers.  In contrast, termination of the Utility Services could render the Debtors unable to operate their businesses to the detriment of all stakeholders. *See In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

22.     Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code.  *See, e.g.*, *In re Circuit City Stores Inc.*, No. 08-35653, 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "the plain language of §366 of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility Order").  Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize."  *Id*.  Notwithstanding a determination that the Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Providers believe they

have under sections 366(b) and (c)(2) of the Bankruptcy Code are fully preserved under the Adequate Assurance Procedures. *See id.* at \*5–6. The Utility Providers still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. *See id.* at \*6. The Adequate Assurance Procedures, however, avoid a haphazard and chaotic process whereby each Utility Provider could make an extortionate, last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services. *See id.* at \*5.

23. The Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code. The Debtors respectfully request that the Court grant the relief requested herein.

24. Similar procedures have been approved by courts in this district. *See, e.g.*, *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024) (approving adequate assurance deposit equal to approximately half of the debtors' monthly utility expenses on an interim basis); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Jan. 24, 2024) (same); *In re WeWork, Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 6, 2023) (approving adequate assurance deposit equal to approximately half of the debtors' monthly utility expenses on a final basis); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 29, 2023) (same).[5]

25. Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of

the Bankruptcy Code, particularly section 366 thereof.  Accordingly, the Court should exercise its

powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the

Adequate Assurance Procedures and the Proposed Adequate Assurance.

**<u>Processing of Checks and Electronic Fund Transfers Should Be Authorized</u>**

26.     The Debtors have sufficient funds to pay the amounts described in this Motion in

the ordinary course of business by virtue of expected cash flows from ongoing business operations,

debtor-in-possession financing, and anticipated access to cash collateral.  In addition, under the

Debtors' existing cash management system, the Debtors can readily identify checks or wire

transfer requests as relating to any authorized payment in respect of the relief requested herein.

Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to

authorized payments, will not be honored inadvertently.  Therefore, the Debtors respectfully

request that the Court authorize all applicable financial institutions, when requested by the Debtors,

to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the

relief requested in this Motion.

**<u>The Requirements of Bankruptcy Rule 6003(b) Are Satisfied</u>**

27.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after

the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."

Fed. R. Bankr. P. 6003.  As set forth in this Motion, the Debtors believe an immediate and orderly

transition into chapter 11 is critical to the viability of their operations and that any delay in granting

the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore,

the failure to receive the requested relief during the first 30 days of these chapter 11 cases would

severely disrupt the Debtors' operations at this critical juncture.  For the reasons discussed herein,

the relief requested is vital to a smooth transition into chapter 11.  Accordingly, the Debtors submit

that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

28.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Waiver of Memorandum of Law

29.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

30.     Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other

party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

### No Prior Request

31.    No prior request for the relief sought in this Motion has been made to this or any other court.

### Notice

32.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the Office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group; (d) counsel to the Administrative Agent under the Revolving Credit Facility; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; (g) the attorneys general in the states where the Debtors conduct their business operations; (h) the U.S. Securities and Exchange Commission;  (i) the Utility Providers, and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.


*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: February 28, 2024

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:        msirota@coleschotz.com
                wusatine@coleschotz.com
                fyudkin@coleschotz.com
                jfrumkin@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Joint Administration Requested) |

## INTERIM ORDER (I) APPROVING
## THE DEBTORS' PROPOSED ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY
## SERVICES, (II) PROHIBITING UTILITY PROVIDERS
## FROM ALTERING, REFUSING, OR DISCONTINUING
## SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED
## PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS

The relief set forth on the following pages, numbered three (3) through fifteen (15), is

**ORDERED**.

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, and (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) approving the Debtors' Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Providers from altering, refusing, or discontinuing services, and (c) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____, **2024 at _____ (prevailing Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtor's proposed counsel on or before _____, **2024 at 4:00 p.m. (prevailing Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Adequate Assurance Deposit and the Debtors' ability to pay for future Utility Services in the ordinary course of business (subject to the Adequate Assurance Procedures) shall constitute adequate assurance of future payment as required under section 366 of the Bankruptcy Code.

