**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Joint Administration Requested) |

## DEBTORS' MOTION FOR
## ENTRY OF INTERIM AND FINAL ORDERS
## AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio. The Debtors' service address in these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final

Order"), authorizing the Debtors to (a) negotiate, remit, and pay (or use tax credits to offset) Taxes

and Fees (as defined below) in the ordinary course of business that are payable or become payable

during these chapter 11 cases, including obligations arising on account of an Audit (as defined

below) or Assessment (as defined below), without regard to whether such obligations accrued or

arose before, on, or after the Petition Date (as defined below), and (b) undertake the Tax Planning

Activities (as defined below).  In addition, the Debtors request that the Court schedule a final

hearing within approximately thirty (30) days after the commencement of these chapter 11 cases

to consider entry of the Final Order.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of

Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

---

[2]    A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the
Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Josh Burke, Chief Financial Officer
of Thrasio Holdings, Inc., in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously
with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code
(the "Bankruptcy Code"), on February 28, 2024 (the "Petition Date").  Capitalized terms used but not otherwise
defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), 541, and 1107 of the Bankruptcy Code, rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5.      On the Petition Date, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## Taxes and Fees Overview

6.      In the ordinary course of business, the Debtors collect, withhold, and incur: (a) income taxes; (b) franchise taxes; (c) property taxes; (d) sales and use taxes; (e) goods and services taxes (collectively, "GST"); (f) value-added taxes and related fees ("VAT"); (g) customs and import duties; (h) regulatory taxes and fees, as well as other governmental taxes, fees, assessment, interest, penalties, and additions to tax; and (i) fees to various third party tax services providers (collectively, the "Taxes and Fees").[3]  The Debtors pay or remit, as applicable, the Taxes and Fees to various governmental authorities (each, an "Authority," and collectively,

---

[3]   This Motion does not seek relief with respect to the Debtors' collection and remittance of employee-related taxes and withholdings, which are instead addressed in the *Debtor's Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (II) Continue Employee Benefits Programs*, filed contemporaneously herewith.

the "Authorities") on a periodic basis (monthly, quarterly, semi-annually, or annually) depending on the nature and incurrence of a particular Tax or Fee and as required by applicable laws and regulations.  A schedule identifying the Authorities is attached hereto as **Exhibit C**.[4]  The Debtors generally, but not exclusively, pay and remit Taxes and Fees through electronic transfers that are processed through their banks and other financial institutions or service providers.  From time to time, the Debtors may also receive tax credits for overpayments or refunds with respect to Taxes and Fees.  The Debtors generally use these credits in the ordinary course of business to offset against future Taxes and Fees or cause the amount of such credits to be refunded to the Debtors.

7.      Additionally, the Debtors are subject to, and may become subject to further routine audit investigations on account of tax returns and/or tax obligations ("Audits") during these chapter 11 cases.  Audits may result in additional prepetition Taxes and Fees being assessed against the Debtors (such additional Taxes and Fees, "Assessments").[5]  Critically, in certain of the jurisdictions where the Debtors operate, the Debtors must be able to accept a proposed resolution of an Audit and make a payment with respect to such resolution in a timely manner.  The Debtors seek authority to pay or remit tax obligations on account of any Assessments as they arise in the ordinary course of the Debtors' business, including as a result of any resolutions of issues addressed in an Audit.

8.      The Debtors seek authority to pay and remit all prepetition and postpetition obligations on account of Taxes and Fees, including:  (a) Taxes and Fees that accrue or are incurred

---

[4]     Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit C**.  The Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified in **Exhibit C**.

[5]     Nothing in this Motion, or any related order, constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Assessment.  The Debtors expressly reserve all rights with respect to any Audit and the right to contest any Assessments claimed to be due as a result of any Audit.

postpetition; (b) Taxes and Fees that have accrued or were incurred prepetition but were not paid prepetition, or were paid in an amount less than actually owed; (c) payments made by the Debtors prepetition that were lost or otherwise not received in full by any of the Authorities; and (d) Taxes and Fees incurred for prepetition periods that become due and payable after the commencement of these chapter 11 cases, including as a result of Audits.  In addition, for the avoidance of doubt, the Debtors seek authority to pay Taxes and Fees for so-called "straddle" periods.[6]

9.      Finally, the Debtors seek authority to undertake certain typical activities related to tax planning, and to pay Taxes and Fees related thereto, including (a) converting Debtor entities from one form to another (*e.g.*, converting an entity from a corporation to a limited liability company) via conversion, merger, or otherwise ("Entity Conversions"); (b) making certain tax elections (including with respect to the tax classification of Debtor entities) ("Entity Classification Elections"); (c) changing the position of Debtor entities within the Debtors' corporate structure ("Entity Movements"); and (d) modifying or resolving intercompany claims and moving assets or liabilities among Debtor entities if doing so will not alter the substantive rights of the Debtors' stakeholders in these chapter 11 cases ("Asset and Liability Movements" and, together with the Entity Conversions, Entity Classification Elections, and Entity Movements, the "Tax Planning Activities").

10.     The Debtors estimate that approximately $10,067,000 in Taxes and Fees is outstanding as of the Petition Date:[7]

---

[6]   The Debtors reserve their rights with respect to the proper characterization of any "straddle" Taxes and Fees and to seek reimbursement of any portion of any payment made that ultimately is not entitled to administrative or priority treatment.

