**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>THRASIO HOLDINGS, INC., *et al.*,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 24-11840 (CMG)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR**
**ENTRY OF INTERIM AND FINAL ORDERS**
**AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND**
**ADMINISTER THEIR EXISTING CUSTOMER PROGRAMS AND**
**(II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"), authorizing the Debtors to (a) maintain and administer their customer-related programs and policies as described in this Motion and (b) honor certain prepetition obligations related thereto.  In addition, the Debtors request that the Court schedule a final hearing within approximately thirty (30) days after the commencement of these chapter 11 cases to consider entry of the Final Order.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code, rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure

---

[2]   A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Josh Burke, Chief Financial Officer of Thrasio Holdings, Inc., in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on February 28, 2024 (the "Petition Date").  Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

(the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

5.    On the Petition Date, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

**The Customer Programs**

6.    In the ordinary course of business, the Debtors utilize certain marketing and sales practices to engage with new customers and foster goodwill with their existing customer base. These programs are common within the e-commerce industry, and include: (a) the Marketing Program; (b) the Warranty Program; and (c) the Refund Program (each as defined herein, collectively, the "Customer Programs").[3] The Debtors believe that their ability to continue the Customer Programs and to honor any obligations thereunder in the ordinary course of business is necessary to maintain their reputation for reliability, to comply with their legal obligations, to meet competitive market pressures, to ensure customer satisfaction, and to develop and maintain relationships with customers in the highly competitive e-commerce space. Continuing the Customer Programs during these chapter 11 cases will allow the Debtors to maintain the goodwill of their current customers and partners, attract new customers and partners, and, ultimately,

---

[3]    To the extent there is any deviation from the description provided herein, the Debtors request relief with regard to all Customer Programs, regardless of whether such individual Customer Program is specifically identified herein.

enhance their businesses' revenue and profitability to the benefit of all of the Debtors' stakeholders.

7.      As of the Petition Date, the Debtors estimate that there are approximately $6,610,000 of prepetition obligations outstanding related to Customer Programs, all of which the Debtors anticipate will be due and owing during the first thirty (30) days following the Petition Date (the "Interim Period").   By this Motion, the Debtors seek authorization to maintain the Customer Programs in the ordinary course of business and to continue to honor all customer-related obligations, including paying any prepetition obligations associated therewith.

**I.      The Marketing Program**.

8.      To attract new and returning customers, the Debtors run a variety of marketing, promotional, and advertising campaigns via websites and various social media channels, and in the ordinary course of business utilize digital platforms to manage these campaigns (collectively, the "Marketing Program").   Advertising is done to promote the products of each of the subsidiary brands that the Debtors own and operate.   The Debtors' advertising initiatives drive revenue and help the Debtors' brands maintain a prominent presence in a hyper-competitive e-commerce industry.   The Marketing Program is vital to promote the Debtors' brands in a manner that streamlines customers from advertisement to point of purchase.

9.      The Debtors estimate that, as of the Petition Date, the Debtors owe approximately $6,610,000 related to Marketing Program, all of which the Debtors anticipate will be due and owing during the Interim Period.   The Debtors seek authorization to continue the Marketing Program and to honor all obligations related thereto, including satisfying any prepetition obligations on a postpetition basis in a manner consistent with past practice.

## II.     The Warranty Program.

10.     To maintain their reputation for quality and to maximize customer loyalty, the Debtors provide, in the ordinary course of business and consistent with industry practice, product warranties covering certain product non-conformities (the "Warranty Program," and the warranties provided thereunder, the "Warranties").  The terms of the Warranties are typically dependent on each of the Debtors' brands.  The Warranties generally cover product defects that are not attributable to external factors (such as damage caused by the customer or by other factors beyond the Debtors' control).  While the Warranties are primarily covered by Amazon.com Services LLC and certain of its affiliates ("Amazon") and the Debtors' other third-party sellers, under certain circumstances the Debtors cover their own Warranties.

11.     The Warranty Program is necessary to obtain new customers and retain repeat customers.  Customers rely on the Debtors to ensure that their products meet expectations.  Without the ability to continue the Warranty Program and to satisfy related obligations, the Debtors will risk losing customers to their competitors.  As of the Petition Date, the Debtors are not aware of any incurred but unpaid obligations under the Warranty Program.  However, out of an abundance of caution, the Debtors seek authorization to continue the Warranty Program and to honor all of the Debtors' obligations related thereto, including satisfying any prepetition obligations and continuing to satisfy such obligations on a postpetition basis in a manner consistent with past practice.