4.      Until such time as the Court enters a final order on the Motion or the Court orders otherwise, all Utility Providers, including those Utility Providers paid by the Landlords, are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

(Page | 5)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

5. The following Adequate Assurance Procedures are hereby approved on an interim basis:

a. The Debtors will serve a copy of the Motion and this Interim Order to each Utility Provider within two (2) business days after entry of this Interim Order by the Court.

b. Within fifteen (15) days of entry of this Interim Order, subject to paragraphs (c)–(m) below, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $6,655 in the Adequate Assurance Account.

c. A Utility Provider may make an Adequate Assurance Request if the Debtors have not satisfied their postpetition payment obligation with respect to the applicable Utility Services in accordance with the terms and conditions of such service, and such payment obligation remains unpaid beyond any applicable grace period for the Utility Service. No disbursement will be made for an Adequate Assurance Request unless the requesting Utility Provider provides notice to: (a) the Debtors, Thrasio Holdings Inc., 85 West Street, 3rd Floor, Walpole, MA, 02081, Attn: Josh Burke and Michael Fahey; (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 Attn: Anup Sathy, P.C. (anup.sathy@kirkland.com) and 601 Lexington Avenue, New York, New York 10022, Attn: Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com), Francis Petrie (francis.petrie@kirkland.com), and Evan Swager (evan.swager@kirkland.com); (c) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Jacob S. Frumkin, Esq. (jfrumkin@coleschotz.com); (d) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (Lauren.Bielskie@usdoj.gov); (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) counsel to the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott Greenberg (sgreenberg@gibsondunn.com) and Joe Zujkowski (jzujkowski@gibsondunn.com); and (g) counsel to the

(Page | 6)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

Administrative Agent under the Revolving Credit Facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 Attn: Nicholas Baker (nbaker@stblaw.com), Philip L. DiDonato (philip.didonato@stblaw.com), and Amy W. Zhou (amy.zhou@stblaw.com) (collectively, the "Notice Parties"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider reaching an alternative resolution. A court order is not required to honor the Adequate Assurance Request in accordance with the Adequate Assurance Procedures or to settle a postpetition payment dispute related to Utility Services. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d.   Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Services List, attached to the Motion as Exhibit C.

e.   Each Utility Provider holding an existing deposit is permitted to maintain its existing deposit in addition to its right to funds in the Adequate Assurance Account. Such Utility Provider may not, absent a separate order granting relief from Section 362 of the Bankruptcy Code, apply such existing deposit to any prepetition amounts owed if there are no outstanding disputes related to postpetition payment.

f.   The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors or the reorganized debtors, as applicable, automatically, without further order of the Court, on the earlier of (i) the Debtors reconciling and paying the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases if there are no outstanding disputes related to postpetition payment.

g.   Any Utility Provider that is not satisfied with the Proposed Adequate Assurance and seeks additional or other assurance of payment must serve a request for additional assurance of future payment (an "Additional

(Page | 7)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

Assurance Request") on the Notice Parties no later than (i) the date that is seven (7) calendar days before Final Hearing, or (ii) in the case of a Subsequently Identified Utility Provider (as defined below), the date that is fourteen (14) days after the date such Subsequently Identified Utility Provider receives notice. Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Additional Assurance Request on the Notice Parties.

h.    Any Adequate Assurance Request or Additional Assurance Request must set forth in writing the following: (i) the location(s) for which the Utility Services are provided and the account number(s) for such location(s), (ii) the outstanding balance for each such account and a summary of the Debtors' payment history relevant to the affected account(s); (iii) evidence that the Debtors have a direct obligation to the Utility Provider; and (iv) explanation why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

i.    The Debtors may without further order from this Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided*, *however* that (i) the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the Notice Parties upon request, and (ii) the Debtors shall consult with the Ad Hoc Group prior to resolving any material Adequate Assurance Request or Additional Assurance Request pursuant to this paragraph 5.i.

j.    Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

(Page | 8)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

k.  Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

l.  If (a) the Debtors determine that the Additional Assurance Request is not reasonable, and the Debtors are unable to reach an alternative resolution with the Utility Provider during the Resolution Period or (b) an objection is received, the Debtors shall request a hearing (a "Determination Hearing") before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree, to determine the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code. Pending final resolution of the Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

m.  The Adequate Assurance Deposit deposited into the Adequate Assurance Account on behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider), or any portion thereof, shall be returned to the Debtors, less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five (5) business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in these chapter 11 cases or (ii) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider will no longer be needed or will be reduced.

6.  The Utility Providers, including those Utility Providers paid by the Landlords, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures. Notwithstanding anything to the contrary herein, nothing in this Interim Order affects the rights and obligations of the Debtors and their landlords under section 365 of the Bankruptcy Code with respect to nonresidential real property leases.