[7]   The Debtors cannot predict the amounts of any potential Assessments that may result from Audits, if any. Accordingly, the Debtors' estimate of outstanding Taxes and Fees as of the Petition Date does not include any amounts relating to potential Assessments.

| Category | Description | Approximate Amount Accrued and Unpaid as of Petition Date |
|---|---|---|
| Income Taxes | The Debtors pay income, withholding, or similar taxes to federal, state, and local Authorities in the United States, as well as to multiple Authorities outside of the United States. The amount of income taxes incurred is based on the jurisdictions in which the Debtors do business, generally payable on a quarterly basis. | $0 |
| Franchise Taxes | The Debtors pay certain franchise taxes that are required for the Debtors to conduct business in the ordinary course and comply with state and local laws. Such franchise taxes are accrued and paid on a quarterly or annual basis. | $1,600,000 |
| Property Taxes | The Debtors incur taxes related to certain real and personal property holdings, payable as such taxes come due in the ordinary course of business, on either a quarterly or annual basis. | $7,000 |
| Sales and Use Taxes, GST, and VAT | The Debtors collect and remit sales taxes, use taxes, GST, VAT, and related taxes and fees to the Authorities in various jurisdictions in connection with the sale of goods or services in such jurisdictions. Generally, the Debtors accrue sales taxes, use taxes, GST, and VAT to the relevant Authorities monthly and remit or pay such taxes monthly, quarterly, or annually. | $2,500,000 |
| Customs and Import Duties | The Debtors remit taxes and related fees to Authorities imposed for importing goods from outside the United States. | $5,900,000 |
| Regulatory and Other Taxes and Fees | The Debtors pay Taxes and Fees related to compliance with regulatory requirements, including periodic licensing, permitting, reporting, and similar requirements, generally payable on an annual basis, depending on the specific Tax or Fee. | $40,000 |
| Tax Services Providers | The Debtors pay Taxes and Fees related to their use of third-party tax service providers in the ordinary course of business. Such services include, among others, calculating Sales and Use Taxes, GST, and VAT and remitting taxes to the Authorities on the Debtors' behalf. | $20,000 |
| **Total:** | | **$10,067,000** |

11.     Any failure by the Debtors to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways, including (but not limited to):  (a) the Authorities may initiate Audits of the Debtors, which would unnecessarily divert the Debtors' attention from these chapter 11 cases; (b) the Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and/or pursue other remedies that will harm the Debtors' estates; and (c) in certain instances, certain of the Debtors' directors and officers could be subject to claims of personal liability, which would likely distract those key individuals from their duties related to the Debtors' chapter 11 cases.  Taxes and Fees not paid on the due date as required by law may result in fines and penalties, the accrual of interest, or both.  In addition, nonpayment of the Taxes and Fees may give rise to priority claims under section 507(a)(8) of the Bankruptcy Code. The Debtors also collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Authorities, and these funds may not constitute property of the Debtors' estates. Risking any of these negative outcomes is unnecessary.  Accordingly, the Debtors seek authority to pay the Taxes and Fees and Assessments as they become due, and to engage in Tax Planning Activities, as necessary.

**I.      Income Taxes.**

12.     The Debtors incur and are required to pay the relevant Authorities various state, local, federal, and foreign income taxes, as applicable (collectively, the "Income Taxes"), in the jurisdictions where the Debtors operate.  The Debtors generally remit Income Taxes to relevant Authorities in accordance with the statutory requirements of each applicable jurisdiction (*e.g.*, on a quarterly basis).  In some jurisdictions, the Debtors remit to the relevant Authorities estimated amounts with respect to Income Taxes, resulting in tax credits or overpayments that may be refunded to the Debtors in certain circumstances.  In 2023, the Debtors remitted approximately $1,100,000 in Income Taxes to the applicable Authorities.

13.     As of the Petition Date, the Debtors estimate that they do not owe any prepetition amounts to the applicable Authorities on account of the Income Taxes.  Nevertheless, out of an abundance of caution the Debtors request authority to satisfy any amounts owed on account of such Income Taxes that are due and owing as of the Petition Date or may become due and owing in the ordinary course of business during these chapter 11 cases.

## II.     Franchise Taxes.

14.     The Debtors are required to pay various franchise taxes in the ordinary course to conduct their businesses pursuant to state and local laws (the "Franchise Taxes").  Franchise Taxes are generally accrued and paid quarterly or annually.  In 2023, the Debtors remitted approximately $2,000,000 in Franchise Taxes to the applicable Authorities.

15.     As of the Petition Date, the Debtors owe approximately $1,600,000 of such Franchise Taxes to the applicable Authorities.  The Debtors request authority to satisfy any amounts owed on account of such Franchise Taxes that are due and owing as of the Petition Date or may become due and owing in the ordinary course of business during these chapter 11 cases.

## III.     Property Taxes.

16.     State and local laws in various jurisdictions generally grant Authorities the power to levy property taxes against the Debtors' properties, and the Debtors pay property taxes in such various jurisdictions on account of the Debtors' real and personal property located in such jurisdictions (collectively, the "Property Taxes").  To avoid the imposition of statutory liens on their real and personal property, the Debtors pay the Property Taxes in the ordinary course of business as they accrue or on a monthly, quarterly, or annual basis.  In 2023, the Debtors remitted approximately $7,000 in Property Taxes to the applicable Authorities.

17.     As of the Petition Date, the Debtors estimate that approximately $7,000 in Property Taxes will have accrued and remain unpaid to the relevant Authorities.  The Debtors request

authority to satisfy any amounts owed on account of such Property Taxes that are due and owing

as of the Petition Date or that may become due and owing in the ordinary course of business during

these chapter 11 cases.