## III.    The Refund Program.

12.     The Debtors seek to continue to honor their refund program (the "Refund Program" and the refunds provided thereunder, the "Refunds").  Pursuant to the Refund Program, the Refunds owed to each customer differ depending on the method in which the original order was fulfilled.  If the original order was fulfilled and shipped through Amazon's fulfillment network,

the customer will typically receive a full or partial Refund within thirty (30) days of making the Refund request.  If the original order was fulfilled by the Debtors or another third-party fulfillment provider, the timing of the Refund varies based on the brand and the third-party shipper that fulfilled the order.  In addition, the timing and condition of the returned product may influence the customer's total Refund amount.  Like the Warranties, the Refunds are primarily covered by Amazon and the Debtors' other third-party sellers, but under certain circumstances the Debtors cover the Refunds.

13.     Programs like the Refund Program are common in the e-commerce industry, and similar programs are administered by the Debtors' competitors.  Maintaining the Refund Program is critical to maintaining the goodwill of the Debtors' customer base.  Without the Refund Program, customers may be unwilling to order from the Debtors' brands, which could lead to a decline in revenue, the ultimate cost of which would be borne by the Debtors' estates.  As of the Petition Date, the Debtors are not aware of any incurred but unpaid obligations under the Refund Program. However, out of an abundance of caution, the Debtors seek authorization to continue the Refund Program and to honor all of the Debtors' obligations related thereto, including satisfying any prepetition obligations and continuing to satisfy such obligations on a postpetition basis in a manner consistent with past practice.

## Basis for Relief

### I.     Continuing to Honor the Customer Programs in the Ordinary Course Is Warranted Under Sections 105(a) and 363(b) of the Bankruptcy Code.

14.     Courts have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value.  *See, e.g.*, *In re Just for Feet, Inc.*, 242 B.R. 821, 825–26 (D. Del. 1999); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re Ionosphere*

*Clubs, Inc.*, 98 B.R. 174, 175–76 (Bankr. S.D.N.Y. 1989); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983).  In so doing, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims.

15.    Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions."  *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) (collecting cases); *see also Armstrong World*, 29 B.R. at 397 (relying on section 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors); *In re Ionosphere Clubs*, 98 B.R. at 175 (finding that a sound business justification existed to justify payment of certain prepetition wages); *In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (requiring the debtor to show a "good business reason" for a proposed transaction under section 363(b)).

16.    Courts also authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under section 105(a), courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's businesses.  *See In re Just for Feet*, 242 B.R. at 825−26.

Specifically, a court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). *See, e.g.*, *In re Ionosphere Clubs*, 98 B.R. at 176; *In re Lehigh & New England Ry Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (stating that courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (noting that, in the Third Circuit, debtors may pay prepetition claims that are essential to the continued operation of the business). A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs*, 98 B.R. at 175–76 (citing *Miltenberger v. Logansport, C. & S.W. Ry. Co.*, 106 U.S. 286 (1882)). Indeed, at least one court has recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *In re CoServ*, 273 B.R. at 497.

17.      The Court can authorize the Debtors to continue the Customer Programs and satisfy prepetition obligations related thereto pursuant to sections 363(b) and 105(a) of the Bankruptcy Code. There can be no doubt that the Customer Programs are critical to preserve the value of the Debtors' estates. Without honoring obligations related to the Customer Programs in the ordinary course of business, the Debtors would lose the goodwill of existing customers, and be severely restrained in reaching new customers, which, as a result, would hinder the Debtors' revenue and ability to sell products.

18.      Moreover, continuing to administer the Customer Programs without interruption during the pendency of these chapter 11 cases is critical to preserve the value of the Debtors'

estates and maintain loyal customers.  Customers expect and rely on the Customer Programs and may not continue supporting the Debtors' business if the Customer Programs are discontinued.  It is incontrovertible that support from the Debtors' customers is essential for go-forward operations. The substantial benefit conferred on the Debtors' estates by the Customer Programs warrants the Court granting authority to the Debtors to honor the Customer Programs and any of the Debtors' obligations related thereto in the ordinary course of business.

19.      Where retaining the loyalty and patronage of customers is critical to successful chapter 11 cases, courts in this district and others have granted relief similar to that requested here. *See, e.g.*, *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024) (authorizing the debtors to administer any customer programs that were in effect prepetition and honor any undisputed prepetition obligations related thereto on an interim basis); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Jan. 24, 2024) (same); *In re Rite Aid Corp.*, No. 23-18993 (Bankr. D.N.J. Dec. 21, 2023) (authorizing the debtors to administer any customer programs that were in effect prepetition and honor any undisputed prepetition obligations related thereto on a final basis); *In re WeWork Inc.,* No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 6, 2023) (same); *In re Cyxtera Techs., Inc.*, 23-14853 (JKS) (Bankr. D.N.J. June 29, 2023) (same).[4]

**II.      Continuing the Customer Programs and Honoring the Customer Obligations is in the Best Interests of the Debtors' Businesses and Their Estates.**