(Page | 9)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

7.     Absent further order of this Court, any landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease, and has been provided notice of the relief provided by this Interim Order, must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

8.     Unless and until a Utility Provider files and serves an Additional Assurance Request in accordance with the Adequate Assurance Procedures and the Court rules otherwise at a Determination Hearing, the Utility Provider shall be (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (b) forbidden from (i) discontinuing, altering, or refusing Utility Services to or discriminating against the Debtors on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance, or (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

9.     Any deposit provided to a Utility Provider by the Debtors prior to the Petition Date must be returned to the Debtors within twenty-one (21) calendar days of receiving a notice that the services provided to the Debtors by such Utility Provider will no longer be needed.

(Page | 10)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

10. Upon the closure of one of the Debtors' locations and the discontinuance of the Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated amount equal to one-half of the Debtors' monthly average cost of services from the applicable Utility Provider and (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have (i) provided such Utility Provider with fourteen (14) days' notice of such reduction and (ii) paid such Utility Provider in full for any outstanding postpetition Utility Services before reducing the Adequate Assurance Deposit. Notice of any reduction of the Adequate Assurance Deposit shall be provided to the Notice Parties.

11. The Debtors are authorized, without notice or further order from the Court, to (a) add any Utility Provider to the Utility Providers List (each, a "Subsequently Identified Utility Provider"), (b) remove any Utility Provider from the Utility Providers List, and (c) add to or subtract from the Adequate Assurance Account the portion of such deposit allocated to any Utility Provider(s) or Subsequently Identified Utility Provider(s); *provided* that the Debtors shall provide fourteen (14) days' notice to any Utility Provider that it is being removed from the Utility Providers List and that its respective Adequate Assurance Deposit will be deducted from the Adequate Assurance Account. Notice of the addition or subtraction of a Utility Provider and/or

(Page | 11)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

the addition or subtraction to the Adequate Assurance Deposit shall be provided to the Notice Parties.  If an objection is received from such Utility Provider(s), the Debtors may request a hearing before this Court regarding such objection.  The Debtors shall not deduct the Adequate Assurance Deposit allocated to any such Utility Provider that the Debtors seek to terminate or delete from the Utility Providers List unless and until the fourteen-day notice period has expired without objection from the respective Utility Provider(s).  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any Subsequently Identified Utility Provider.

12.     The Debtors must (a) serve any Subsequently Identified Utility Provider a copy of the Motion and Interim Order within two (2) business days of such provider being added to the list, (b) allocate additional amounts to the Adequate Assurance Deposit in accordance with the Motion, and (c) provide notice to the Subsequently Identified Utility Provider of its proposed Adequate Assurance.  Notice shall also be provided to the Notice Parties.  Any Subsequently Identified Utility Provider shall (a) be bound to the Adequate Assurance Procedures and (b) have twenty-one (21) days from the date of service of the Motion and the Interim Order to make a request for additional adequate assurance of payment in accordance with the Adequate Assurance Procedures. The Debtors shall supplement Exhibit C to the Motion with the names of any subsequently identified Utility Provider and file the same with the Court.

13.     The Debtors will cause a copy of this Interim Order, including the Adequate Assurance Procedures, to be served on any Subsequently Identified Utility Provider, and any such Utility Provider shall be bound by the Adequate Assurance Procedures.

(Page | 12)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

14.     The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Services List.

15.     The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve their rights to contest whether any entity is a utility for the purposes of section 366 of the Bankruptcy Code.

16.     Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights

(Page | 13)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

17.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

18.     Notwithstanding anything to the contrary in the Motion or this Interim Order, any payment made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

19.     Notwithstanding anything to the contrary in any other Order of this Court, including the DIP Order, the interests of any party, including but not limited to the Debtors' postpetition or

(Page | 14)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

prepetition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interests in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors pursuant to this Interim Order, or as otherwise ordered by the Court.

20. The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

21. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

22. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23. The Debtors shall serve a copy of this Interim Order on all required parties pursuant to Local Rule 9013-5(f).

24. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

25. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

26. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

(Page | 15)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

28.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Exhibit B

**Proposed Final Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>THRASIO HOLDINGS, INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 24-11840 (CMG)<br><br>(Joint Administration Requested) |

## FINAL ORDER (I) APPROVING
## THE DEBTORS' PROPOSED ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY
## SERVICES, (II) PROHIBITING UTILITY PROVIDERS
## FROM ALTERING, REFUSING, OR DISCONTINUING
## SERVICES, AND(III) APPROVING THE DEBTORS' PROPOSED
## PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS

The relief set forth on the following pages, numbered three (3) through fourteen (14), is

**ORDERED**.

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, and (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving the Debtors' Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Providers from altering, refusing, or discontinuing services, and (c) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3.      The following Adequate Assurance Procedures are hereby approved on a final basis:

      a.      The Debtors will serve a copy of this Final Order to each Utility Provider within two (2) business days after entry of this Final Order by the Court.

      b.      Subject to paragraphs (c)–(k) below, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $6,655 in the Adequate Assurance Account.

      c.      A Utility Provider may make an Adequate Assurance Request if the Debtors have not satisfied their postpetition payment obligation with respect to the applicable Utility Services in accordance with the terms and conditions of such service, and such payment obligation remains unpaid beyond any applicable grace period for the Utility Service. No disbursement will be made for an Adequate Assurance Request unless the requesting Utility Provider provides notice to: (a) the Debtors, Thrasio Holdings Inc., 85 West Street, 3rd Floor, Walpole, MA, 02081, Attn: Josh Burke and Michael Fahey; (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 Attn: Anup Sathy, P.C.

(Page | 5)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

(anup.sathy@kirkland.com) and 601 Lexington Avenue, New York, New York 10022, Attn: Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com), Francis Petrie (francis.petrie@kirkland.com), and Evan Swager (evan.swager@kirkland.com); (c) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Jacob S. Frumkin, Esq. (jfrumkin@coleschotz.com); (d) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (Lauren.Bielskie@usdoj.gov); (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) counsel to the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott Greenberg (sgreenberg@gibsondunn.com) and Joe Zujkowski (jzujkowski@gibsondunn.com); and (g) counsel to the Administrative Agent under the Revolving Credit Facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 Attn: Nicholas Baker (nbaker@stblaw.com), Philip L. DiDonato (philip.didonato@stblaw.com), and Amy W. Zhou (amy.zhou@stblaw.com) (collectively, the "Notice Parties"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider reaching an alternative resolution. A court order is not required to honor the Adequate Assurance Request in accordance with the Adequate Assurance Procedures or to settle a postpetition payment dispute related to Utility Services. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d.      Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Services List, attached to the Motion as Exhibit C.

e.      Each Utility Provider holding an existing deposit is permitted to maintain its existing deposit in addition to its right to funds in the Adequate

(Page | 6)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

Assurance Account. Such Utility Provider may not, absent a separate order granting relief from Section 362 of the Bankruptcy Code, apply such existing deposit to any prepetition amounts owed if there are no outstanding disputes related to postpetition payment.

f. The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors or the reorganized debtors, as applicable, automatically, without further order of the Court, on the earlier of (i) the Debtors reconciling and paying the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases if there are no outstanding disputes related to postpetition payment.

g. Any Utility Provider desiring additional or different adequate assurances of payment in the form of deposits, prepayments, increases in the proposed allocable Adequate Assurance amount, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties within thirty (30) days of the Petition Date. Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Additional Assurance Request on the Notice Parties.

h. Any Adequate Assurance Request or Additional Assurance Request must set forth in writing the following: (i) the location(s) for which the Utility Services are provided and the account number(s) for such location(s), (ii) the outstanding balance for each such account and a summary of the Debtors' payment history relevant to the affected account(s); (iii) evidence that the Debtors have a direct obligation to the Utility Provider; and (iv) explanation why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

i. The Debtors may without further order from this Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided*, *however*, that (i) the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the

(Page | 7)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

agreements themselves shall be available to the Notice Parties, upon request, and (ii) the Debtors shall consult with the Ad Hoc Group prior to resolving any material Adequate Assurance Request or Additional Assurance Request pursuant to this paragraph 3.i.

j.  Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

k.  Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

l.  If (a) the Debtors determine that the Additional Assurance Request is not reasonable, and the Debtors are unable to reach an alternative resolution with the Utility Provider during the Resolution Period or (b) an objection is received, the Debtors shall request a hearing (a "Determination Hearing") before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree, to determine the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.  Pending final resolution of the Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

m.  The Adequate Assurance Deposit deposited into the Adequate Assurance Account on behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider), or any portion thereof, shall be returned to the Debtors, less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five (5) business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in these chapter 11 cases or (ii) the Debtors provide notice to a Utility Provider that services provided to the

(Page | 8)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

Debtors by such Utility Provider will no longer be needed or will be reduced.