**IV.    Sales and Use Taxes, GST, and VAT.**

18.    The Debtors operate international businesses with operations in North America,

Europe, Asia, and Australia.  In connection with these operations, the Debtors incur, collect, and

remit to relevant Authorities sales and use taxes, GST, and VAT to the Authorities for the sale,

purchase, and use of goods and services, and the value added to such goods and services (including

interest and penalties on any late payments, collectively, the "Sales and Use Taxes, GST, and

VAT").  Sales and Use Taxes, GST, and VAT are general consumption taxes charged at either the

point of purchase for goods and services or the point of sale of goods and services, which are

usually set by the relevant Authority as a percentage of the retail price of the good or service

purchased.  In some jurisdictions, the Debtors remit to relevant Authorities estimated amounts with

respect to Sales and Use Taxes, GST, and VAT, resulting in tax credits or overpayments that may

be refunded to the Debtors in certain circumstances.  When Sales and Use Taxes, GST, and VAT

are incurred at the point of purchase, vendors frequently include the applicable Sales and Use

Taxes, GST, and VAT on the invoices payable by the Debtors.  The process by which the Debtors

remit Sales and Use Taxes, GST, and VAT varies depending on the Authority.  The Debtors

generally accrue Sales and Use Taxes, GST, and VAT monthly and remit such taxes either

monthly, quarterly, or annually, depending on the Authority.  The process by which the Debtors

remit Sales and Use Taxes, GST, and VAT varies depending on the Authority.  In 2023, the

Debtors remitted approximately $5,000,000 in aggregate Sales and Use Taxes, GST, and VAT to

the Authorities.

19.     As of the Petition Date, the Debtors estimate that they have incurred or collected

approximately $2,500,000 in Sales and Use Taxes, GST, and VAT that have not been remitted to

the relevant Authorities.[8]  The Debtors request authority to satisfy any amounts owed on account

of such Sales and Use Taxes, GST, and VAT that are due and owing as of the Petition Date or may

become due and owing in the ordinary course of business during these chapter 11 cases.

**V.      Customs and Import Duties.**

20.     The Debtors incur certain duty and excise taxes related to the purchase and sale of

goods from or in foreign jurisdictions (the "Customs and Import Duties").  In 2023, the Debtors

paid approximately $11,200,000 in aggregate Customs and Import Duties to the applicable

Authorities.  As of the Petition Date, the Debtors estimate that they have incurred or accrued, but

have not remitted, approximately $5,900,000[9] in Customs and Import Duties.  Customs and Import

Duties are necessary for the Debtors to operate their businesses in foreign jurisdictions.  The

Debtors request authority to satisfy any amounts owed on account of such Customs and Import

Duties that may become due and owing in the ordinary course of business during these chapter 11

cases.

---

[8]     Certain authorities require the Debtors to remit outstanding Sales and Use Taxes, GST, and VAT to third-party vendors that in turn remit such Sales and Use Taxes, GST, and VAT to the applicable Authorities on behalf of the Debtors.  For the avoidance of doubt, the Debtors request authority herein to remit such Sales and Use Taxes, GST, and VAT to the applicable third-party vendors to then in turn remit Sales and Use Taxes, GST, and VAT to the applicable Authorities on behalf of the Debtors.

[9]     The Debtors are in ongoing litigation with the U.S. Customs and Border Protection to dispute a $5 million anti-dumping tax (the "Anti-Dumping Tax").  Out of the abundance of caution, the Debtors have accrued the Anti-Dumping Tax on their books and records.  Accordingly, to the extent the Debtors are unsuccessful in disputing the Anti-Dumping Tax the Debtors request authority to remit the Anti-Dumping Tax in the ordinary course of business.  For the avoidance of doubt, the term "Customs and Import Duties," as used in this Motion, the Interim Order and the Final Order, shall include Anti-Dumping Tax.  Nothing in this Motion, or any related order, constitutes or should be construed as an admission of liability by the Debtors with respect to the Anti-Dumping Tax.  The Debtors expressly reserve all rights with respect to the Anti-Dumping Tax.

## VI.    Regulatory and Other Taxes and Fees.

21.    The Debtors incur, in the ordinary course of business, certain regulatory assessments, permitting, licensing and other operational taxes and fees, including fees related to certain regulations, and other miscellaneous taxes and fees (collectively, "Regulatory and Other Taxes and Fees").  The Debtors generally remit Regulatory and Other Taxes and Fees to the relevant Authorities on an annual basis.  In 2023, the Debtors have paid approximately $95,000 in Regulatory and Other Taxes and Fees.

22.    As of the Petition Date, the Debtors estimate that approximately $40,000 in Regulatory and Other Taxes and Fees will have accrued and remain unpaid to the relevant Authorities.  The Debtors request authority to satisfy any amounts owed on account of such Regulatory and Other Taxes and Fees that are due and owing as of the Petition Date and may become due and owing in the ordinary course of business during these chapter 11 cases.

## VII.    Tax Service Providers.

23.    The Debtors use, in the ordinary course of business, third-party tax service providers, including Thomson Reuters Corporation, Avalara, Inc. and CT Corporation System (collectively, the "Tax Service Providers") to facilitate payment of certain Taxes and Fees.  Such services include, among others, calculating Sales and Use Taxes and remitting taxes to the Authorities on the Debtors' behalf.  In 2023, the Debtors paid approximately $400,000 in aggregate fees to the Tax Service Providers.  As of the Petition Date, the Debtors estimate that they owe approximately $20,000 in prepetition amounts owed to the Tax Services Providers.  Accordingly, the Debtors seek authority to satisfy any fees or amounts owed on account of services provided by such Tax Service Providers that are due and owing as of the Petition Date or that may become due and owing in the ordinary course of business during these chapter 11 cases.