20.      Continuing to administer the Customer Programs without interruption during the pendency of these chapter 11 cases will help to preserve the Debtors' valuable customer and partner relationships and goodwill, and to maintain business and drive additional business, which will inure to the benefit of all of the Debtors' stakeholders and their estates.  If the Debtors are

---

[4]      Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request made to the Debtors' proposed counsel.

unable to continue the Customer Programs postpetition or pay amounts due and fulfill obligations owing on account of the Customer Programs, the Debtors risk alienating certain partners and customer constituencies (who might then initiate business relationships with the Debtors' competitors) and suffer corresponding losses in customer acquisitions and loyalty that will harm the Debtors' prospects for reorganization or otherwise damage the value of the estates. Importantly, the Debtors' competitors maintain programs similar to the Customer Programs, meaning that customers have a ready audience willing to meet their needs and take business away from the Debtors at this crucial time.

21.    Accordingly, the Debtors submit that they have shown cause sufficient to warrant the authority to honor the Customer Programs and to honor any customer obligations relating thereto, and respectfully request that the relief sought herein be approved on the terms set forth in the proposed Interim and Final Orders.

### Processing of Checks and Electronic Fund Transfers Should Be Authorized

22.    The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor-in-possession financing, and anticipated access to cash collateral.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to any authorized payment in respect of the relief requested herein. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently.  Therefore, the Debtors respectfully request that the Court authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

23.    Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one (21) days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first thirty (30) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Maintaining the Customer Programs is vital to a smooth transition into chapter 11. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

24.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Waiver of Memorandum of Law

25.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Reservation of Rights

26.    Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the

11

Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## No Prior Request

27.    No prior request for the relief sought in this Motion has been made to this or any other court.

## Notice

28.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group; (d) counsel to the Administrative Agent under the Revolving Credit Facility; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; (g) the attorneys general in the states where the Debtors conduct their business operations; (h) the U.S. Securities and Exchange Commission; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: February 28, 2024

/s/ Michael D. Sirota
_____
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            jfrumkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Joint Administration Requested) |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR EXISTING CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

Upon the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Maintain and Administer Their Customer Programs and (II) Honor Certain Prepetition Obligations Related Thereto* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) maintain and administer the Customer Programs in the ordinary course of business and (ii) honor certain undisputed prepetition obligations related thereto, and (b) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____, 2024 at _____ **(prevailing Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before _____, 2024 at 4:00 p.m. (prevailing Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Debtors are authorized to continue to administer the Customer Programs (including, but not limited to, those discussed in the Motion) currently in effect and honor any undisputed prepetition obligations related to the Customer Programs, in each case in the ordinary course of business, consistent with prepetition practices, and to modify, replace, or terminate any Customer Program in the ordinary course of business; *provided, however*, the Debtors shall provide five (5) business days' notice to the Ad Hoc Group, any statutory committee appointed in these cases, and the U.S. Trustee before making any material changes to, or terminating, any of the Customer Programs.

4.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

(Page | 5)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

5.      Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

6.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

7.      Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements

(Page | 6)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* filed substantially contemporaneously herewith (the "<u>DIP Orders</u>"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

8.   The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

9.   Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

10.   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.   The Debtors shall serve a copy of this Interim Order on all required parties pursuant to Local Rule 9013-5(f).

12.   Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

(Page | 7)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

13.　　The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14.　　The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

15.　　Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

16.　　This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>Exhibit B</u>**

**Proposed Final Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Joint Administration Requested) |

## FINAL ORDER AUTHORIZING THE
## DEBTORS TO (I) MAINTAIN AND ADMINISTER
## THEIR EXISTING CUSTOMER PROGRAMS AND (II) HONOR
## CERTAIN PREPETITION OBLIGATIONS RELATED THERETO

The relief set forth on the following pages, numbered three (3) through six (6), is

**ORDERED**.

---

[1]  The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

Upon the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Maintain and Administer Their Customer Programs and (II) Honor Certain Prepetition Obligations Related Thereto* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), authorizing the Debtors to (a) maintain and administer the Customer Programs in the ordinary course of business and (b) honor certain undisputed prepetition obligations related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS**

**HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized to continue to administer the Customer Programs (including, but not limited to, those discussed in the Motion) currently in effect and honor any undisputed prepetition obligations related to the Customer Programs, in each case in the ordinary course of business, consistent with prepetition practices, and to modify, replace, or terminate any Customer Program in the ordinary course of business; *provided, however*, the Debtors shall provide five (5) business days' notice, or such other notice as is reasonably practicable, before making any material changes to, or terminating, any of the Customer Programs to the Ad Hoc Group, any statutory committee appointed in these cases, and the U.S. Trustee.

3.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

4.      Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's

(Page | 5)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

6.    Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* filed

(Page | 6)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND ADMINISTER THEIR CUSTOMER PROGRAMS AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO |

substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

7.      Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.