4.     The Utility Providers, including those Utility Providers paid by the Landlords, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.  Notwithstanding anything to the contrary herein, nothing in this Final Order affects the rights and obligations of the Debtors and their landlords under section 365 of the Bankruptcy Code with respect to nonresidential real property leases.

5.     Absent further order of this Court, any landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

6.     Unless and until a Utility Provider files and serves an Additional Assurance Request in accordance with the Adequate Assurance Procedures and the Court rules otherwise at a Determination Hearing, the Utility Provider shall be (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (b) forbidden from (i) discontinuing, altering, or refusing Utility Services to or discriminating

(Page | 9)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

against the Debtors on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance, or (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

7.      Any deposit provided to a Utility Provider by the Debtors prior to the Petition Date must be returned to the Debtors within twenty-one (21) calendar days of receiving a notice that the services provided to the Debtors by such Utility Provider will no longer be needed.

8.      Upon the closure of one of the Debtors' locations and the discontinuance of the Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated amount equal to one-half of the Debtors' monthly average cost of services from the applicable Utility Provider and (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have (i) provided such Utility Provider with fourteen (14) days' notice of such reduction and (ii) paid such Utility Provider in full for any outstanding postpetition Utility Services before reducing the Adequate Assurance Deposit.  Notice of any reduction of the Adequate Assurance Deposit shall be provided to the Notice Parties.

9.      The Debtors are authorized, without notice or further order from the Court, to (a) add any Utility Provider to the Utility Providers List (each, a "Subsequently Identified Utility

(Page | 10)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

Provider"), (b) remove any Utility Provider from the Utility Providers List, and (c) add to or subtract from the Adequate Assurance Account the portion of such deposit allocated to any Utility Provider(s) or Subsequently Identified Utility Provider(s); *provided* that the Debtors shall provide fourteen (14) days' notice to any Utility Provider that it is being removed from the Utility Providers List and that its respective Adequate Assurance Deposit will be deducted from the Adequate Assurance Account. Notice of the addition or subtraction of a Utility Provider and/or the addition or subtraction to the Adequate Assurance Deposit shall be provided to the Notice Parties. If an objection is received from such Utility Provider(s), the Debtors may request a hearing before this Court regarding such objection. The Debtors shall not deduct the Adequate Assurance Deposit allocated to any such Utility Provider that the Debtors seek to terminate or delete from the Utility Providers List unless and until the fourteen-day notice period has expired without objection from the respective Utility Provider(s). The terms of this Final Order and the Adequate Assurance Procedures shall apply to any Subsequently Identified Utility Provider.

10.     The Debtors must (a) serve any Subsequently Identified Utility Provider a copy of the Motion and Final Order within two (2) business days of such provider being added to the list, (b) allocate additional amounts to the Adequate Assurance Deposit in accordance with the Motion, and (c) provide notice to the Subsequently Identified Utility Provider of its proposed Adequate Assurance. Notice shall also be provided to the Notice Parties. Any Subsequently Identified Utility Provider shall (a) be bound to the Adequate Assurance Procedures and (b) have twenty-one

(Page | 11)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

(21) days from the date of service of the Motion and the Final Order to make a request for additional adequate assurance of payment in accordance with the Adequate Assurance Procedures.

11.   The Debtors will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on any Subsequently Identified Utility Provider, and any such Utility Provider shall be bound by the Adequate Assurance Procedures.

12.   The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Services List.

13.   The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve their rights to contest whether any entity is a utility for the purposes of section 366 of the Bankruptcy Code.

14.   Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order;

(Page | 12)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

(e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

15.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

16.     Notwithstanding anything to the contrary in the Motion or this Final Order, any payment made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of *Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein

(Page | 13)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

17. Notwithstanding anything to the contrary in any other Order of this Court, including the DIP Order, the interests of any party, including but not limited to the Debtors' postpetition or prepetition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interests in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors pursuant to this Final Order, or as otherwise ordered by the Court.

18. The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

19. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

(Page | 14)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS |

23.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## **Exhibit C**

**Utility Services List**

| Utility Provider | Utility Provider's Address | Utility Service(s) Provided | Account Number(s) | Half of Average Monthly Expenditure | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Comcast Business | PO Box 37601 Philadelphia, PA 19101-0601 | Internet Service Provider | 939055610 | $4,100 | $4,510 |
| The Avail Group | 137 Townsend Drive Middletown, NJ 07748 | Internet Service Provider | N/A | $1,950 | $2,145 |