24.     The Debtors believe that continuing the services of Tax Service Providers is necessary to assure the Debtors' compliance with the taxing requirements of various Authorities. Additionally, the services of Tax Service Providers reduce the risk of having to pay reinstatement fees, penalties, or interest on missed payments.  Accordingly, pursuant to the Order, the Debtors request authority to continue paying the Tax Service Providers' fees in the ordinary course of business during these chapter 11 cases.

**VIII.   Audits.**

25.     The Debtors are currently subject to certain Audit investigations and may be subject to future Audits, which may result in additional prepetition Taxes and Fees being assessed against the Debtors during the pendency of these chapter 11 cases.  Specifically, Massachusetts tax authorities commenced an Audit on Debtor Thrasio Holdings, Inc. and certain of its subsidiaries regarding certain income tax payments during the 2020 and 2021 taxable years.  Furthermore, German tax authorities commenced an Audit regarding the VAT payments of non-Debtor Bonstato GmbH and Debtor Toxaris Ltd.  Such Audits may result in additional prepetition Taxes and Fees being assessed against the Debtors during the pendency of these chapter 11 cases.

26.     As of the Petition Date, the Debtors do not believe they owe any amounts on account of the Audits or with respect to financial reserve positions for potential exposures in connection with current or future Audits.  Nevertheless, out of abundance of caution, the Debtors seek authority to pay or remit tax obligations on account of Audits as they arise in the ordinary course of the Debtors' business, including as a result of any resolutions of issues addressed in an Audit.

**Basis for Relief**

## I.  Certain Taxes and Fees May Not Be Property of the Debtors' Estates.

27.  Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  11 U.S.C. § 541(d).  Certain Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors.  *See, e.g.*, 26 U.S.C. § 7501 (stating that certain taxes and fees are held in trust); *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that certain taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (holding that a sales tax required by state law to be collected by seller from their customers is a "trust fund" tax and not released by bankruptcy discharge).  For example, all U.S. federal internal revenue tax withheld is considered to be held in a special fund in trust for the United States.  *Begier*, 496 U.S. at 60.  Because the Debtors may not have an equitable interest in funds held on account of such "trust fund" Taxes and Fees, the Debtors should be permitted to pay those funds to the applicable Authorities as they come due.[10]

## II.  Certain Taxes and Fees May Be Priority Claims Entitled to Priority Treatment Under the Bankruptcy Code.

28.  Claims on account of certain Taxes and Fees may be priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to

---

[10]  For clarity, the Debtors are requesting authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

priority treatment).  To the extent that such amounts are entitled to priority treatment under the

Bankruptcy Code, the respective Authorities may attempt to assess fees, interest, and penalties if

such amounts are not paid.  *See id.* § 507(a)(8)(G) (granting eighth priority status to "a penalty

related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary

loss").  Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code

must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy

Code.  Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of

the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of

junior creditors.  *See In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 369 (Bankr. S.D. Tex. 2000)

("[C]ertain types of claims enjoy a priority status in addition to being sometimes critical to the

ongoing nature of the business.  For instance . . . certain tax claims are both priority claims in

whole or in part.  The need to pay these claims in an ordinary course of business time-frame is

simple common sense.").  Payment of such Taxes and Fees will likely give Authorities no more

than that to which they otherwise would be entitled under a chapter 11 plan of reorganizations and

will save the Debtors the potential interest expense, legal expense, and penalties that might

otherwise accrue on the Taxes and Fees during these chapter 11 cases.

### III.    Payment of Taxes and Fees and Undertaking the Tax Planning Activities as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment.

29.     Courts have recognized that it is appropriate to authorize the payment of prepetition

obligations where necessary to protect and preserve the estate, including an operating business's

going-concern value.  *See In re Just for Feet, Inc.*, 242 B.R. 821, 825–26 (D. Del. 1999); *see also*

*In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re Ionosphere Clubs, Inc.*,

98 B.R. 174, 175–76 (Bankr. S.D.N.Y. 1989).  In so doing, these courts acknowledge that several

legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment
of prepetition claims.

30.     Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and
a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business,
property of the estate[.]"  11 U.S.C. § 363(b)(1).  "In determining whether to authorize the use,
sale or lease of property of the estate under this section, courts require the debtor to show that a
sound business purpose justifies such actions." *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward
Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999)
(collecting cases).

31.     Courts also authorize payment of prepetition claims in appropriate circumstances
based on section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code codifies
a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is
necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under
section 105(a), courts may authorize pre-plan payments of prepetition obligations when essential
to the continued operation of a debtor's businesses. *See In re Just for Feet*, 242 B.R. at 825−26.
Specifically, a court may use its power under section 105(a) of the Bankruptcy Code to authorize
payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as
the "doctrine of necessity").  A bankruptcy court's use of its equitable powers to "authorize the
payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the
debtor is not a novel concept." *In re Ionosphere Clubs*, 98 B.R. at 175–76 (citing *Miltenberger v.
Logansport, C. & S.W. Ry. Co.*, 106 U.S. 286 (1882)).  The Bankruptcy Code authorizes the
postpetition payment of prepetition claims when the payments are critical to preserving the
going-concern value of the debtor's estate, as is the case here. *See, e.g., In re CoServ*, 273 B.R.

at 497 ("[I]t is only logical that the bankruptcy court be able to use [s]ection 105(a) of the [Bankruptcy] Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate."). Indeed, at least one court has recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *Id.*

32. The Debtors' timely payment of the Taxes and Fees is critical to their continued and uninterrupted operations. If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting such key personnel from the administration of these chapter 11 cases. *See, e.g.*, *Schmehl v. Helton*, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes); *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (citing *United States v. Energy Res. Co.*, 495 U.S. 545 (1990)) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for unpaid taxes). Any collection action on account of such amounts, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of the Debtors' estates and all parties in interest. The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and the orderly administration and ultimately the success of these chapter 11 cases.[11]

---

[11] Nothing herein is a concession that the Debtors' officers, directors, or employees would have personal liability for unpaid taxes. However, the threat of such collection efforts, even if ultimately unwarranted, would be a critical distraction. In addition, such individuals may be entitled to indemnification by the Debtors' estates which would be an unnecessary cost to incur.

33.     Additionally, the Debtors' failure to timely pay Taxes and Fees may result in increased tax liability for the Debtors if interest and penalties accrue on the unpaid Taxes and Fees. Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders. Accordingly, the Court should authorize the Debtors to pay all prepetition and postpetition obligations on account of Taxes and Fees, including any Assessments, and undertake the Tax Planning Activities.

34.     Courts in this district and elsewhere routinely approve relief similar to that requested herein.   *See, e.g.*, *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024) (authorizing debtors to pay prepetition taxes and fees in the ordinary course of business and undertake tax planning activities on an interim basis); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Jan. 24, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 8, 2023) (authorizing debtors to pay prepetition taxes and fees in the ordinary course of business and undertake tax planning activities on a final basis); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 18, 2023) (same); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 29, 2023) (same).[12]

**Processing of Checks and Electronic Fund Transfers Should Be Authorized**

35.     The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor-in-possession financing, and anticipated access to cash collateral.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to any authorized payment in respect of the relief requested herein.

---

[12]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently.   Therefore, the Debtors respectfully request that the Court authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

36.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one (21) days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first thirty (30) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Payment of the Taxes and Fees and Assessments is vital to a smooth transition into chapter 11.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

37.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Waiver of Memorandum of Law

38.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**Reservation of Rights**

39.     Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**No Prior Request**

40.     No prior request for the relief sought in this Motion has been made to this or any other court.

**Notice**

41.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the Office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group; (d) counsel to the Administrative Agent

under the Revolving Credit Facility; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; (g) the attorneys general in the states where the Debtors conduct their business operations; (h) the U.S. Securities and Exchange Commission; (i) the Authorities; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and

Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively,

and granting such other relief as is just and proper.

Dated: February 28, 2024

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            jfrumkin@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>THRASIO HOLDINGS, INC., *et al.*,<br><br>                  Debtors.[1] | Chapter 11<br><br>Case No. 24-11840 (CMG)<br><br>(Joint Administration Requested) |

## INTERIM ORDER
## AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES

The relief set forth on the following pages, numbered three (3) **t**hrough eight (8), is

**ORDERED**.

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

Upon the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Payment of Certain Taxes and Fees* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) negotiate, remit, and pay (or use tax credits to offset) prepetition Taxes and Fees and postpetition Taxes and Fees as they become due and owing in the ordinary course of business that become payable during these chapter 11 cases, including obligations arising on account of an Audit or Assessment, and (ii) undertake the Tax Planning Activities; and (b) scheduling a final hearing (the "Final Hearing") to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY**

**ORDERED THAT:**

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____, 2024 at _____

**(prevailing Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served

so as to be actually received by the Debtors' proposed counsel on or before _____,

**2024 at 4:00 p.m. (prevailing Eastern Time)**.  If no objections are filed to the Motion, the Court

may enter an order approving the relief requested in the Motion on a final basis without further

notice or hearing.

3.      The Debtors are authorized on an interim basis to:  (a) negotiate, pay, and remit

(or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding

Assessments) that arose or accrued prior to the Petition Date and that will become due and owing

in the ordinary course of business until the date a Final Order on the Motion is entered; and

(b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the

ordinary course of business during the interim period on a postpetition basis—until the date a

Final Order on the Motion is entered, including, for the avoidance of doubt, posting collateral or a

letter of credit in connection with any dispute related to the Audits or Assessments or paying any

Taxes and Fees arising as a result of the Audits or Assessments; *provided* that notwithstanding

anything to the contrary herein or in the Motion, in the event the Debtors make a payment with

respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court

subsequently determines such amount was not entitled to priority or administrative treatment under

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

4.    To the extent the Debtors pay any Taxes and Fees on behalf of certain of their non-Debtor affiliates, the Debtors are authorized to continue paying in the ordinary course of business during these chapter 11 cases, including any prepetition amounts related thereto, consistent with historical practices, *provided* that the Debtors keep clear records of all such payments.

5.    The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

6.    Notwithstanding anything to the contrary herein or in the Motion, the Debtors are authorized to file amended tax returns, including for prepetition periods, and pay any Taxes and Fees in connection therewith.

7.    Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of or enhance the status of any claim held by any of the Authorities.

8.    Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due and for the avoidance of doubt, the Debtors shall not pay any Taxes and Fees before such Taxes and Fees are due to the applicable Authority.

9.    To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

10.    The Debtors, in consultation with the Ad Hoc Group, are authorized to undertake the Tax Planning Activities as set forth in the Motion *provided, however,* that the Debtors will give

(Page | 6)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

the U.S. Trustee and advisors to any statutory committee appointed in these chapter 11 cases five (5) business days' notice before effectuating any such Tax Planning Activity, during which time the U.S. Trustee or any such statutory committee may object to such Tax Planning Activities and request a hearing before the Court.

11.     The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to Audits that have been completed, are in progress, or arise from prepetition periods.

12.     Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

(Page | 7)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

13.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

14.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

15.     Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

(Page | 8)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

16.     The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

20.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

21.     The Debtors shall serve a copy of this Interim Order on all required parties pursuant to Local Rule 9013-5(f).

22.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **Exhibit B**

### **Proposed Final Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>THRASIO HOLDINGS, INC., *et al.*,<br><br>                          Debtors.[1] | Chapter 11<br><br>Case No. 24-11840 (CMG)<br><br>(Joint Administration Requested) |

## FINAL ORDER AUTHORIZING
## THE PAYMENT OF CERTAIN TAXES AND FEES

      The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

Upon the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Payment of Certain Taxes and Fees* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), authorizing the Debtors to (i) negotiate, remit, and pay (or use tax credits to offset) prepetition Taxes and Fees and postpetition Taxes and Fees as they become due and owing in the ordinary course of business that become payable during these chapter 11 cases including obligations arising on account of an Audit or Assessment, and (ii) undertake the Tax Planning Activities, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors; and the Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized on a final basis to:  (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the interim period; and (b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees arising as a result of the Audits or Assessments; *provided* that notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

3.      The Debtors are authorized to continue paying Taxes and Fees on behalf of certain of their non-Debtor affiliates, including any prepetition amounts related thereto, in the ordinary course of business during these chapter 11 cases, consistent with historical practices.

4.      The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

5.      Notwithstanding anything to the contrary herein or in the Motion, the Debtors are authorized to file amended tax returns, including for prepetition periods, and pay any Taxes and Fees in connection therewith.

(Page | 5)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

6.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

7.      Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due and, for the avoidance of doubt, the Debtors shall not pay any Taxes and Fees before such Taxes and Fees are due to the applicable Authority.

8.      To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

9.      The Debtors, in consultation with the Ad Hoc Group, are further authorized to undertake the Tax Planning Activities, as more fully described in the Motion.

10.     The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to Audits that have been completed, are in progress, or arise from prepetition periods.

11.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12.     Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or

(Page | 6)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

13.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

14.     Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* filed

(Page | 7)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES |

substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## **Exhibit C**

**Authorities**

**Authorities**

| Tax Authority | Tax Type | Address |
|---|---|---|
| Alabama | Corporate Income and Franchise Tax | Alabama Department of Revenue Legal Division P.O. Box 320001 Montgomery, AL 36132-0001 |
| Alaska | Corporate Income Tax | Tax Division Alaska Department of Revenue P.O. Box 110420 Juneau, AK 99811-0420 |
| Arkansas | Corporate Income Tax | Revenue Legal Counsel Ledbetter Building 1816 W 7th St, Rm 2380 Little Rock, AR 72201 |
| Arizona | Corporate Income Tax | Arizona Department of Revenue 1600 West Monroe Street Phoenix, AZ 85007 |
| California | Corporate Income and Franchise Tax | Franchise Tax Board Business Entity Bankruptcy MS A345 PO Box 2952 Sacramento CA 95812-2952 |
| Colorado | Corporate Income Tax | Colorado Department of Revenue Bankruptcy Section PO Box 17087 Denver, CO 80217-0087 |
| Connecticut | Corporate Income Tax | Department of Revenue Services 450 Columbus Boulevard, Suite 1 Hartford, Connecticut 06103 Attn: Bankruptcy Notice |
| Delaware | Corporate Income and Franchise Tax | Delaware Division of Revenue P.O. Box 8763 Wilmington, DE 19899-8763 |
| DC | Corporate Income and Franchise Tax | Office of Tax and Revenue Compliance Administration Collection Division PO Box 37559 Washington, DC 20013 |
| Florida | Corporate Income Tax | Florida Department of Revenue P. O. Box 6668 Tallahassee, FL 32314-6668 |
| Georgia | Corporate Income and Net Worth Tax | Georgia Department of Revenue Compliance Division - Central Collection Section |

| Tax Authority | Tax Type | Address |
|---|---|---|
| | | 1800 Century Blvd NE, Suite 9100 Atlanta, GA 30345-3202 |
| Hawaii | Corporate Income Tax | State of Hawaii Department of Taxation P.O. Box 259 Honolulu, HI 96809-0259 |
| Iowa | Corporate Income Tax | Iowa Department of Revenue PO Box 10330 Des Moines, IA 50306-0330 |
| Idaho | Corporate Income Tax | Attn: Payment Plan Desk, Compliance Division Idaho State Tax Commission PO Box 36 Boise ID 83722-0036 |
| Illinois | Corporate Income Tax | Illinois Department of Revenue Bankruptcy Unit PO Box 19035 Springfield, IL 62794-9035 |
| Indiana | Corporate Income Tax | Indiana Department of Revenue PO Box 7206 Indianapolis, IN 46207-7206 |
| Kansas | Corporate Income Tax | Kansas Department of Revenue Corporate Tax PO Box 750260 Topeka, KS 66699-0260 |
| Kentucky | Franchise Tax | Legal Support Branch - Bankruptcy Kentucky Department of Revenue P.O. Box 5222 Frankfort, KY 40602 |
| Louisiana | Corporate Income and Franchise Tax | Louisiana Department of Revenue Attn: Collection Division, Bankruptcy Section Post Office Box 201 Baton Rouge, LA 70821-0201 |
| Massachusetts | Corporate Income and Franchise Tax | Massachusetts Department of Revenue Bankruptcy Unit P.O. Box 7090 Boston, MA 02204-7090 |
| Maryland | Corporate Income Tax | Comptroller of Maryland Revenue Administration Division 110 Carroll Street Annapolis, MD 21411-0001 |

| Tax Authority | Tax Type | Address |
|---|---|---|
| Maine | Corporate Income Tax | Maine Revenue Services<br>Compliance Division<br>P.O. Box 1060<br>Augusta, ME 04332-1060 |
| Michigan | Corporate Income Tax | Michigan Department of Treasury<br>Collection/Bankruptcy Unit<br>P.O. Box 30168<br>Lansing, MI 48909 |
| Minnesota | Franchise Tax | Minnesota Revenue<br>Collection Division<br>P.O. Box 64564<br>St. Paul, MN 55164-0564 |
| Mississippi | Corporate Income Tax | Mississippi Department of Revenue<br>P.O. Box 22808<br>Jackson, MS 39225-2808 |
| Missouri | Corporate Income Tax | Missouri Department of Revenue<br>Harry S Truman State Office Building<br>Taxation Division<br>301 West High St.<br>Jefferson City, MO 65101 |
| Montana | Franchise Tax | Montana Department of Revenue<br>ATTN Bankruptcy<br>PO Box 7701<br>Helena, MT 59604-7701 |
| North Dakota | Corporate Income Tax | Office of State Tax Commissioner<br>600 E. Boulevard Ave., Dept. 127<br>Bismarck, ND 58505-0599 |
| Nebraska | Corporate Income Tax | Nebraska Department of Revenue<br>PO Box 94818<br>Lincoln, NE 68509-4818 |
| New Hampshire | Franchise Tax | New Hampshire Department of Revenue Administration<br>Legal Bureau<br>P.O. BOX 457<br>Concord, NH 03302-0457 |
| New Jersey | Franchise Tax | State of New Jersey<br>Department of the Treasury<br>Division of Taxation<br>Revenue Processing Center<br>P.O. Box 666<br>Trenton, NJ 08646-0666 |

3

| Tax Authority | Tax Type | Address |
|---|---|---|
| New Mexico | Gross Receipts Tax | New Mexico Taxation and Revenue Department<br>Legal Services<br>P. O. Box 630<br>Santa Fe, New Mexico 87504-0630 |
| New York | Franchise Tax | NYS Dept of Tax and Finance<br>Bankruptcy Section<br>P.O. Box 5300<br>Albany, NY 12205 |
| New York City | Franchise Tax | NYC Department of Finance<br>Correspondence Unit<br>One Centre Street, 22nd Floor<br>New York, NY 10007 |
| North Carolina | Franchise Tax | NCDOR<br>ATTN: Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 |
| Ohio | Corporate Activity (CAT) Tax | Ohio Department of Taxation<br>4485 Northland Ridge Blvd.<br>Columbus, Oh 43229 |
| Oklahoma | Corporate Income Tax | Oklahoma Tax Commission<br>Oklahoma City, OK  73194 |
| Oregon | Corporate Income and CAT Tax | Oregon Department of Revenue<br>955 Center St NE<br>Salem, OR 97301-2555 |
| Pennsylvania | Corporate Income Tax | PA Department of Revenue<br>Bureau of Compliance<br>PO Box 280947<br>Harrisburg, PA 17128-0947 |
| Rhode Island | Franchise Tax | Rhode Island Division of Taxation<br>One Capitol Hill, Suite 9<br>Providence, RI 02908-5811 |
| South Carolina | Franchise Tax | South Carolina Department of Revenue - Bankruptcy<br>300A Outlet Pointe Blvd.<br>Columbia, SC 29210 |
| Tennessee | Corporate Income and Franchise Tax | Tennessee Department of Revenue<br>Andrew Jackson Building<br>500 Deaderick Street<br>Nashville, TN 37242 |

| Tax Authority | Tax Type | Address |
|---|---|---|
| Texas | Franchise Tax | Texas Comptroller of Public Accounts<br>Attn: Fiscal Management<br>Post Office Box 13528, Capitol Station<br>Austin, Texas 78711-3528 |
| Utah | Corporate Income and Franchise Tax | Utah State Tax Commission<br>210 North 1950 West<br>Salt Lake City, UT 84134-0260 |
| Virginia | Corporate Income Tax | Virginia Tax<br>Office of Customer Services<br>P.O. Box 1115<br>Richmond, VA  23218-1115 |
| Vermont | Franchise Tax | Vermont Department of Taxes<br>133 State Street<br>Montpelier, VT 05633-1401 |
| Washington | Gross Receipts Tax | Washington State Department of Revenue<br>Attn: Bankruptcy Unit<br>2101 4th Ave, Suite 1400<br>Seattle, WA 98121 |
| Wisconsin | Corporate Income and Franchise Tax | Office of General Counsel<br>Mail Stop 6-173<br>Wisconsin Department of Revenue<br>2135 Rimrock Road<br>PO Box 8907<br>Madison, WI 53708-8907 |
| West Virginia | Corporate Income Tax | Legal – Bankruptcy Unit<br>P.O. Box 766<br>Charleston, West Virginia 25323-0766 |
| West Virginia | Corporate Income Tax | Legal – Bankruptcy Unit<br>P.O. Box 766<br>Charleston, West Virginia 25323-0766 |
| Massachusetts | Secretary of State | Secretary of the Commonwealth<br>Corporations Division<br>One Ashburton Place, 17th floor<br>Boston, MA 02108 |
| Delaware | Secretary of State | Delaware Secretary of State<br>Division of Corporations<br>PO Box 898<br>Dover, DE 19903 |

| Tax Authority | Tax Type | Address |
|---|---|---|
| Louisiana | Secretary of State | Louisiana Secretary of State<br>P.O. Box 94125<br>Baton Rouge, LA 70804-9125 |
| Tennessee | Secretary of State | Tennessee Secretary of State<br>312 Rosa L. Parks Avenue<br>6th Floor, Snodgrass Tower<br>Nashville, TN 37243-1102 |
| Florida | Secretary of State | Department of State<br>Division of Corporations<br>Section Name<br>P.O. Box 6327<br>Tallahassee, FL 32314 |
| US Customs | Customs Duty | U.S. Customs & Border Protection<br>IPL/CBP INFO Center<br>1300 Pennsylvania Avenue N.W.<br>MS: 1345<br>Washington, DC 20229 |
| Japan Customs | Customs Duty | Customs and Tariff Bureau<br>3-1-1 Kasumigaseki<br>Chiyoda-ku, Tokyo 100-8940,<br>JAPAN |
| German Customs | Customs Duty | Generalzolldirektion<br>Zentrale Auskunft<br>Postfach 10 07 61<br>01077 Dresden |
| United Kingdom Customs | Customs Duty | BT-NCH<br>HM Revenue and Customs<br>BX9 1GZ<br>United Kingdom |
| Australia Customs | Customs Duty | Customs Agency Services Pty Ltd<br>PO Box 87<br>Brooklyn Park 5032<br>Adelaide SA Australia |
| VAT Revenue Office Brussels | Belgium VAT Payments | Philipssite 3A<br>Leuven<br>3001 Belguim |
| National Tax Agency | Consumption Tax and Corporation Tax | 3-1-1 Kasumigaseki, Chiyoda-ku<br>Tokyo<br>100-8978 Japan |
| Finanzamt für Koerperschaften II | Corporate Income Tax/VAT/Trade Tax | Magdalenenstraße 25<br>Berlin<br>10365 Germany |

| Tax Authority | Tax Type | Address |
|---|---|---|
| HM Revenue and Customs | Corporation Taxes | 100 Parliament St<br>London<br>SW1A 2BQ United Kingdom |
| HMRC Customs Declaration Service | Customs Fees and Declarations | 100 Parliament St<br>London<br>SW1A 2BQ United Kingdom |
| Generalzolldirektion | Customs Fees and Declarations | Zentrale Auskunft<br>Dresden<br>1077 Germany |
| Uzemni pracoviste pro Prahu 1 | Czech VAT Payments | Letenska 15<br>Prague<br>118 10 Czech |
| Desucla France | French VAT Payments | CIC Paris La Pompe Iberbanco, 51 Rue De La Pompe<br>Paris<br>75116 France |
| Direction Generale Des Finances Publiques | French VAT Payments | ETRANGERES NOISY-LE-GRAND 10 RUE DU CENTRE NOISY-LE-GRAND CEDEX<br>93465 France |
| Bundeszentralamt für Steuern – BZSt | German Corporation Tax | An d. Kuppe 1<br>Bonn<br>53225 Germany |
| Finanzamt Fur Korperschaften | German VAT Payments | Bredtschnelderstr. 5<br>Berlin<br>14057 Germany |
| Australian Taxation Office | GST and Income Tax | 75 Moore St<br>Footscray VIC<br>3011 Australia |
| Belastingdienst | Income Tax | Kingsfordweg 1<br>Amsterdam<br>1043 GN Netherlands |
| State Taxation Administration | Income Tax | No. 5, Yangfangdian Xilu, Haidian District<br>Bejing - China |
| Inland Revenue Services | Income Tax | 5 Concorde Road, Kai Tak<br>Kowloon –<br>Hong Kong |
| Canada Revenue Agency | Income Tax | 555 Mackenzie Avenue<br>Ontario<br>K1A OL5 Canada |

| Tax Authority | Tax Type | Address |
|---|---|---|
| Bureau Of Internal Revenue | Income Tax | 313 Sen. Gil J. Puyat Ave<br>Makati<br>1209 Philippines |
| Federal Tax Authority | Income Tax | Business Tower, Central Park -<br>Trade Centre - DIFC<br>Dubai –<br>UAE |
| Agenzia Delle Entrate | Italian VAT Payments | Via Rio Sparto<br>Pescara<br>21 - 65 129  Italy |
| Income Tax Department | Non Resident Income Tax | Connaught Circus<br>New delhi<br>110001 India |
| London borough of Ealing | Non-domestic rate liability (Business Rates) | 14/16 Uxbridge Road<br>Ealing<br>W5 2HL United Kingdom |
| HM Revenue and Customs | Payroll Taxes | 100 Parliament St<br>London<br>SW1A 2BQ United Kingdom |
| Drugi Urzad Skarbowy | Polish VAT Payments | Jagiellonska<br>Warszawa<br>03-719 Poland |
| Aethelwyne sl | Spain VAT Payments | Jado nº 1<br>Bilbao<br>48009 Spain |
| Spanish VAT Services Asesores SL | Spain VAT Payments | Calle Maria de Molina<br>Madrid<br>48 28006 Spain |
| Agencia Estatal De La Administracion Tributaria De Alicante | Spanish VAT Payments | Pl. de la Muntanyeta, 8<br>Alicante<br>3001 Spain |
| HMRC VAT | VAT Taxes | 100 Parliament St<br>London<br>SW1A 2BQ United Kingdom |
| Arkansas | Franchise Tax | Department of Finance and Administration<br>Corporation Income Tax Section<br>P.O. Box 919<br>Little Rock, AR 72203-0919 |