**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Joint Administration Requested) |

## DEBTORS' MOTION FOR
## ENTRY OF AN ORDER APPROVING (I)
## THE ADEQUACY OF THE DISCLOSURE STATEMENT,
## (II) THE SOLICITATION AND VOTING PROCEDURES,
## (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
## THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"): [2]

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), granting the following relief:

a.     ***Adequacy of the Disclosure Statement***.   Approving the *Disclosure Statement Relating to the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"), filed contemporaneously herewith, as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

b.     ***Solicitation and Voting Procedures***.   Approving procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to confirmation of the Plan (the "Solicitation and Voting Procedures"), substantially in the form attached to the Order as Exhibit 1;

c.     ***Notices of Non-Voting Status***.   Approving:   (i) the form of notice to (a) Holders of Claims that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (b) Holders of Claims or Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan; (c) Holders of Claims or Interests that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claims or Interests (the "Notices of Non-Voting Status") and (ii) applicable opt-out forms (the "Opt Out Forms," collectively, the "Notices of Non-Voting Status and Opt Out Forms"), substantially in the form attached to the Order as Exhibit 2A, Exhibit 2B, and Exhibit 2C;

---

[2]     A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Josh Burke, Chief Financial Officer of Thrasio Holdings, Inc., in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and alongside the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 28, 2024 (the "Petition Date").   Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration (as defined herein), the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan"), or the Disclosure Statement, as applicable.

d. **Ballots**.  Approving the ballots that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan, substantially in the forms attached to the Order as <u>Exhibit 3A</u> and <u>Exhibit 3B</u> (the "<u>Ballots</u>");

e. **Cover Letter**.  Approving the form of letter (the "<u>Cover Letter</u>") that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan recommending that such parties vote in favor of the Plan, substantially in the form attached to the Order as <u>Exhibit 4</u>;

f. **Confirmation Hearing Notice**.  Approving the form and manner of notice (the "<u>Confirmation Hearing Notice</u>") of the Confirmation Hearing and the procedures for objecting thereto, substantially in the form attached to the Order as <u>Exhibit 5</u>;

g. **Plan Supplement Notice**.  Approving the notice related to the filing of the Plan Supplement, substantially in the form attached to the Order as <u>Exhibit 6</u> (the "<u>Plan Supplement Notice</u>");

h. **Assumption Notice**.  Approving the form of notice to counterparties to Executory Contracts and Unexpired Leases that will be assumed by the Debtors (the "<u>Assumption Notice</u>"), substantially in the form attached to the Order as <u>Exhibit 7</u>;

i. **Rejection Notice**.  Approving the form of notice to counterparties to Executory Contracts and Unexpired Leases that will be rejected by the Debtors (the "<u>Rejection Notice</u>"), substantially in the form attached to the Order as <u>Exhibit 8</u>;

j. **Solicitation Packages**.  Finding that the solicitation materials and documents included in the solicitation packages (the "<u>Solicitation Packages</u>") that will be sent to Holders of Claims entitled to vote to accept or reject the Plan comply with rules 2002(b) and 3017(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and

k. **Confirmation Timeline**.  Establishing the following dates and deadlines with respect to Confirmation of the Plan, subject to modification as necessary (the "<u>Confirmation Timeline</u>"):

| Event | Date | Description |
|-------|------|-------------|
| Voting Record Date | April 1, 2024 | The date to determine which Holders of Claims are entitled to vote to accept or reject the Plan (the "<u>Voting Record Date</u>"). |

| Event | Date | Description |
|-------|------|-------------|
| Solicitation Mailing Deadline[3] | Three (3) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The deadline by which the Debtors must distribute (i) Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan and (ii) Notice of Non-Voting Status and Opt Out Form (the "Solicitation Mailing Deadline"). |
| Publication Deadline | Three (3) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The date by which the Debtors will submit the Confirmation Hearing Notice in a format modified for publication (such notice, the "Publication Notice," and such date, the "Publication Deadline"). |
| Plan Supplement Filing Deadline | The date that is no later than seven (7) days prior to the Voting Deadline | The date by which the Debtors shall file the Plan Supplement (the "Plan Supplement Filing Deadline"). |
| Voting Deadline | May 7, 2024, at 4:00 p.m., prevailing Eastern Time | The deadline by which all Ballots and Opt Out Forms must be properly executed, completed, and submitted so that they are **actually received** by Kurtzman Carson Consultants LLC (the "Claims, Noticing and Solicitation Agent"). |
| Plan Objection Deadline | May 7, 2024, at 4:00 p.m., prevailing Eastern Time | The deadline by which parties in interest may file objections to Confirmation of the Plan (the "Plan Objection Deadline"). |
| Deadline to File Voting Report | May 9, 2024 | The date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Confirmation Brief and Plan Objection Reply Deadline | May 9, 2024 | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan and reply to objections to confirmation of the Plan. |
| Confirmation Hearing Date | May 13, 2024, at [___] a.m/p.m., prevailing Eastern Time or such other date as may be scheduled by the Court | The date of the Confirmation Hearing (the "Confirmation Hearing Date"). |

---

[3]   For the avoidance of doubt, the Debtors and the Claims, Noticing and Solicitation Agent will distribute Solicitation Packages as soon as reasonably practicable following receipt of any valid and timely filed Proof of Claim that is filed after the Voting Record Date but before the Bar Date.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105, 363, 502, 1123(a), 1125,

1126, and 1128 of the Bankruptcy Code, rules 2002, 3001, 3016, 3017, 3018, 3020, 6004, and

9006 of the Bankruptcy Rules, and rules 3016-1, 3018-1, and 9013-1 of the Local Bankruptcy

Rules for the District of New Jersey (the "Local Rules").

**Background**

5.      On the Petition Date, the Debtors filed a motion requesting joint administration of

these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their

business and managing their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been

made in these Chapter 11 Cases and no official committees have been appointed or designated.

**Summary of the Plan**

6.      The Plan classifies Holders of Claims and Interests into the following Classes of

Claims or Interest for all purposes, including with respect to voting and distributions under the

Plan:

| Class | Claim/Interest | Treatment of Claim/ Interest | Status | Voting Rights |
|---|---|---|---|---|
| 1 | Other Secured Claims | Except to the extent that a Holder of an Allowed Other Secured Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Other Secured Claim, each Holder of an Allowed Other Secured Claim shall receive, at the election of the Debtors or Reorganized Debtors, as applicable, either: (i) payment in full in Cash of the unpaid portion of its Other Secured Claim on the Effective Date or as soon as reasonably practicable thereafter (or if payment is not then due, shall be paid in accordance with its terms); (ii) Reinstatement; or (iii) such other recovery necessary to satisfy section 1129 of the Bankruptcy Code. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Except to the extent that a Holder of an Allowed Other Priority Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Other Priority Claim, each Holder of an Allowed Other Priority Claim shall receive treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | First Lien Claims | Except to the extent that a Holder of a First Lien Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed First Lien Claim, each Holder of an Allowed First Lien Claim shall receive its *pro rata* share of 100% of the New Common Stock, subject to dilution by the (i) DIP Exit Fee, (ii) Backstop Payment, and (iii) Management Incentive Plan. | Impaired | Entitled to Vote. |
| 4 | General Unsecured Claims | Except to the extent that a Holder of a General Unsecured Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim shall receive its *pro rata* share of the GUC Recovery Pool. | Impaired | Entitled to Vote. |
| 5 | Series X Redeemable Preferred Stock Interests | All Series X Redeemable Preferred Stock Interests will be cancelled, released, and extinguished and will be of no further force and effect.  No Holders of Series X Redeemable Preferred Stock Interests will receive a distribution under the Plan. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 6 | Series D Preferred Stock Interests | All Series D Preferred Stock Interests will be cancelled, released, and extinguished and will be of no further force and effect.  No Holders of Series D | Impaired | Not Entitled to Vote (Deemed to |

| Class | Claim/Interest | Treatment of Claim/ Interest | Status | Voting Rights |
|---|---|---|---|---|
| | | Preferred Stock Interests will receive a distribution under the Plan. | | Reject) |
| 7 | Series C Preferred Stock Interests | All Series C Preferred Stock Interests will be cancelled, released, and extinguished and will be of no further force and effect.  No Holders of Series C Preferred Stock Interests will receive a distribution under the Plan. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Series B Preferred Stock Interests | All Series B Preferred Stock Interests will be cancelled, released, and extinguished and will be of no further force and effect.  No Holders of Series B Preferred Stock Interests will receive a distribution under the Plan. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 9 | Series A Preferred Stock Interests | All Series A Preferred Stock Interests will be cancelled, released, and extinguished and will be of no further force and effect.  No Holders of Series A Preferred Stock Interests will receive a distribution under the Plan. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 10 | Series Seed Preferred Stock Interests | All Series Seed Preferred Stock Interests will be cancelled, released, and extinguished and will be of no further force and effect.  No Holders of Series Seed Preferred Stock Interests will receive a distribution under the Plan. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 11 | Common Stock Interests | All Common Stock Interests will be cancelled, released, and extinguished and will be of no further force and effect.  No Holders of Common Stock Interests will receive a distribution under the Plan. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 12 | Intercompany Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Intercompany Claim, Allowed Intercompany Claims shall, in a manner consistent with the Restructuring Transactions Memorandum, as applicable, be either (i) Reinstated; or (ii) distributed, contributed, set off, cancelled, and released without any distribution on account of such Claims, or otherwise addressed at the option of the Reorganized Debtors. | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) / Not Entitled to Vote (Deemed to Reject) |
| 13 | Intercompany Interests | In full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Intercompany Interests, Allowed Intercompany Interests shall, in a manner consistent with the Restructuring Transactions Memorandum, as applicable, be either (i) Reinstated or (ii) cancelled and released without any distribution on account of such Interests. | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) / Not Entitled to Vote (Deemed to Reject) |

7.     Based on the foregoing (and as discussed in detail herein), the Debtors are proposing to solicit votes to accept or reject the Plan from Holders of Claims in Classes 3 and 4 (the "Voting Classes").  The Debtors are **not** proposing to solicit votes from Holders of Claims or Interests in Classes 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, and 13 (each a "Non-Voting Class" and collectively, the "Non-Voting Classes").  Accordingly, Holders of Claims or Interests in the Non-Voting Classes will not receive a Solicitation Package but instead will receive a Notice of Non-Voting Status and Opt Out Form, except for Classes 12 and 13, which will receive neither a Solicitation Package nor a Notice of Non-Voting Status, as discussed below.

8.     The Disclosure Statement provides adequate information with respect to the Plan, ensuring that Holders of Claims entitled to vote on the Plan will receive information of a kind and in sufficient detail to make an informed judgment regarding acceptance or rejection of the Plan. The proposed schedule and procedures to confirm and consummate the Plan will move these Chapter 11 Cases forward in a timely manner, in accordance with the DIP Orders and the Restructuring Support Agreement milestones, while ensuring due process and providing for the procedural safeguards mandated under the Bankruptcy Code, Bankruptcy Rules, and Local Rules. Accordingly, the Debtors respectfully submit the relief requested in this Motion should be approved.

## Basis for Relief

**I.     The Court Should Approve the Disclosure Statement**.

### A.     The Disclosure Statement Contains Adequate Information.

9.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  11 U.S.C. § 1125.  Specifically, section 1125(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

10.     Courts in several circuits have stated that the primary purpose of a disclosure statement is to provide adequate information such that creditors and interest holders affected by a proposed plan can make an informed decision regarding whether or not to vote for the plan. *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003) (providing that a disclosure statement must contain "adequate information to enable a creditor to make an informed judgment about the Plan" (internal quotations omitted)); *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan."); *In re Phoenix Petrol., Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan."); *In re A. H. Robins Co., Inc.*, 880 F.2d 694, 696 (4th Cir. 1989) (stating that the disclosure statement must provide "information of a kind, and in sufficient detail . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan."); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987) ("The primary purpose of a disclosure

statement is to provide all material information which creditors and equity security holders affected by the plan need in order to make an intelligent decision whether to vote for or against the plan."). Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a chapter 11 plan. *See Century Glove*, 860 F.2d at 100.

11.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . ."); *see Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case."); *In re River Vill. Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *In re Phx. Petrol. Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (same); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("The information required will necessarily be governed by the circumstances of the case.").

12.     In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

a.      the events that led to the filing of a bankruptcy petition;

b.      the relationship of the debtor with its affiliates;

c.  a description of the available assets and their value;

d.  the debtor's anticipated future performance;

e.  the source of information stated in the disclosure statement;

f.  the debtor's condition while in chapter 11;

g.  claims asserted against the debtor;

h.  the estimated return to creditors under a chapter 7 liquidation of the debtor;

i.  the future management of the debtor;

j.  the chapter 11 plan or a summary thereof;

k.  financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l.  information relevant to the risks posed to creditors under the plan;

m.  the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n.  litigation likely to arise in a nonbankruptcy context; and

o.  tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Disclosure regarding all topics is not necessary in every case.  *See U.S. Brass*, 194 B.R. at 424; *see also Phx. Petrol.*, 278 B.R. at 393 ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

**B.  The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code**.

13.  The Disclosure Statement provides "adequate information" to allow Holders of Allowed Claims in the Voting Classes to make informed decisions about whether to vote to accept

or reject the Plan.  Specifically, the Disclosure Statement contains information that courts consider

"adequate information," including:

a.  ***Questions and Answers Regarding the Disclosure Statement and the Plan***.  A list commonly asked questions regarding the Disclosure Statement, Plan, and Chapter 11 Cases, which are described in detail in <u>Article III</u> of the Disclosure Statement.

b.  ***The Debtors' History and Operations***.  An overview of the Debtors' corporate history, business operations, assets, organizational structure, and capital structure, which are described in detail in <u>Article IV</u> of the Disclosure Statement;

c.  ***Events Leading to these Chapter 11 Cases***.  An overview of the events leading to the commencement of the Debtors' Chapter 11 Cases, which are described in detail in <u>Article V</u> of the Disclosure Statement;

d.  ***Material Developments and Anticipated Events of the Chapter 11 Cases***.  An overview of key components of the Debtors' restructuring and Chapter 11 Cases, which are described in detail in <u>Article VI</u> of the Disclosure Statement;

e.  ***Summary of the Plan***.  A summary of key provisions of the Plan, which are described in detail in <u>Article VII</u> and <u>Article VIII</u> of the Disclosure Statement;

f.  ***Release and Exculpation Provisions of the Plan***.  A description of the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing, including bolded language related to the Debtors' Release, Third-Party Release, Lien Release, Exculpation, and Injunction, and a description of the ongoing Independent Investigation, which are described in <u>Article III.O</u> of the Disclosure Statement;

g.  ***Risk Factors***.  Certain risks associated with the Debtors' businesses, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement, which are described in <u>Article IX</u> of the Disclosure Statement;

h.  ***Solicitation and Voting Procedures***.  A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan, which are described in <u>Article X</u> of the Disclosure Statement;

i.  ***Confirmation of the Plan***.  Confirmation procedures and statutory requirements for Confirmation and Consummation of the Plan, which are described in <u>Article XI</u> of the Disclosure Statement;

j.       ***Important Securities Law Disclosures***.  A description of the applicability of section 1145 of the Bankruptcy Code which are described in Article XII of the Disclosure Statement;

k.       ***Certain U.S. Federal Tax Consequences of the Plan***.  A description of certain U.S. federal income tax law consequences of the Plan, which are described in Article XIII of the Disclosure Statement;

l.       ***Recommendation of the Debtors***.  A recommendation by the Debtors that Holders of Claims in the Voting Classes should vote to accept the Plan, stated in Article XIV of the Disclosure Statement; and

m.      ***Financial Projections***.   Financial projections are attached to the Disclosure Statement as Exhibit D;

n.       ***Valuation Analysis***.   Valuation analysis is attached to the Disclosure Statement as Exhibit E; and

o.       ***Liquidation Analysis***.   A liquidation analysis is attached to the Disclosure Statement as Exhibit F.

14.       Based on the foregoing, the Debtors submit, that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote to accept or reject the Plan.  Accordingly, the Debtors submit that the Disclosure Statement contains "adequate information" and therefore should be approved.

**C.       The Disclosure Statement Provides Sufficient Notice of Release, Exculpation, and Injunction Provisions in the Plan**.

15.       Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.  Fed. R. Bankr. P. 3016(c).

16.       Article VIII of the Plan and Article III.O.5 of the Disclosure Statement describe in detail the entities that may be subject to an injunction under the Plan and Disclosure Statement and the acts that they may be enjoined from pursuing including bolded language related to the Debtor

Release, Third-Party Release, Exculpation, and Injunction.    Article VI.G of the Disclosure Statement also summarizes the appointment of Disinterested Directors to perform a comprehensive Independent Investigation into a number of issues.    The Disclosure Statement provides that the Debtor Release and certain definitions related to the releases generally are subject to the recommendation of the Disinterested Directors.    Further, the language in Article VIII.D-H of the Plan and Article III.O of the Disclosure Statement is in bold, making it conspicuous to anyone who reads it.    Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties that may be enjoined by the Plan.

## II.    The Court Should Approve the Ballots, the Confirmation Timeline, and the Forms of Notices Related to Solicitation.

### A.    The Court Should Approve the Voting Record Date, Solicitation Mailing Deadline, and Voting Deadline.

17.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a).  Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

18.    The Debtors request that the Court exercise its authority under Local Rule 3018-1 and Bankruptcy Rules 3017(c), 3017(d), and 3018(a) to establish, subject to the Court's

availability, (i) **April 1, 2024**, as the Voting Record Date; (ii) **three (3) business days following the entry of the Order** (or as soon as reasonably practicable thereafter), as the Solicitation Mailing Deadline; and (iii) **May 7, 2024 at 4:00 p.m.**, prevailing Eastern Time, as the Voting Deadline. Moreover, the Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

19.      The Debtors request that, after the Debtors distribute Solicitation Packages to Holders of Claims entitled to vote on the Plan, the Court require that all Holders of Claims entitled to vote on the Plan complete and submit their Ballots so that they are **actually received** by the Claims, Noticing and Solicitation Agent on or before the Voting Deadline. Similarly, Holders of Claims or Interests who wish to opt out of the Third-Party Release must complete and submit the Opt Out Form so that it is **actually received** by the Claims, Noticing and Solicitation Agent on or before the Voting Deadline.

20.      The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan at least twenty-eight (28) days to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting

Deadline consistent with the requirements of the applicable Bankruptcy Rules.[4]   Accordingly, the

Debtors request that the Court approve the form of, and the Debtors' proposed procedures for

distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes and the

deadline for Holders of Claims and Interests to vote to accept or reject the Plan and/or return Opt

Out Forms, as applicable.

> **B.**     **The Court Should Approve the Forms of the Ballots**.

21.     Bankruptcy Rule 3018(c) requires that "[a]n acceptance or rejection shall be in

writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security

holder or an authorized agent, and conform to the appropriate Official Form."

Fed. R. Bankr. P. 3018(c).   In accordance with Bankruptcy Rule 3018(c), the Debtors have

prepared and customized the Ballots.   Although based on Official Form B 314, the Ballots have

been modified to (a) address the particular circumstances of these Chapter 11 Cases and (b) include

certain additional information that is relevant and appropriate for Claims in the Voting Classes.

The proposed Ballots for the Voting Classes are annexed as <u>Exhibit 3A</u> and <u>Exhibit 3B</u> to the

Order.   The Debtors respectfully submit that the forms of the Ballots comply with Bankruptcy Rule

3018(c) and, therefore, should be approved.

> **C.**     **The Court Should Approve the Form and Distribution of the Solicitation Packages to Holders of Claims Entitled to Vote on the Plan**.

22.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of

allowed claims and/or equity interests upon approval of a disclosure statement, including the

---

[4]    *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain holders of claims).  Nonetheless, the Debtors request authority to extend the Voting Deadline in their sole discretion and without further order of the Court.

court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed.  Fed. R. Bankr. P. 3017(d).

23.     In accordance with this requirement, the Debtors propose to send the Solicitation Packages to provide Holders of Claims in the Voting Classes with the information they need to be able to make informed decisions with respect to how to vote on the Plan. Specifically, on or before the Solicitation Deadline, the Debtors will cause the Solicitation Packages to be distributed by e-mail, where available, and/or first-class mail through the Claims, Noticing and Solicitation Agent to such Holders of Claims in the Voting Classes.

24.     Each Solicitation Package will include the following materials, as applicable:

    a.     a copy of the Solicitation and Voting Procedures, substantially in the form attached to the Order as <u>Exhibit 1</u>;

    b.     the applicable forms of Ballots, substantially in the forms of the Ballots attached to the Order as <u>Exhibit 3A</u> and <u>Exhibit 3B</u> together with detailed voting instructions and instructions on how to submit the Ballots;

    c.     the Cover Letter, substantially in the form attached to the Order as <u>Exhibit 4</u>, which describes the contents of the Solicitation Package and urges Holders of Claims in the Voting Classes to vote to accept the Plan;

    d.     the Confirmation Hearing Notice, substantially in the form attached to the Order as <u>Exhibit 5</u>;

    e.     the Disclosure Statement (and exhibits thereto, including the Plan);

    f.     the Order granting the relief requested herein (without exhibits, except for the Solicitation and Voting Procedures);

    g.     a pre-addressed, postage pre-paid reply envelope;[5] and

    h.     any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

---

[5]     The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those Holders who receive a Ballot directly from the Debtors.

25.      The Debtors request that they be authorized to distribute the Plan, the Disclosure

Statement, and the Order (without exhibits, except for the Solicitation and Voting Procedures) to

Holders of Claims entitled to vote on the Plan in electronic format (*i.e.*, via e-mail, hyperlink and/or

on a flash drive, as applicable).   The Ballots, the Cover Letter, and the Confirmation Hearing

Notice will be provided in electronic format for those parties receiving service by e-mail, and paper

format for those parties receiving service by first-class mail.   Distribution in this manner will

translate into significant monetary savings for the Debtors' estates (the Plan, the Disclosure

Statement, and the proposed Order, collectively, are over 150 pages) by reducing printing and

postage costs.   Bankruptcy courts in this district and others have permitted debtors to transmit

solicitation documents in electronic format in other large chapter 11 cases in the interest of saving

printing and mailing costs.   *See, e.g.*, *In re Cyxtera Techs., Inc.,* No. 23-14853 (JKS) (Bankr.

D.N.J. Sept. 26, 2023) (authorizing the debtors to distribute solicitation packages in electronic

format by e-mail); *In re Bed Bath & Beyond Inc.,* No. 23-13359 (VFP) (Bankr. D.N.J. Aug. 2,

2023) (same); *In re BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Aug. 2, 2023) (same);

*In re SiO2 Medical Products, Inc.,* No. 23-10366 (JTD) (Bankr. D. Del. June 9, 2023) (authorizing

the debtors to distribute the plan, disclosure statement, and related documents electronically);

*In re Carestream Health Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Aug. 24. 2022) (authorizing

the debtors to provide solicitation packages electronically).   Accordingly, the Debtors believe that

their proposed notice and service procedures are in the best interest of the Debtors and their

stakeholders and maximize recoveries under the Plan.

26.      Additionally, the Debtors will provide complete Solicitation Packages (excluding

the Ballots) to the U.S. Trustee (in paper format) and all parties on the Master Service List (in

electronic form) as of the Voting Record Date.   Any party that receives the materials in electronic

format but would prefer paper format may contact the Claims, Noticing and Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). The Debtors will not provide Solicitation Packages to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are otherwise paid in full in the ordinary course of business pursuant to an order previously entered by this Court; (b) any party to whom the notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; (c) the holders of Class 12 (Intercompany Claims) and Class 13 (Intercompany Interests); or (d) parties that received a Notice of Non-Voting Status, as applicable.

27. The Debtors respectfully request that the Claims, Noticing and Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, the Notices of Non-Voting Status and Opt Out Forms, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to confirmation of the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, as the Debtors and/or the Claims, Noticing and Solicitation Agent deem necessary and applicable; *provided that* neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report.

28. The Debtors also request a waiver of: (i) any requirement to re-mail undeliverable Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable," "moved—no forwarding address," or otherwise returned; and (ii) any obligation for the Debtors or the Claims, Noticing and Solicitation Agent to conduct any additional research for updated addresses based on undeliverable Solicitation Packages or other undeliverable solicitation-related notices.

29. Given the timing considerations associated with tabulating Ballots, in addition to accepting hard copy Ballots via first-class mail, overnight courier, and hand delivery, the Debtors request authorization to accept electronic Ballots ("E-Ballots") via electronic, online transmissions through a customized online balloting portal on the Debtors' case website maintained by the Claims, Noticing and Solicitation Agent (the "E-Ballot Portal"). Parties may electronically sign and submit Ballots instantly. Instructions for electronic, online transmission of Ballot are set forth on the forms of Ballots. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

30. All votes to accept or reject the Plan must be cast by using the appropriate Ballots. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by: (a) first-class mail, in the return envelope provided with each Ballot; (b) overnight delivery; (c) electronically through the E-Ballot Portal at https://eballot.kccllc.net/Thrasio; or (d) personal delivery, so that the Ballots are **actually received** by the Claims, Noticing and Solicitation Agent no later than the Voting Deadline at the return address set forth in the applicable Ballot. Each Ballot contains detailed instructions that describe the appropriate means of Ballot submission.

**D.    The Court Should Approve the Confirmation Hearing Notice**.

31.    The Confirmation Hearing Notice includes the following: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibit attached thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims, Noticing and Solicitation Agent's and/or the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the date by which the Debtors will file the Plan Supplement; (d) notice of the Plan Objection Deadline; and (e) notice of the Confirmation Hearing Date and information related thereto.  The Debtors will serve the Confirmation Hearing Notice on all known Holders of Claims or Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) no later than the Solicitation Mailing Deadline.

32.    Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  Therefore, in addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will publish the Publication Notice in the *New York Times* (national edition) no later than the Publication Deadline.  The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by mail.  Additionally, service of the Confirmation Hearing Notice and publication of the Publication Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

**E.    The Court Should Approve the Plan Supplement Notice**.

33.    The Plan defines "Plan Supplement" to mean the compilation of documents and forms of documents, schedules, and exhibits to the Plan to be Filed by the Debtors no later than seven (7) days prior to the Voting Deadline, or such later date as may be approved by the Court

on notice to parties in interest.[6]   The Plan Supplement will include the following materials in connection with confirmation, as applicable:   (a) the New Stockholders Agreement; (b) the Schedule of Assumed Executory Contracts and Unexpired Leases; (c) the Schedule of Rejected Executory Contracts and Unexpired Leases; (d) Retained Causes of Action List; (e) the Restructuring Transactions Memorandum; (f) the identities of the members of the New Board, as applicable, and the officers of the Reorganized Debtors, if any, including information required to be disclosed in accordance with section 1129(a)(5) of the Bankruptcy Code; (g) the Management Incentive Plan; (h) the First-Out Take Back Debt Credit Agreement; (i) the Second-Out Take Back Debt Credit Agreement, and (j) any and all other documentation necessary to effectuate the Restructuring Transactions or that is contemplated under the Plan.

34.     To ensure that all Holders of Claims or Interests receive notice of the Debtors' filing of the Plan Supplement, the Debtors propose to send the Plan Supplement Notice on the date the Debtors file the Plan Supplement, or as soon as practicable thereafter.   Accordingly, the Plan Supplement Notice should be approved.

**F.     The Court Should Approve the Forms of Notices to Non-Voting Classes and Opt Out Forms**.

35.     As discussed above, the Non-Voting Classes are not entitled to vote on the Plan. As a result, they will not receive Solicitation Packages and, instead, the Debtors propose that such parties receive a Notice of Non-Voting Status and Opt Out Form.   Specifically, in lieu of solicitation materials, the Debtors propose to provide the following to Holders of Claims or Interests in Non-Voting Classes:

---

[6]   *See* Plan at Art. I.A.108.

| Class | Status | Treatment |
|---|---|---|
| Class 1 and Class 2 | Unimpaired—Presumed to Accept | Holders of Claims that are presumed to accept the Plan are not entitled to vote.  As such, Holders of such Claims, will receive a Notice of Non-Voting Status and Opt Out Form, substantially in the form attached to the Order as Exhibit 2A, in lieu of a Solicitation Package. |
| Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 11 | Impaired—Deemed to Reject[7] | Holders of Claims that are deemed to reject the Plan are not entitled to vote.  As such, Holders of such Claims, will receive a Notice of Non-Voting Status and Opt Out Form, substantially in the form attached to the Order as Exhibit 2B, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest.  As such, Holders of such Claims, will receive a Notice of Non-Voting Status and Opt Out Form, substantially in the form attached to the Order as Exhibit 2C, in lieu of a Solicitation Package. |

36.    In light of the fact that the Intercompany Claims and Intercompany Interests are all held by the Debtors or affiliates of the Debtors, the Debtors will not provide the Holders in Class 12 (Intercompany Claims) or Class 13 (Intercompany Interests) with a Solicitation Package or any other type of notice in connection with the solicitation.

37.    The Notices of Non-Voting Status and Opt Out Forms will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits attached thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims, Noticing and Solicitation Agent and/or the Court's website via PACER; (b) notice to recipients of their status as Holders or potential

---

[7]    To the extent a Proof of Claim is filed that is based solely on a Holder's equity Interests or the losses thereto, such Holder will be classified as a Class 5 - Class 11 claimant and such Claim will be treated in accordance with Class 5 - Class 11 and not entitled to vote on the Plan.

Holders of Claims or Interests in non-voting classes; (c) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in <u>Article VIII</u> of the Plan; and (d) the Opt Out Form by which Holders could elect to opt out of the Third-Party Release set forth in <u>Article VIII.D</u> of the Plan.

38.     Given the attendant timing considerations associated with tabulating Opt Out Forms, in addition to accepting hard copy Opt Out Forms via first-class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Opt Out Forms electronically through the E-Ballot Portal at <u>https://eballot.kccllc.net/Thrasio</u>.  Parties may electronically sign and submit the Opt Out Forms instantly.  Instructions for electronic, online transmission of Opt Out Forms are set forth on the Opt Out Forms.  The encrypted audit trail created by such electronic submission shall become part of the record of any Opt Out Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

39.     The Debtors believe that mailing the Notices of Non-Voting Status and Opt Out Forms in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d).  Accordingly, unless the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes.

**G.     The Court Should Approve Notices to Contract and Lease Counterparties**.

40.     <u>Article V</u> of the Plan provides that each of the Debtors' Executory Contracts and Unexpired Leases shall be deemed assumed, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, as of the Effective Date under section 365 of the Bankruptcy Code, unless such Executory Contract and Unexpired Lease:  (i) was previously assumed, assumed and assigned, or rejected previously by the Debtors; (ii) previously expired or terminated pursuant to its own terms; (iii) is the subject of a motion to assume, assume and assign,

or reject Filed on or before the Effective Date; or (iv) is identified on the Rejected Executory

Contract and Unexpired Lease List.

41.     To ensure that counterparties to Executory Contracts and Unexpired Leases receive

notice of the assumption or rejection of their Executory Contract or Unexpired Lease, if any,

pursuant to the Plan, the Debtors will mail the Assumption Notice and the Rejection Notice, as

applicable and appropriate as provided herein.   Accordingly, the Assumption Notice and the

Rejection Notice should be approved.

**III.    The Court Should Approve the Solicitation and Voting Procedures**.

42.     Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted
> by creditors, other than any entity designated under subsection (e)
> of this section, that hold at least two-thirds in amount and more than
> one-half in number of the allowed claims of such class held by
> creditors, other than any entity designed under subsection (e) of this
> section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

43.     Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or

rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed

by the creditor or equity security holder or an authorized agent, and conform to the appropriate

Official Form."   Fed. R. Bankr. P. 3018(c).   Consistent with these requirements, the Debtors

propose using the Solicitation and Voting Procedures.   The Solicitation and Voting Procedures

include specific voting and tabulation requirements and procedures, as described below.

**A.    Completion of Ballots**.

44.     To ease and clarify the process of tabulating all votes received, the Debtors propose

that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies

certain criteria.   Specifically, the Solicitation and Voting Procedures provide that the Debtors will

not count a Ballot if it is, among other things, submitted by a Holder of a Claim or Interest that is not entitled to vote on the Plan or incomplete.  Further, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

**B.    General Ballot Tabulation and Voting Procedures**.

45.    The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots, voting procedures applicable to Holders of Claims, and tabulation of such votes.  The Debtors believe that the proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process.  Specifically, the procedures will clarify any obligations of Holders of Claims entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code.  Accordingly, the Debtors submit that the Solicitation and Voting Procedures are in the best interests of the Debtors' Estates, Holders of Claims or Interests, and other parties in interest, and that good cause supports the relief requested herein.

46.    The Debtors respectfully request that the Claims, Noticing and Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in: (a) distributing the Solicitation Package and Notices of Non-Voting Status and Opt Out Forms; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, Notices of Non-Voting Status and Opt Out Forms, and all other documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to confirmation of the Plan; (d) soliciting votes on the Plan; and (e) if necessary,

contacting creditors who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, as the Debtors and/or the Claims, Noticing and Solicitation Agent deem necessary and applicable; *provided that* neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report.

## IV.    The Court Should Approve the Procedures for Confirming the Plan.

### A.    The Confirmation Hearing Date.

47.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and provides that parties in interest can object to confirmation.  11 U.S.C. § 1128.  Bankruptcy Rule 3017(a) also requires that the court "hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. P. 3017(a).  Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan.  Fed. R. Bankr. P. 3017(c).  Further, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, the trustee, all creditors and indenture trustees not less than 28 days . . . by mail of the time fixed . . . for filing objections and the hearing to consider approval of a disclosure statement or, under § 1125(f), to make a final determination whether the plan provides adequate information so that a separate disclosure statement is not necessary."  Fed. R. Bankr. P. 2002(b).

48.    In accordance with Bankruptcy Rules 2002 and 3017 and section 1128 of the Bankruptcy Code, the Debtors request that the Court establish **May 13, 2024, at [_____] a./p.m., prevailing Eastern Time**, as the Confirmation Hearing Date.  The Debtors further request that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without

further notice to parties in interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

> **B.**     **The Court Should Approve the Procedures for Filing Objections to Confirmation of the Plan**.

49.     Bankruptcy Rule 2002 requires no less than twenty-eight days' notice to all Holders of Claims of the time fixed for filing objections to the hearing on confirmation of a Chapter 11 plan.  Fed. R. Bankr. P. 2002(b), (d).  The Debtors request that the Court establish **May 7, 2024 at [      ] a/p.m. prevailing Eastern Time,** as the Plan Objection Deadline.

50.     The Debtors also request that the Court direct the manner in which parties in interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1).  The Confirmation Hearing Notice will require that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

>     a.     be in writing;
>
>     b.     conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;
>
>     c.     state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and
>
>     d.     be filed with the Court and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline.

51.     The Debtors believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, the Debtors, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

52.     Moreover, the Confirmation Hearing and any dates on the Confirmation Timeline may be adjourned or continued from time to time by the Court or the Debtors, without further notice other than adjournments announced in open court or as indicated in any notice of adjournment filed by the Debtors with the Court.

## **Non-Substantive Modifications**

53.     The Debtors request authorization to make changes to the Plan, Disclosure Statement, Solicitation and Voting Procedures, Ballots, Solicitation Packages, Notices of Non-Voting Status and Opt Out Forms, Confirmation Hearing Notice, Publication Notice, Cover Letter, Plan Supplement Notice, Assumption Notice, Rejection Notice, and any notice attached to the Order, and any related documents without further order of the Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including the appendices thereto) in the Solicitation Packages before distribution.

## **Reservation of Rights**

54.     Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to

section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

### **Waiver of Memorandum of Law**

55.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### **Notice**

56.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group; (d) counsel to the Administrative Agent under the Revolving Credit Facility; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; (g) the attorneys general in the states where the Debtors conduct their business operations; (h) the U.S. Securities and Exchange Commission; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

57.     No prior motion for the relief requested herein has been made to this Court or any other court.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and granting such other relief as is just and proper.

Dated: February 28, 2024

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:       msirota@coleschotz.com
              wusatine@coleschotz.com
              fyudkin@coleschotz.com
              jfrumkin@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Joint Administration Requested) |

## ORDER APPROVING (I) THE
## ADEQUACY OF THE DISCLOSURE STATEMENT,
## (II) THE SOLICITATION AND VOTING PROCEDURES,
## (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
## THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

The relief set forth on the following pages, numbered three (3) through sixteen (16),

is **ORDERED**.

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105, 363, 502, 1123(a), 1124, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3001, 3016, 3017, 3018, 3020, and 9006, and Local Rules 3016-1, 3018-1 and 9013-1 approving: (i) the adequacy of the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code,* [Docket No. [●]] (the "Disclosure Statement"); (ii) the Solicitation and Voting Procedures; (iii) the Ballots; (iv) the Solicitation Packages; (v) the Notices of Non-Voting Status and Opt Out Forms; (vi) the Confirmation Hearing Notice; (vii) the Publication Notice; (viii) the Cover Letter; (ix) the Plan Supplement Notice; (x) the Assumption Notice; (xi) the Rejection Notice; (xii) any other notices in connection therewith; and (xiii) certain dates with respect thereto, including but not limited to the Solicitation Mailing Deadline, the Publication Deadline, the Plan Supplement Filing Deadline, the Voting Deadline, the Plan Objection Deadline, the Deadline to file Voting Report, the Confirmation Brief and Plan Objection Reply Deadline, and the Confirmation Hearing Date; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** as set forth herein.

## I.     Approval of the Disclosure Statement.

2.     The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.     The Disclosure Statement (including all applicable exhibits attached thereto) provides Holders of Claims and Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

(Page | 5)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

**II.     Approval of the Procedures, Materials, and Confirmation Timeline for Soliciting Votes on and Confirming the Plan.**

    **A.     Approval of the Solicitation and Voting Procedures.**

    4.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

    **B.     Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

    5.     The following Confirmation Timeline is hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept the Plan, voting on the Plan, and confirming the Plan:

| Event | Date | Description |
|---|---|---|
| Voting Record Date | April 1, 2024 | The date to determine which Holders of Claims are entitled to vote to accept or reject the Plan (the "Voting Record Date"). |
| Solicitation Mailing Deadline[2] | Three (3) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The deadline by which the Debtors must distribute (i) Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan and (ii) Notice of Non-Voting Status and Opt Out Form (the "Solicitation Mailing Deadline"). |

---

[2]     For the avoidance of doubt, the Debtors and the Claims, Noticing and Solicitation Agent will distribute Solicitation Packages as soon as reasonably practicable following receipt of any valid and timely filed Proof of Claim that is filed after the Voting Record Date but before the Bar Date.

(Page | 6)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

| Event | Date | Description |
|---|---|---|
| Publication Deadline | Three (3) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The date by which the Debtors will submit the Confirmation Hearing Notice in a format modified for publication (such notice, the "Publication Notice," and such date, the "Publication Deadline"). |
| Plan Supplement Filing Deadline | The date that is no later than seven (7) days prior to the Voting Deadline | The date by which the Debtors shall file the Plan Supplement (the "Plan Supplement Filing Deadline"). |
| Voting Deadline | May 7, 2024, at 4:00 p.m., prevailing Eastern Time | The deadline by which all Ballots and Opt Out Forms must be properly executed, completed, and submitted so that they are **actually received** by Kurtzman Carson Consultants LLC (the "Claims, Noticing and Solicitation Agent"). |
| Plan Objection Deadline | May 7, 2024, at 4:00 p.m., prevailing Eastern Time | The deadline by which parties in interest may file objections to Confirmation of the Plan (the "Plan Objection Deadline"). |
| Deadline to File Voting Report | May 9, 2024 | The date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Confirmation Brief and Plan Objection Reply Deadline | May 9, 2024 | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan and reply to objections to confirmation of the Plan. |
| Confirmation Hearing Date | May 13, 2024, at [●] a.m/p.m., prevailing Eastern Time or such other date as may be scheduled by the Court | The date of the Confirmation Hearing (the "Confirmation Hearing Date"). |

6.     The Solicitation Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan. The Debtors may adjourn the Confirmation Hearing Date and any related dates and deadlines from time to time,

(Page | 7)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

without notice to the parties in interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

## C. Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.

7. The Solicitation Packages to be transmitted on or before the Solicitation Mailing Deadline, or as soon as reasonably practicable thereafter, to those Holders of Claims entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a. a copy of the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 1**;

b. the applicable forms of Ballots, substantially in the forms of the Ballots attached hereto as **Exhibit 3A** and **Exhibit 3B** together with detailed voting instructions and instructions on how to submit the Ballots;

c. the Cover Letter, substantially in the form attached hereto as **Exhibit 4**, which describes the contents of the Solicitation Package and urges Holders of Claims in the Voting Classes to vote to accept the Plan;

d. the Confirmation Hearing Notice, substantially in the form attached to the Order as **Exhibit 5**;

e. the Disclosure Statement (and exhibits thereto, including the Plan);

f. this Order (without exhibits, except for the Solicitation and Voting Procedures);

g. a pre-addressed, postage pre-paid reply envelope;[3] and

---

[3] The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those holders who receive a Ballot directly from the Debtors.

(Page | 8)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

h.      any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

8.      The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Mailing Deadline, or as soon as reasonably practicable thereafter.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.      The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

10.      The Debtors are authorized to cause the Solicitation Packages to be delivered via first-class mail and/or distributed in electronic format via e-mail, hyperlink, and/or flash drive, as applicable, through the Claims, Noticing and Solicitation Agent to Holders of Claims in the Voting Classes.  Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Claims, Noticing and Solicitation Agent and request paper copies of the materials previously received in electronic format (to be provided at the Debtors' expense).

11.      The Ballots, substantially in the forms attached hereto as **Exhibit 3A** and **Exhibit 3B**, are hereby approved and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(Page | 9)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

12.     The form of letter (the "Cover Letter"), attached hereto as **Exhibit 4**, describing the contents of the Solicitation Packages and recommending that such parties vote in favor of the Plan, is approved.

13.     The Debtors are authorized to cause the Notices of Non-Voting Status and Opt Out Forms to be delivered via first-class mail and/or e-mail, as applicable, through the Claims, Noticing and Solicitation Agent to Holders of Claims and Interests in the Non-Voting Classes.

14.     On or before the Solicitation Deadline, the Debtors (through the Claims, Noticing and Solicitation Agent) shall provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee (in paper format) and all parties on the Master Service List (in electronic form) as of the Voting Record Date.

15.     The Claims, Noticing and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages and Notices of Non-Voting Status and Opt Out Form; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) receiving, tabulating, and reporting on Opt Out Forms received by Holders of Claims and Interests; (d) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the approved Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, the Notices of Non-Voting Status, the Opt Out Form, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan, opting out of the Third-Party Release, and for objecting to

(Page | 10)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

confirmation of the Plan; (e) soliciting votes on the Plan; and (f) if necessary, contacting creditors or interest Holders regarding the Plan and/or the approved Disclosure Statement.

16. The Claims, Noticing and Solicitation Agent is also authorized to accept Ballots and Opt Out Forms via electronic online transmission through an online balloting portal on the Debtors' case website (the "E-Ballot Portal") as set forth in the applicable Ballots and Opt Out Form. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot or Opt Out Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. Ballots and Opt Out Forms submitted via E-Ballot shall be deemed to contain an original signature.

17. All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by: (a) first-class mail, in the return envelope provided with each Ballot; (b) overnight delivery; (c) E-Ballot through the Claims, Noticing and Solicitation Agent's E-Ballot Portal at https://eballot.kccllc.net/Thrasio; or (d) personal delivery, so that the Ballots are **actually received** by the Claims, Noticing and Solicitation Agent by no later than the Voting Deadline at the return address set forth in the applicable Ballot.

18. Opt Out Forms may be submitted via (i) hard copy through first-class mail, overnight courier, and hand delivery or (ii) E-Ballot through the Claims, Noticing and Solicitation Agent's E-Ballot Portal at https://eballot.kccllc.net/Thrasio, so that the Opt Out Form is **actually received** by the Claims, Noticing and Solicitation Agent no later than the Voting Deadline. The

(Page | 11)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

Debtors are authorized to extend the Voting Deadline in their discretion and without further order of the Court.

### D.    Approval of the Form of Notice to Non-Voting Classes and Opt Out Form.

19.    On or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, the Claims, Noticing and Solicitation Agent shall mail the Notices of Non-Voting Status and Opt Out Forms, the forms of which, attached hereto as **Exhibit 2A**, **Exhibit 2B**, and **Exhibit 2C**, are hereby approved and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, to those parties outlined below, who are not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Class 1 and Class 2 | Unimpaired—Presumed to Accept | Holders of Claims that are presumed to accept the Plan are not entitled to vote. As such, Holders of such Claims, will receive a Notice of Non-Voting Status and Opt Out Form, substantially in the form attached to the Order as <u>Exhibit 2A</u>, in lieu of a Solicitation Package. |
| Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 11 | Impaired—Deemed to Reject[4] | Holders of Claims that are deemed to reject the Plan are not entitled to vote. As such, Holders of such Claims, will receive a Notice of Non-Voting Status and Opt Out Form, substantially in the form attached to the Order as <u>Exhibit 2B</u>, in lieu of a Solicitation Package. |

---

[4]    To the extent a Proof of Claim is filed that is based solely on a Holder's equity Interests or the losses thereto, such Holder will be classified as a Class 5 - Class 11 claimant and such Claim will be treated in accordance with Class 5 - Class 11 and not entitled to vote on the Plan.

(Page | 12)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

| Class | Status | Treatment |
|---|---|---|
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest. As such, Holders of such Claims, will receive a Notice of Non-Voting Status and Opt Out Form, substantially in the form attached to the Order as <u>Exhibit 2C</u>, in lieu of a Solicitation Package. |

20.     The Debtors are not required to distribute Solicitation Packages, other solicitation materials, or a Notice of Non-Voting Status to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are otherwise paid in full in the ordinary course of business pursuant to an order previously entered by this Court; (b) any party to whom the notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; (c) the holders of Claims in Class 12 and Interests in Class 13; or (d) parties that received a Notice of Non-Voting Status and Opt Out Form, as applicable.

**E.     Approval of the Confirmation Hearing Notice.**

21.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 5**, which shall be filed by the Debtors and served upon parties in interest in these Chapter 11 Cases by no later than the Solicitation Mailing Deadline and published in a format modified for publication one time no later than the Publication Deadline, in the *New York Times* (national edition) constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan and Disclosure Statement can be obtained, and

| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
|---|---|
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## F.    Approval of Notice of Filing of the Plan Supplement.

22.    The Debtors are authorized to send notice of the filing of the Plan Supplement to parties in interest, substantially in the form attached hereto as **Exhibit 6**, within the time periods specified in the Plan.  Notwithstanding the foregoing, the Debtors may amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date in accordance with the Plan.

## G.    Approval of Notices to Contract and Lease Counterparties.

23.    The Debtors are authorized to mail notices of (i) assumption of any Executory Contracts and Unexpired Leases, in the form attached hereto as **Exhibit 7** and (ii) rejection of any Executory Contracts or Unexpired Leases, in the form attached hereto as **Exhibit 8**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan, within the time periods specified in the Motion.

## H.    Non-Substantive Modifications.

24.    The Debtors, consistent with the Restructuring Support Agreement, are authorized to make changes, to the Plan, Disclosure Statement, Solicitation and Voting Procedures, Ballots, Solicitation Packages, Notices of Non-Voting Status and Opt Out Forms, Confirmation Hearing Notice, Publication Notice, Cover Letter, Plan Supplement Notice, Assumption Notice, Rejection Notice, and any notice attached hereto, and any related documents without further order of the

(Page | 14)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al.* |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

Bankruptcy Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including any appendices thereto) in the Solicitation Packages before distribution. Subject to the foregoing, the Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Bankruptcy Court.

## III. Approval of Procedures for Confirming the Plan.

### A. Approval of the Procedures for Filing Objections to the Confirmation of the Plan.

25. Objections to the confirmation of the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. [●]] (the "Case Management Order"). Specifically, all objections to the confirmation of the Plan or requests for modifications to the Plan, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of this Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline.

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

## IV.    Miscellaneous.

26.    The Debtors' rights are reserved to modify the Plan without further order of the Bankruptcy Court in accordance with <u>Article X</u> of the Plan, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

27.    Nothing in the Motion or this Order waives or modifies the requirements of the Restructuring Support Agreement, including, without limitation, the consent and consultation rights contained in each of the foregoing documents.

28.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

29.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

31.    Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

32.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

33.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 16)

| | |
|---|---|
| Debtors: | THRASIO HOLDINGS, INC., *et al*. |
| Case No. | 24-11840 (CMG) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

34.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Solicitation and Voting Procedures**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**SOLICITATION AND VOTING PROCEDURES**

       **PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

### A. The Voting Record Date.

The Bankruptcy Court has approved **[April 1], 2024** as the record date for purposes of determining which Holders of Class 3 First Lien Claims and Class 4 General Unsecured Claims (each a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>") are entitled to vote on the Plan (the "<u>Voting Record Date</u>"). For the avoidance of doubt, the Debtors and the Claims, Noticing and Solicitation Agent will distribute Solicitation Packages as soon as reasonably practicable following receipt of any valid and timely filed Proof of Claim that is filed after the Voting Record Date but before the Bar Date.

### B. The Voting Deadline.

The Bankruptcy Court has approved **[May 7], 2024 at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline for the Plan (the "<u>Voting Deadline</u>"). The Debtors may extend the Voting Deadline, in their discretion, without further order of the Bankruptcy Court. To be counted as votes to accept or reject the Plan, all ballots (the "<u>Ballots</u>") must be executed, completed, and electronically submitted via (i) the Debtors' online balloting portal at https://eballot.kccllc.net/Thrasio pursuant to the instructions set forth on the applicable Ballot or (ii) first class mail, overnight courier, and hand delivery to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245, so that they are **actually received** by Kurtzman Carson Consultants LLC ("<u>KCC</u>" or the "<u>Claims, Noticing and Solicitation Agent</u>") no later than the Voting Deadline.

### C. Form, Content, and Manner of Notices.

1.  <u>The Solicitation Package</u>.

The following materials constitute the solicitation package (the "<u>Solicitation Package</u>") distributed to Holders of Claims in the Voting Classes:

> a.   these Solicitation and Voting Procedures;
>
> b.   the applicable form of Ballot, together with detailed voting instructions, and instructions on how to submit the Ballot;
>
> c.   the cover letter, which urges Holders of Claims in each of the Voting Classes to vote to accept the Plan (the "<u>Cover Letter</u>");
>
> d.   the notice of the Confirmation Hearing (the "<u>Confirmation Hearing Notice</u>");
>
> e.   the Disclosure Statement (and exhibits thereto, including the Plan);
>
> f.   the Disclosure Statement Order (without exhibits);
>
> g.   a pre-addressed, postage pre-paid reply envelope; and
>
> h.   any additional documents that the Bankruptcy Court has ordered to be made available.

2.  <u>Distribution of the Solicitation Package</u>.

The Debtors shall serve, or cause to be served, copies of the Solicitation Package to Holders of Claims in the Voting Classes. In addition, these Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Disclosure Statement Order, and all pleadings filed with the Bankruptcy Court shall be made available on the Debtors' case website https://kccllc.net/Thrasio, *provided* that any party that would prefer paper format may contact the Claims,

Noticing and Solicitation Agent by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing thrasioinfo@kccllc.com and referencing "Thrasio" in the subject line.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Classes **within three (3) business days following entry of the Disclosure Statement Order (or as soon as reasonably practicable thereafter)** who are entitled to vote, as described in Section D.1. below. The Debtors will not distribute Solicitation Packages or other solicitation materials to (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 12 (Intercompany Claims) or Class 13 (Intercompany Interests).

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

     3.    <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event.</u>

         a.    Subject to paragraph D.1.a herein, if a Claim in a Voting Class is subject to an objection that is filed with the Bankruptcy Court on or prior to seven (7) days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as <u>Exhibit 2C</u> to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.

         b.    If a Claim in a Voting Class is subject to an objection that is filed with the Bankruptcy Court less than seven (7) days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

         c.    A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two (2) business days prior to the Voting Deadline:

             i.    an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

             ii.    an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

             iii.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; *provided* that, to the extent material, the Debtors shall execute such agreement in consultation with the Required Consenting Lenders; or

             iv.    the pending objection is voluntarily withdrawn by the objecting party.

    d.        No later than three (3) business days (or within a week of the Voting Deadline, one (1) business day) following the occurrence of a Resolution Event, the Debtors shall cause the Claims, Noticing and Solicitation Agent to distribute a Solicitation Package to the relevant Holder via email.

    4.      <u>Notice of Non-Voting Status for Unimpaired, Impaired and Disputed Claims and Opt Out Form</u>.

    a.        Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as <u>Exhibit 2A</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain paper copies of the documents contained in the Solicitation Package (***excluding*** Ballots), as well as how they may opt out of the Third-Party Release.

    b.        Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan*, substantially in the form annexed as <u>Exhibit 2B</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain paper copies of the documents contained in the Solicitation Package (***excluding*** Ballots), as well as how they may opt out of the Third-Party Release.

    c.        Certain Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their claims unless a Resolution Event occurs and will receive the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as <u>Exhibit 2C</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain paper copies of the documents contained in the Solicitation Package (***excluding*** Ballots), as well as how they may opt out of the Third-Party Release.

    5.      <u>Notices in Respect of Executory Contracts and Unexpired Leases</u>.

Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice to Contract Parties to Potentially Assumed Executory Contracts*, substantially in the form attached as <u>Exhibit 7</u> to the Disclosure Statement Order, or a *Notice of Rejection of Executory Contracts and Unexpired Leases* substantially in the form attached as <u>Exhibit 8</u> to the Disclosure Statement Order, may file an objection to the Debtors' proposed assumption, rejection or cure amount, as applicable. Such objections must: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically (i) by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "<u>General Order</u>") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at <u>www.njb.uscourts.gov</u>, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before [**May 7], 2024 at 4:00 p.m. (prevailing Eastern Time)**.

| *Proposed Co-Counsel to the Debtors* | |
|---|---|
| **Kirkland & Ellis LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Attention:  Anup Sathy, P.C.<br><br>-and-<br><br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Matthew Fagen, P.C.; Francis Petrie;<br>Evan Swager | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention:  Michael D. Sirota; Warren A. Usatine;<br>Felice R. Yudkin |
| *Counsel to the Ad Hoc Group* | *Counsel to the Revolving Credit Facility Lenders* |
| **Gibson, Dunn & Crutcher LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Attention:  Scott J. Greenberg; Joe Zujkowski | **Simpson Thacher & Bartlett LLP**<br>425 Lexington Avenue<br>New York, New York 10017<br>Attention: Nicholas Baker, Philip L. DiDonato, Amy W. Zhuo |
| *United States Trustee* | *Committee* |
| **Office of the United States Trustee for the District of New Jersey, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br><br>Attention:  Jefferey M. Sponder; Laurie Bielskie | [●] |

D.      **Voting and Tabulation Procedures.**

1.      <u>Holders of Claims Entitled to Vote</u>.

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.      Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Bankruptcy Court under applicable law on or before the Voting Record Date) that:  (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Bankruptcy Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Bankruptcy Court; *provided*, *further*, that Holders of Claims that are subject to a pending objection on a "reclassify and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim at the applicable Debtor contained in such objection absent a further order of the Bankruptcy Court;

b.      Holders of Claims that are listed in the Schedules, *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed

Proof of Claim) shall be allowed to vote only in the amounts set forth in D.2. of these Solicitation and Voting Procedures;

c.      Holders whose Claims arise:  (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) from an order entered by the Bankruptcy Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

d.      Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.      with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.      <u>Establishing Claim Amounts for Voting Purposes.</u>

**Class 3 Claims.**  Notwithstanding anything to the contrary set forth herein, the Claim amount of Class 3 First Lien Claims, for voting purposes only, will be established by reference to the (a) Plan, (b)  DIP Orders, (c) Debtors' applicable books and records, and (d) list of record holders maintained by the Administrative Agent (as defined in the Plan), dated as of the Voting Record Date, as evidenced by the applicable records provided by the Administrative Agent to the Debtors, which records shall be provided no later than one (1) business day following the Voting Record Date.  In the event of any conflict between the Debtors' applicable books and records and the list of record holders maintained by the Administrative Agent, the list of record holders maintained by the Administrative Agent shall control for purposes of determining the amount of any First Lien Claim for voting purposes.

**Filed and Scheduled Claims.**  The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Claims, Noticing and Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

a.      the Claim amount:  (i) settled and/or agreed upon by the Debtors and, if material in consultation with the Required Consenting Lenders, as reflected in a document filed with the Bankruptcy Court; (ii) set forth in an order of the Bankruptcy Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.      the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event;

c.      the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of a (i) contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Claims, Noticing and Solicitation Agent) that is not the subject of a pending objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, which Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is

different from the Claim amount set forth in a document filed with the Bankruptcy Court referenced in subparagraph a above, the Claim amount in the document filed with the Bankruptcy Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.      the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law) that is asserted in currency other than U.S. Dollars shall be automatically deemed converted to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date.  Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

e.      Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

f.      Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g.      creditors will not be entitled to vote Claims to the extent their Claims have been superseded and/or amended by other Claims filed by or on behalf of such creditors, regardless of whether the Debtors have objected to the earlier filed Claim;

h.      to the extent a Proof of Claim is filed that is based solely on a Holder's equity Interests or the losses thereto, such Holder will be classified as a Class 5 - Class 11 claimant and such Claim will be treated in accordance with Class 5 - Class 11 and not entitled to vote on the Plan;

i.      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in one of the Voting Classes will be aggregated as if that creditor held one claim in such Voting Class, and the votes related to those Claims will be treated as a single vote to accept or reject the Plan;

j.      to the extent a Holder of a Claim files a Proof of Claim during the solicitation period that amends or supersedes a Claim for which a Solicitation Package was previously distributed to the same Holder, the Debtors are not obligated to cause the Claims, Noticing and Solicitation Agent to distribute an additional Solicitation Package to such Holder;

k.      notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

l.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

3.      <u>Voting and Ballot Tabulation Procedures</u>.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a. except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims, Noticing and Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

b. the Claims, Noticing and Solicitation Agent will date-stamp all Ballots when received;

c. the Claims, Noticing and Solicitation Agent shall retain copies of Ballots and all solicitation-related correspondence for two (2) years following the closing of the Chapter 11 Cases, whereupon the Claims, Noticing and Solicitation Agent is authorized to destroy and/or otherwise dispose of:  (a) all copies of Ballots; (b) printed solicitation materials including unused copies of the Solicitation Package; and (c) all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Bankruptcy Court in writing within such two year period;

d. the Debtors will file the Voting Report by no later than three (3) days prior to the Confirmation Hearing.  The Voting Report shall, among other things, delineate every Ballot that was excluded from the voting results (each an "Irregular Ballot"), including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged.  The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots.  Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

e. an executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Claims, Noticing and Solicitation Agent by facsimile or any means other than expressly provided in the applicable Ballot will not be valid;

f. except as otherwise provided, a Ballot will be deemed delivered only when the Claims, Noticing and Solicitation Agent actually receives the executed Ballot;

g. no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims, Noticing and Solicitation Agent), or the Debtors' financial or legal advisors, and, if so sent, will not be counted;

h. if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

i. Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

j. a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

k.      the Debtors, subject to a contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable;

l.      neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

m.      unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with submissions of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that a valid opt out election on an otherwise defective or irregular Ballot submitted prior to the Voting Deadline shall be honored as a valid opt out election;

n.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.      subject to any order of the Bankruptcy Court, the Debtors reserve the right to reject any and all ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

p.      if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution;

q.      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot sent to any of the Debtors, the Debtors' agents or representatives, or the Debtors' advisors (other than the Claims, Noticing and Solicitation Agent); and (vii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

s.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors or further order of the Bankruptcy Court; and

t.      the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes.

E.      **Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors, subject to the rights and obligations in the Restructuring Support Agreement, reserve the right to make changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Notices of Non-Voting Status and Opt Out Forms, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, Rejection Notice, and any related documents without further order of the Bankruptcy Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any materials in the Solicitation Packages before distribution.

*       *       *       *       *

**<u>Exhibit 2A</u>**

**Unimpaired Non-Voting Status Notice**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF NON-VOTING STATUS TO HOLDERS
### OF UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are a Holder or potential Holder of a Claim or Interest against the Debtors that, due to the nature and treatment of such Claim or Interest under the Plan, ***is not entitled to vote on the Plan***. Specifically, under the terms of the Plan, a Holder of a Claim or Interest in a Class that is not Impaired under the Plan and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code is ***not*** entitled to vote on the Plan. Classes 1 and 2 are deemed to vote to accept the Plan and not entitled to vote.

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding this notice you should contact Kurtzman Carson Consultants LLC, the Debtors' proposed solicitation agent in the chapter 11 cases (the "Claims, Noticing and Solicitation Agent"), by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; or (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/thrasio, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**WHILE YOU ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, THE OPT OUT FORM ATTACHED HERETO PROVIDES YOU WITH THE OPTION TO NOT GRANT THE VOLUNTARY RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN.**

---

[1]   The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT the following provisions are included in the Plan:**

<u>**ARTICLE VIII**</u> **OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND** <u>**ARTICLE VIII.F**</u> **CONTAINS THE FOLLOWING THIRD-PARTY RELEASE (THE "**<u>**THIRD-PARTY RELEASE**</u>**"):**

Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this <u>Article VIII.F</u> and does not exercise such opt out may not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in this <u>Article VIII.F</u> or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in <u>Article VIII.F</u> of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in <u>Article VIII.F</u> of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in <u>Error! Reference source not found.</u> of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.

Definitions Related to the Third-Party Release under the Plan:

(1) "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals,

members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[3]

(2)   ["**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][4]

(3)   "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[5]

*        *        *

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES AND TO PROVIDE YOU WITH THE ATTACHED OPT OUT FORM WITH RESPECT TO THE THIRD-PARTY RELEASES INCLUDED IN THE PLAN.  IF YOU HAVE QUESTIONS REGARDING YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN OR THEREIN, YOU MAY CONTACT THE CLAIMS, NOTICING AND SOLICITATION AGENT OR DEBTORS' COUNSEL AT THE ADDRESSES PROVIDED BELOW.**

*[Remainder of page intentionally left blank]*

---

[3]   For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[4]   For the avoidance of doubt, all releases remain subject to the Independent Investigation.

[5]   For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[●], 2024

/s/  *[●]*
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**OPTIONAL:  RELEASE OPT OUT FORM**

You are receiving this opt out form (the "Opt Out Form") because you may be a Holder of a Claim that is not entitled to vote on the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan").  Holders of Claims are deemed to grant the Third-Party Release set forth in the Notice unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before **[May 7], 2024, at 4:00 p.m.**, prevailing Eastern Time (the "Opt Out Deadline"), and such objection is not resolved before confirmation.

**If you believe you are a Holder of a Claim with respect to Thrasio Holdings, Inc. or its Debtor affiliates and choose to opt out of the Third-Party Release set forth in Article VIII.F of the Plan, you may submit your election to opt-out through one of the following methods:  (i) completing, signing, and returning the Opt Out Form via first class mail, overnight courier, or hand delivery to Thrasio Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245, so that it is actually received by the Claims, Noticing and Solicitation Agent prior to the Opt Out Deadline, or (ii) by submitting the electronic version of your Opt Out Form through the e-balloting portal (the "E-Balloting Portal"), which can be accessed via the Debtors' restructuring website, https://www.kccllc.net/thrasio, according to instructions provided below.**

**Opt Out Form**

To ensure that your Opt Out Form is counted, clearly sign and return your Opt Out Form via (a) first class mail, overnight courier, or hand delivery to Thrasio Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245, or (b) the E-Balloting Portal as instructed below.

**THIS OPT OUT FORM, WHETHER SUBMITTED IN HARD COPY OR VIA THE E-BALLOTING PORTAL, MUST BE ACTUALLY RECEIVED BY KURTZMAN CARSON CONSULTANTS LLC (THE "CLAIMS, NOTICING AND SOLICITATION AGENT") BY [MAY 7], 2024, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "OPT OUT DEADLINE"). IF THE OPT OUT FORM IS RECEIVED AFTER THE OPT OUT DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1.**          **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.F OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.F OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT OUT FORM BY THE OPT OUT DEADLINE, OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐          **By checking this box, you elect to opt <u>out</u> of the Third-Party Releases.**

**Article VIII.F of the Plan contains the following Third-Party Release:**

          **Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

          **Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this <u>Article VIII.F</u> and does not exercise such opt out may not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors.  From and after the Effective Date, any Entity (i) that opted out of the releases contained in this <u>Article VIII.F</u> or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in <u>Article VIII.F</u> of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in <u>Article VIII.F</u> of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided**

**for in Error! Reference source not found. of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.**

Definitions Related to the Third-Party Release under the Plan:

(1) "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals, members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[1]

(2) ["**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][2]

(3) "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[3]

---

[1] For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[2] For the avoidance of doubt, all releases remain subject to the Independent Investigation.

[3] For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

**Item 2.**   **Certifications.**

By signing this Opt Out Form, the undersigned certifies:

(a)   that, as of [April 1,] 2024, (the "Voting Record Date"), either:  (i) the Entity is the Holder of the Claim(s) in one or more of Classes 1 or 2; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claim(s) in one or more of Classes 1 or 2;

(b)   that the Holder has received a copy of the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan* and that this Opt Out Form is submitted pursuant to the terms and conditions set forth therein;

(c)   that the Entity has submitted the same respective election concerning the releases with respect to all Claim(s) in a single Class; and

(d)   that no other Opt Out Form with respect to the amount(s) of Claim(s) in one or more of Classes 1 and 2 have been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF YOU WISH TO MAKE THE OPT OUT ELECTION, PLEASE (I) COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT PROMPTLY BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS BELOW OR (II) SUBMIT THE ELECTRONIC VERSION OF YOUR OPT OUT FORM THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

**(I)     VIA FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:**

Thrasio Ballot Processing Center

c/o KCC

222 N. Pacific Coast Highway, Suite 300

El Segundo, CA 90245

Holders who wish to hand deliver an Opt Out Form should send an email to ThrasioInfo@kccllc.com at least 24 hours in advance of arrival with the anticipated date and time of delivery.

**(II)     VIA THE ONLINE PORTAL**

Please visit the Debtors' restructuring case website at: **https://www.kccllc.net/thrasio**.

Click on the "Submit Opt Out Form" section of the website and follow the directions to submit your electronic Opt Out Form.  You will need the following Unique ID# to access and submit your electronic Opt Out Form:

Unique ID#:_____

PIN: _____

If you choose to submit your Opt Out Form via the Online Portal, you should <u>not</u> also return a hard copy of your Opt Out Form.

<u>Submission via the E-Balloting Portal is the sole manner in which Opt Out Forms will be accepted via electronic or online transmission.  Opt Out Forms submitted by facsimile or email will not be counted.</u>

\*       \*       \*

**Exhibit 2B**

**Impaired Non-Voting Status Notice**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF NON-VOTING STATUS TO HOLDERS
### OF IMPAIRED CLAIMS AND INTERESTS DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are a Holder or potential Holder of a Claim or Interest against the Debtors that, due to the nature and treatment of such Claim or Interest under the Plan, *is **not** entitled to vote on the Plan*. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding this notice you should contact Kurtzman Carson Consultants LLC, the Debtors' proposed solicitation agent in the chapter 11 cases (the "Claims, Noticing and Solicitation Agent"), by:  (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team;  (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; or (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/thrasio, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**WHILE YOU ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, THE OPT OUT FORM ATTACHED HERETO PROVIDES YOU WITH THE OPTION TO NOT GRANT THE VOLUNTARY RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT the following provisions are included in the Plan:**

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.F** CONTAINS THE FOLLOWING THIRD-PARTY RELEASE (THE "**THIRD-PARTY RELEASE**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this **Article VIII.F** and does not exercise such opt out may not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in this **Article VIII.F** or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in **Article VIII.F** of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in **Article VIII.F** of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in **Error! Reference source not found.** of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.

Definitions Related to the Third-Party Release under the Plan:

(1) "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals, members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any

attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[3]

(2) ["**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][4]

(3) "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[5]

*            *            *

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES AND TO PROVIDE YOU WITH THE ATTACHED OPT OUT FORM WITH RESPECT TO THE THIRD-PARTY RELEASES INCLUDED IN THE PLAN.  IF YOU HAVE QUESTIONS REGARDING YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN OR THEREIN, YOU MAY CONTACT THE CLAIMS, NOTICING AND SOLICITATION AGENT OR DEBTORS' COUNSEL AT THE ADDRESSES PROVIDED BELOW.**

[*Remainder of page intentionally left blank*]

---

[3]    For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[4]    For the avoidance of doubt, all releases remain subject to the Independent Investigation.

[5]    For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[●], 2024

/s/  *[●]*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**OPTIONAL:  RELEASE OPT OUT FORM**

You are receiving this opt out form (the "Opt Out Form") because you may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan").  Holders of Claims are deemed to grant the Third-Party Release set forth in the Notice unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before **[May 7], 2024, at 4:00 p.m.**, prevailing Eastern Time (the "Opt Out Deadline"), and such objection is not resolved before confirmation.

**If you believe you are a Holder of a Claim or Interest with respect to Thrasio Holdings, Inc. or its Debtor affiliates and choose to opt out of the Third-Party Release set forth in Article VIII.F of the Plan, you may submit your election to opt-out through one of the following methods:  (i) completing, signing, and returning the Opt Out Form via first class mail, overnight courier, or hand delivery to Thrasio Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245, so that it is actually received by the Claims, Noticing and Solicitation Agent prior to the Opt Out Deadline, (ii) by submitting the electronic version of your Opt Out Form through the e-balloting portal (the "E-Balloting Portal"), which can be accessed via the Debtors' restructuring website, https://www.kccllc.net/thrasio, according to instructions provided below.**

**Opt Out Form**

To ensure that your Opt Out Form is counted, clearly sign and return your Opt Out Form via (a) first class mail, overnight courier, or hand delivery to Thrasio Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245, or (b) the E-Balloting Portal as instructed below.

**THIS OPT OUT FORM, WHETHER SUBMITTED IN HARD COPY OR VIA THE E-BALLOTING PORTAL, MUST BE ACTUALLY RECEIVED BY KURTZMAN CARSON CONSULTANTS LLC (THE "CLAIMS, NOTICING AND SOLICITATION AGENT") BY [MAY 7], 2024, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "OPT OUT DEADLINE"). IF THE OPT OUT FORM IS RECEIVED AFTER THE OPT OUT DEADLINE, IT WILL NOT BE COUNTED.**

<u>Item 1</u>.            **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.F OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.F OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT OUT FORM BY THE OPT OUT DEADLINE, OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐            **By checking this box, you elect to opt <u>out</u> of the Third-Party Releases.**

**Article VIII.F of the Plan contains the following Third-Party Release:**

> **Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

> **Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this <u>Article VIII.F</u> and does not exercise such opt out may not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors.  From and after the Effective Date, any Entity (i) that opted out of the releases contained in this <u>Article VIII.F</u> or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in <u>Article VIII.F</u> of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in <u>Article VIII.F</u> of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided**

for in **Error! Reference source not found.** of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.

Definitions Related to the Third-Party Release under the Plan:

(1) "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals, members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[1]

(2) ["**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][2]

(3) "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[3]

---

[1] For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[2] For the avoidance of doubt, all releases remain subject to the Independent Investigation.

[3] For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

**Item 2.**   **Certifications.**

By signing this Opt Out Form, the undersigned certifies:

(a)   that, as of [April 1], 2024 (the "Voting Record Date"), either:  (i) the undersigned is the Holder of Claim(s) or Interests; (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of Claim(s) or Interests;

(b)   that the Holder has received a copy of the *Notice of Non-Voting Status Notice to Holders of Impaired Claims and Interests Deemed to Reject the Plan* and that this Opt Out Form is submitted pursuant to the terms and conditions set forth therein;

(c)   that the Entity has submitted the same respective election concerning the releases with respect to all Claim(s) or Interests; and

(d)   that no other Opt Out Form with respect to the amount(s) of Claim(s) or Interests have been submitted or, if any other Opt Out Forms have been submitted with respect to such Claim(s) or Interests, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF YOU WISH TO MAKE THE OPT OUT ELECTION, PLEASE (I) COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT PROMPTLY BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS BELOW OR (II) SUBMIT THE ELECTRONIC VERSION OF YOUR OPT OUT FORM THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

**(I)      VIA FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:**

Thrasio Ballot Processing Center

c/o KCC

222 N. Pacific Coast Highway, Suite 300

El Segundo, CA 90245

Holders who wish to hand deliver an Opt Out Form should send an email to ThrasioInfo@kccllc.com at least 24 hours in advance of arrival with the anticipated date and time of delivery.

**(II)      VIA THE ONLINE PORTAL**

Please visit the Debtors' restructuring case website at: **https://www.kccllc.net/thrasio**.

Click on the "Submit Opt Out Form" section of the website and follow the directions to submit your electronic Opt Out Form.  You will need the following Unique ID# to access and submit your electronic Opt Out Form:

Unique ID#:_____

PIN: _____

If you choose to submit your Opt Out Form via the Online Portal, you should <u>not</u> also return a hard copy of your Opt Out Form.

<u>Submission via the E-Balloting Portal is the sole manner in which Opt Out Forms will be accepted via electronic or online transmission.  Opt Out Forms submitted by facsimile or email will not be counted.</u>

\*      \*      \*

**<u>Exhibit 2C</u>**

**Notice to Disputed Claim Holders**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS**

    **PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

    **PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is two (2) business days before the Voting Deadline** (each, a "Resolution Event"):

    1.    an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    2.    an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    3.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; *provided* that to, the extent material, the Debtors shall execute such agreement in consultation with the Required Consenting Lenders; or

    4.    the pending objection to such Claim is voluntarily withdrawn by the objecting party.

    **PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than three (3) business days (or one (1) business day if such Resolution Event occurs within one week of the Voting Deadline) thereafter, the Claims, Noticing and Solicitation Agent shall distribute a ballot to you, which must be

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

returned to the Claims, Noticing and Solicitation Agent no later than the Voting Deadline, which is on **[May 7], 2024 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding this notice you should contact Kurtzman Carson Consultants LLC, the Debtors' proposed solicitation agent in the chapter 11 cases (the "Claims, Noticing and Solicitation Agent"), by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; or (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/thrasio, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**WHILE YOU ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, THE OPT OUT FORM ATTACHED HERETO PROVIDES YOU WITH THE OPTION TO NOT GRANT THE VOLUNTARY RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT the following provisions are included in the Plan:**

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.F CONTAINS THE FOLLOWING THIRD-PARTY RELEASE (THE "THIRD-PARTY RELEASE"):**

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this Article VIII.F and does not exercise such opt out may not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in this Article VIII.F or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in Article VIII.F of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in Article VIII.F of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party. The**

**Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in Error! Reference source not found. of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.**

Definitions Related to the Third-Party Release under the Plan:

(1) "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals, members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[3]

(2) ["**Released Party**" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][4]

(3) "**Releasing Parties**" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[5]

\*     \*     \*

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES AND TO PROVIDE YOU WITH THE ATTACHED OPT OUT FORM WITH RESPECT TO THE THIRD-PARTY RELEASES INCLUDED IN THE PLAN. IF YOU HAVE QUESTIONS REGARDING YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN OR THEREIN, YOU MAY CONTACT THE CLAIMS, NOTICING AND SOLICITATION AGENT OR DEBTORS' COUNSEL AT THE ADDRESSES PROVIDED BELOW.**

---

[3] For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[4] For the avoidance of doubt, all releases remain subject to the Independent Investigation.

[5] For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[●], 2024

/s/  *[●]*
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**OPTIONAL:  RELEASE OPT OUT FORM**

You are receiving this opt out form (the "Opt Out Form") because you may be a Holder of a Claim that is not entitled to vote on the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan").  Holders of Claims are deemed to grant the Third-Party Release set forth in the Notice unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before **[May 7], 2024, at 4:00 p.m.**, prevailing Eastern Time (the "Opt Out Deadline"), and such objection is not resolved before confirmation.

**If you believe you are a Holder of a Claim with respect to Thrasio Holdings, Inc. or its Debtor affiliates and choose to opt out of the Third-Party Release set forth in Article VIII.F of the Plan, you may submit your election to opt-out through one of the following methods:  (i) completing, signing, and returning the Opt Out Form via first class mail, overnight courier, or hand delivery to Thrasio Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245, so that it is actually received by the Claims, Noticing and Solicitation Agent prior to the Opt Out Deadline, (ii) by submitting the electronic version of your Opt Out Form through the e-balloting portal (the "E-Balloting Portal"), which can be accessed via the Debtors' restructuring website, https://www.kccllc.net/thrasio, according to instructions provided below.**

## Opt Out Form

To ensure that your Opt Out Form is counted, clearly sign and return your Opt Out Form via (a) first class mail, overnight courier, or hand delivery to Thrasio Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245, or (b) the E-Balloting Portal as instructed below.

**THIS OPT OUT FORM, WHETHER SUBMITTED IN HARD COPY OR VIA THE E-BALLOTING PORTAL, MUST BE ACTUALLY RECEIVED BY KURTZMAN CARSON CONSULTANTS LLC (THE "CLAIMS, NOTICING AND SOLICITATION AGENT") BY [MAY 7], 2024, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "OPT OUT DEADLINE"). IF THE OPT OUT FORM IS RECEIVED AFTER THE OPT OUT DEADLINE, IT WILL NOT BE COUNTED.**

<u>Item 1.</u>                **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.F OF THE PLAN, AS SET FORTH BELOW.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.F OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT OUT FORM BY THE OPT OUT DEADLINE, OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐          **By checking this box, you elect to opt <u>out</u> of the Third-Party Releases.**

**Article VIII.F of the Plan contains the following Third-Party Release:**

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this <u>Article VIII.F</u> and does not exercise such opt out may**

not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors.  From and after the Effective Date, any Entity (i) that opted out of the releases contained in this **Article VIII.F** or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in **Article VIII.F** of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in **Article VIII.F** of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in **Error! Reference source not found.** of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.

Definitions Related to the Third-Party Release under the Plan:

(1) "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals, members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[1]

(2) ["**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][2]

(3) "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[3]

---

[1] For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[2] For the avoidance of doubt, all releases remain subject to the Independent Investigation.

[3] For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

**Item 2.**    **Certifications.**

By signing this Opt Out Form, the undersigned certifies:

    (a)   that, as of [April 1], 2024 (the "Voting Record Date"), either:  (i) the Entity is a Holder of a Claim against the Debtors that is not entitled to vote on the Plan; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of a Claim against the Debtors that is not entitled to vote on the Plan;

    (b)   that the Holder has received a copy of the *Notice of Non-Voting Status with Respect to Disputed Claims* and that this Opt Out Form is submitted pursuant to the terms and conditions set forth therein;

    (c)   that the Entity has submitted the same respective election concerning the releases with respect to all Claims in a single Class; and

    (d)   that no other Opt Out Form with respect to these Claim(s) has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claim(s), then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF YOU WISH TO MAKE THE OPT OUT ELECTION, PLEASE (I) COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT PROMPTLY BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS BELOW OR (II) SUBMIT THE ELECTRONIC VERSION OF YOUR OPT OUT FORM THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

**(I)      VIA FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:**

Thrasio Ballot Processing Center

c/o KCC

222 N. Pacific Coast Highway, Suite 300

El Segundo, CA 90245

Holders who wish to hand deliver an Opt Out Form should send an email to ThrasioInfo@kccllc.com at least 24 hours in advance of arrival with the anticipated date and time of delivery.

**(II)     VIA THE ONLINE PORTAL**

Please visit the Debtors' restructuring case website at: **https://www.kccllc.net/thrasio**.

Click on the "Submit Opt Out Form" section of the website and follow the directions to submit your electronic Opt Out Form.  You will need the following Unique ID# to access and submit your electronic Opt Out Form:

Unique ID#:_____

PIN: _____

If you choose to submit your Opt Out Form via the Online Portal, you should <u>not</u> also return a hard copy of your Opt Out Form.

<u>Submission via the E-Balloting Portal is the sole manner in which Opt Out Forms will be accepted via electronic or online transmission.  Opt Out Forms submitted by facsimile or email will not be counted.</u>

\*      \*      \*

## Exhibit 3A

**Class 3 Ballot (First Lien Claims)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**JOINT PLAN OF REORGANIZATION OF THRASIO HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 FIRST LIEN CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING AND SOLICITATION AGENT BY [MAY 7], 2024, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class 3 and Class 4 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a Class 3 First Lien Claim as of **[April 1], 2024** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of Class 3 First Lien Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you have any questions regarding this Ballot or the

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

voting procedures, please contact the Claims, Noticing and Solicitation Agent by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing thrasioinfo@kccllc.com and referencing "Thrasio" in the subject line.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [MAY 7], 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>Item 1</u>.   **Amount of First Lien Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 3 First Lien Claim(s) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claim(s):  $_____ |
| --- |

<u>Item 2</u>.   **Recovery.**

[Except to the extent that a Holder of a First Lien Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed First Lien Claim, each Holder of an Allowed First Lien Claim shall receive its *Pro Rata* share of [100]% of the New Common Stock, subject to dilution by the (i) DIP Exit Fee, (ii) Backstop Payment, and (iii) Management Incentive Plan.].

<u>Item 3</u>.   **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| ☐  **<u>ACCEPT</u>** (vote FOR) the Plan      ☐  **<u>REJECT</u>** (vote AGAINST) the Plan |
| --- |

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

*[Remainder of page intentionally left blank; continued next page.]*

**Item 5.**    **Important information regarding the Third-Party Release.**

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this <u>Article VIII.F</u> and does not exercise such opt out may not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in this <u>Article VIII.F</u> or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in <u>Article VIII.F</u> of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in <u>Article VIII.F</u> of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in <u>Error! Reference source not found.</u> of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.**

Definitions Related to the Third-Party Release under the Plan:

(1)    "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals, members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[2]

---

[2]    For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

(2) ["**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][3]

(3) "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[4]

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII</u> OF THE PLAN.  THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.E.</u> OF THE PLAN.  THIS MEANS THAT THE REORGANIZED DEBTORS MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

---

[3]    For the avoidance of doubt, all releases remain subject to the Independent Investigation.

[4]    For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

| |
|---|
| ☐   **OPT OUT** **of the Third-Party Release** |

**Item 6**.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of the Class 3 First Lien Claim(s) being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim(s);

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 3 First Lien Claim(s) in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 3 First Lien Claim(s) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3 First Lien Claim(s), then any such earlier Ballots are hereby revoked and deemed to be null and void.

Name of Holder: _____
                              (Print or Type)

Signature: _____

Name of Signatory: _____
                              (If other than the holder)

Title: _____

Address: _____

_____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

---

**THE VOTING DEADLINE IS [MAY 7], 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**RETURN INSTRUCTIONS**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT PRIOR TO THE VOTING DEADLINE.  YOU MAY SUBMIT YOUR BALLOT VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Thrasio Ballot Processing Center
c/o KCC**

**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**ALTERNATIVELY,**
**YOU CAN SUBMIT YOUR BALLOT ELECTRONICALLY VIA THE E-BALLOT PORTAL**
**(AN "E-BALLOT") BY VISITING:**

https://www.kccllc.net/thrasio (the "E-Ballot Portal").

Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-BALLOT.

**Parties that submit their Ballot using the E-Ballot Portal should NOT also submit a paper Ballot. Ballots**
**submitted via facsimile or email will not be counted.**

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE YOUR**
**CUSTOMIZED ELECTRONIC BALLOT.**

**UNIQUE ID#:** _____

**PIN#:** _____

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR**
**THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT**
**(866) 967-0496 (TOLL FREE) OR +1(310) 751-2696 (INTERNATIONAL) OR E-MAIL**
**THRASIOINFO@KCCLLC.COM.**

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

This Ballot contains voting options with respect to the Plan.

1. To ensure that your vote is counted, this Ballot must be properly completed, executed, and delivered (a) via first-class mail, overnight courier, or hand delivery to Thrasio Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (b) via the Claims, Noticing and Solicitation Agent's E-Ballot Portal at www.kccllc.net/Thrasio, so that this Ballot is actually received by the Claims, Noticing and Solicitation Agent on or before the Voting Deadline, 4:00 p.m. prevailing Eastern Time on **[May 7], 2024**.

2. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

3. To vote, you <u>MUST</u> deliver your completed Ballot (whether via first-class mail, hand delivery, or E-Ballot Portal to the Claims, Noticing and Solicitation Agent) so that it is <u>ACTUALLY RECEIVED</u> by the Claims, Noticing and Solicitation Agent on or before the Voting Deadline by one of the methods described above. **The Voting Deadline is 4:00 p.m. prevailing Eastern Time on [May 7], 2024**.

4. Any Ballot received by the Claims, Noticing and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company determines otherwise. No Ballot may be withdrawn or modified after the Voting Deadline without the Company's prior written consent.

5. Delivery of a Ballot reflecting your vote to the Claims, Noticing and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing and Solicitation Agent actually receives your paper Ballot or E-Ballot. In all cases, you should allow sufficient time to assure timely delivery.

6. If you deliver multiple Ballots to the Claims, Noticing and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

7. You must vote all of your Claims in the Voting Class either to accept or reject the Plan and may not split your vote. Further, if a Holder has multiple Claims in the Voting Class, the Company may direct the Claims, Noticing and Solicitation Agent to aggregate those Claims for the purpose of counting votes.

8. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim, in the Company's Chapter 11 Cases.

9. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

10. <u>SIGN AND DATE</u> your Ballot.[1] In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot. Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

11. If your Claim or Interest is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

## <u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>

---

[1] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing and Solicitation Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING AND SOLICITATION AGENT AT THRASIOINFO@KCCLLC.COM AND REFERENCE "IN RE: THRASIO - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS [MAY 7], 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE**

**<u>Exhibit 3B</u>**

**Class 4 Ballot (General Unsecured Claims)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**JOINT PLAN OF REORGANIZATION OF THRASIO HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4 GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING AND SOLICITATION AGENT BY [MAY 7], 2024, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE  "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class 3 and Class 4 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a Class 4 General Unsecured Claim of **[April 1], 2024** (the "Voting Record Date").  **For additional discussion of the treatment of**

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

**your Claims under the Plan and the rights of Holders of Class 4 General Unsecured Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you have any questions regarding this Ballot or the voting procedures, please contact the Claims, Noticing and Solicitation Agent by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing thrasioinfo@kccllc.com and referencing "Thrasio" in the subject line.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [MAY 7], 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>**Item 1**</u>.    **Amount of First Lien Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 4 General Unsecured Claim(s) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

|  |
|---|
| Amount of Claim(s):  $_____ |

<u>**Item 2**</u>.    **Recovery.**

[Except to the extent that a Holder of a General Unsecured Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim shall receive its *Pro Rata* share of the GUC Recovery Pool.].

<u>**Item 3**</u>.    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

|  |  |
|---|---|
| ☐   <u>**ACCEPT**</u> (vote FOR) the Plan | ☐   <u>**REJECT**</u> (vote AGAINST) the Plan |

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

*[Remainder of page intentionally left blank; continued next page.]*

**Item 5.**    **Important information regarding the Third-Party Release.**

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

**Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this** <u>Article VIII.F</u> **and does not exercise such opt out may not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in this** <u>Article VIII.F</u> **or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in** <u>Article VIII.F</u> **of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in** <u>Article VIII.F</u> **of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in** <u>Error! Reference source not found.</u> **of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.**

<u>Definitions Related to the Third-Party Release under the Plan</u>:

(1)    "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals, members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any

attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[2]

(2) ["**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][3]

(3) "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[4]

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII</u> OF THE PLAN.  THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.E.</u> OF THE PLAN.  THIS MEANS THAT THE REORGANIZED DEBTORS MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

---

[2]  For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[3]  For the avoidance of doubt, all releases remain subject to the Independent Investigation.

[4]  For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

☐    **<u>OPT OUT</u> of the Third-Party Release**

<u>**Item 6**</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of the Class 4 General Unsecured Claim(s) being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim(s);

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 4 General Unsecured Claim(s) in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 4 General Unsecured Claim(s)identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 4 General Unsecured Claim(s), then any such earlier Ballots are hereby revoked and deemed to be null and void.

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than the holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

---

**THE VOTING DEADLINE IS [MAY 7], 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**RETURN INSTRUCTIONS**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT PRIOR TO THE VOTING DEADLINE.  YOU MAY SUBMIT YOUR BALLOT VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Thrasio Ballot Processing Center
c/o KCC**

**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**ALTERNATIVELY,**
**YOU CAN SUBMIT YOUR BALLOT ELECTRONICALLY VIA THE E-BALLOT PORTAL**
**(AN "E-BALLOT") BY VISITING:**

https://www.kccllc.net/thrasio (the "E-Ballot Portal").

Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-BALLOT.

**Parties that submit their Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.  Ballots**
**submitted via facsimile or email will not be counted.**

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE YOUR**
**CUSTOMIZED ELECTRONIC BALLOT.**

**UNIQUE ID#:**_____

**PIN#:**_____

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE**
**PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (866) 967-0496**
**(TOLL FREE) OR (310) 751-2696 (INTERNATIONAL) OR E-MAIL THRASIOINFO@KCCLLC.COM.**

## **INSTRUCTIONS FOR COMPLETING THIS BALLOT**

This Ballot contains voting options with respect to the Plan.

1. To ensure that your vote is counted, this Ballot must be properly completed, executed, and delivered (a) via first-class mail, overnight courier, or hand delivery to Thrasio Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or  (b) via the Claims, Noticing and Solicitation Agent's E-Ballot Portal at www.kccllc.net/Thrasio, so that this Ballot is actually received by the Claims, Noticing and Solicitation Agent on or before the Voting Deadline, 4:00 p.m. prevailing Eastern Time on **[May 7], 2024**.

2. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

3. To vote, you <u>MUST</u> deliver your completed Ballot (whether via first-class mail, hand delivery, or E-Ballot Portal to the Claims, Noticing and Solicitation Agent) so that it is <u>ACTUALLY RECEIVED</u> by the Claims, Noticing and Solicitation Agent on or before the Voting Deadline by one of the methods described above. **The Voting Deadline is 4:00 p.m. prevailing Eastern Time on [May 7], 2024.**

4. Any Ballot received by the Claims, Noticing and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company determines otherwise.  No Ballot may be withdrawn or modified after the Voting Deadline without the Company's prior written consent.

5. Delivery of a Ballot reflecting your vote to the Claims, Noticing and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing and Solicitation Agent actually receives your paper Ballot or E-Ballot.  In all cases, you should allow sufficient time to assure timely delivery.

6. If you deliver multiple Ballots to the Claims, Noticing and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

7. You must vote all of your Claims in the Voting Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims in the Voting Class, the Company may direct the Claims, Noticing and Solicitation Agent to aggregate those Claims for the purpose of counting votes.

8. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim, in the Company's Chapter 11 Cases.

9. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

10. <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

---

[1]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing and Solicitation Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

11. If your Claim or Interest is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

**<u>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING AND SOLICITATION AGENT AT THRASIOINFO@KCCLLC.COM AND REFERENCE "IN RE: THRASIO - SOLICITATION INQUIRY" IN THE SUBJECT LINE.</u>**

---

**THE VOTING DEADLINE IS [MAY 7], 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE**

---

**<u>Exhibit 4</u>**

**Cover Letter**



[●], 2024

<u>Via First-Class Mail</u>

**RE: Thrasio Holdings, Inc.,** *et al.,*
**Chapter 11 Case No. 24-11840 (CMG) (Jointly Administered)**

Dear Holders of Claims entitled to vote on the Plan,

You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").[1]

Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") on February 28, 2024.

On [●], 2024, the Bankruptcy Court entered the *Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto*[Docket No. [●]] (the "<u>Disclosure Statement Order</u>"): (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan, and (e) for filing objections to the Plan.

> **YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN. THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Bankruptcy Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Plan. The Solicitation Package consists of the following, as applicable:

1.  a copy of the Solicitation and Voting Procedures;

2.  a Ballot, together with detailed voting instructions, instructions on how to submit the Ballot, and a pre-addressed, postage prepaid return envelope[2];

3.  this letter;

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

[2]    The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those holders who receive a Ballot directly from the Debtors.

4.    the Confirmation Hearing Notice;

5.    the Disclosure Statement as approved by the Bankruptcy Court (and exhibits thereto, including the Plan);

6.    Disclosure Statement Order (without exhibits); and

7.    any additional documents that the Bankruptcy Court has ordered to be made available to the Voting Classes.

The Debtors have approved the filing of the Plan and the solicitation of votes to accept the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims, and all other parties in interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) on account of Claims asserted in the Chapter 11 Cases.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.**

**THE VOTING DEADLINE IS [MAY 7], 2024, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, however, please feel free to contact Kurtzman Carson Consultants LLC, the claims, noticing and solicitation agent retained by the Debtors in the Chapter 11 Cases ("KCC"), by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing thrasioinfo@kccllc.com and referencing "Thrasio" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER on the Bankruptcy Court's website at: https://www.njb.uscourts.gov/.

Please be advised that the KCC is authorized to answer questions about, and provide additional copies of, the Solicitation Packages, but may *not* advise you as to whether you should vote to accept or reject the Plan or provide any legal advice.

Sincerely,

Thrasio Holdings, Inc., on its own behalf and for each of the Debtors

*/s/*  _____

[●]

[●]

**<u>Exhibit 5</u>**

**Confirmation Hearing Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11**
**PLAN FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINE**

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be

---

[1]     The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and solicitation agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

[2]     Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on [**May 13], 2024, at [●], (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "<u>Confirmation Hearing</u>") before the Honorable Christine M. Gravelle, United States Bankruptcy Judge, 402 East State Street, Courtroom 3, Trenton, New Jersey 08608.

**<u>Voting Record Date</u>**. The voting record date (the "<u>Voting Record Date</u>") for purposes of determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim is [**April 1], 2024**.

**<u>Voting Deadline</u>**. If you held a Claim against the Debtors as of the Voting Record Date and are entitled to vote on the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s). For your vote to be counted in connection with Confirmation of the Plan, you must follow the appropriate voting instructions, complete all required information on the Ballot, as applicable, and execute and return the completed Ballot so that it is actually received by the Notice and Claims Agent in accordance with the voting instructions by **[May 7], 2024, at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Voting Deadline</u>"). Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

**<u>Objection Deadline</u>**. The court has established **[May 7], 2024, at 4:00 p.m. (prevailing Eastern Time)**, as the deadline for filing and serving objections to the Confirmation of the Plan (the "<u>Plan Objection Deadline</u>"). Any objection to the Plan must: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by (i) attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "<u>General Order</u>") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

| *Proposed Co-Counsel to the Debtors* | |
|---|---|
| **Kirkland & Ellis LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Attention: Anup Sathy, P.C.<br><br>-and-<br><br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Matthew Fagen, P.C.; Francis Petrie; Evan Swager | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention: Michael D. Sirota; Warren A. Usatine; Felice R. Yudkin |

| *Counsel to the Ad Hoc Group* | *Counsel to the Revolving Credit Facility Lenders* |
|---|---|
| **Gibson, Dunn & Crutcher LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Attention:  Scott J. Greenberg; Joe Zujkowski | **Simpson Thacher & Bartlett LLP**<br>425 Lexington Avenue<br>New York, New York 10017<br>Attention: Nicholas Baker, Philip L. DiDonato, Amy W. Zhuo |
| *United States Trustee* | *Committee* |
| **Office of the United States Trustee for the District of New Jersey, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br><br>Attention:  Jefferey M. Sponder; Laurie Bielskie | [●] |

**Plan Supplement**.  The Debtors intend to file a Plan Supplement on **the date that is no later than seven (7) days prior to the Voting Deadline**.  The Debtors do not intend to serve copies of the Plan Supplement on all parties-in-interest in these Chapter 11 Cases; the Plan Supplement, however, may be obtained from the Claims, Noticing and Solicitation Agent.

**Assumption and Rejection Notices**.  The Debtors intend to file **on or before [●] 2024,** the list of Executory Contracts and Unexpired Leases to be assumed and rejected consistent with Article V of the Plan.  The Debtors do not intend to serve copies of the list of Executory Contracts and Unexpired Leases to be assumed and rejected on all parties-in-interest in these Chapter 11 Cases; the list, however, may be obtained from the Claims, Noticing and Solicitation Agent.  The Debtors will send a separate notice advising applicable counterparties to Executory Contracts and Unexpired Leases that their respective contracts or leases are being assumed, assumed and assigned, or rejected under the Plan, and if assumed or assumed and assigned, the proposed amount of Cure costs.  Any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption and assignment, or the related amount of the Cure costs, must be Filed, served, and actually received by the Debtors **on or before [●] 2024, at 4:00 p.m. (prevailing Eastern Time)** (the "Cure Objection Deadline"); or seven (7) days after receiving notice of any amendment, modification or supplement to the Cure cost.

**Obtaining Solicitation Materials**.  Holders of Claims that are entitled to vote on the Plan will receive a Solicitation Package.  Further copies of the Solicitation Package may be obtained by:  (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; or (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/thrasio, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Claims, Noticing and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**<u>CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN</u>**

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND RELEASES OF LIENS AND GUARANTEES, ATTACHED HERETO AS <u>ANNEX I</u>, AND <u>ARTICLE VIII.F CONTAINS A THIRD-PARTY RELEASE</u>.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES <u>UNLESS</u> SUCH HOLDERS:  (X) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; OR (Y) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.

*[Remainder of page intentionally left blank]*

[●], 2024

/s/  *[●]*
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

> **IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE,**
>
> **PLEASE CALL (866) 967-0496 (DOMESTIC) OR +1 (310) 751-2696 (INTERNATIONAL),**
>
> **OR SUBMIT AN INQUIRY VIA WWW.KCCLLC.NET/THRASIO/INQUIRY.**

## Annex I

## Discharge, Injunctions, Exculpation, and Releases

Please be advised that Article VIII of the Plan contains certain release, exculpation, and injunction provisions as follows:

## Relevant Definitions

(1) "**Exculpated Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) each lender and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j).[3]

(2) "**Related Party**" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, partners, limited partners, general partners, principals, members, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including any attorneys or professionals retained by any current or former director or manager of a Debtor in his or her capacity as director or manager as a Debtor).[4]

(3) ["**Released Party**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clauses (a) through this clause (j); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Released Party.][5]

(4) "**Releasing Parties**" means, collectively, and in each case in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Consenting Lenders; (d) the DIP Lenders; (e) the Ad Hoc Group and each member of the Ad Hoc Group; (f) the Administrative Agent; (g) the Arrangers, each lender, and Issuing Banks and other secured parties under the First Lien Credit Agreement; (h) the DIP Backstop Parties; (i) all Holders of Claims; (j) all holders of Interests; (k) each current and former wholly-owned Affiliate of each Entity in clause (a) through the following clause (l); and (l) each Related Party of each Entity in clauses (a) through this clause (l); *provided, however*, that each Entity that timely and properly opts out of the releases contemplated herein shall not be a Releasing Party; *provided, further, however*, that any Holder of Interests who acquired such Interests after the Voting Record Date (as such term is

---

[3]    For the avoidance of doubt, all exculpations remain subject to the Independent Investigation.

[4]    For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Related Party" shall be limited to any Related Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

[5]    For the avoidance of doubt, all releases remain subject to the Independent Investigation.

defined in the Disclosure Statement Order) and did not receive an opt out election form shall not be a Releasing Party.[6]

<u>Debtor Release.</u>

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, as of the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, and their Estates from any and all Causes of Action, including any derivative claims asserted on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Dat; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.**

<u>Release by Holders of Claims and Interests.</u>

**Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the First Lien Credit Documents, the Preferred Equity Documents, the Exit Facilities, the Exit Facilities Documents, the DIP Facility, the DIP Orders, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Facility, the Exit Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any**

---

[6]     For the avoidance of doubt, and notwithstanding anything in the Plan to the contrary, for the BlackRock Consenting Creditors, the defined term "Releasing Party" shall be limited to any Releasing Party of the BlackRock Consenting Creditors for which such BlackRock Consenting Creditors are legally entitled to bind under applicable law.

post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement.

Without limiting the foregoing, from and after the Effective Date, any Entity that is given the opportunity to opt out of the releases contained in this **Article VIII.F** and does not exercise such opt out may not assert any claim or other Cause of Action against any Released Party based on or relating to, or in any manner arising from, in whole or in part, the Debtors. From and after the Effective Date, any Entity (i) that opted out of the releases contained in this **Article VIII.F** or (ii) was deemed to reject the Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in **Article VIII.F** of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in **Article VIII.F** of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible and as provided for in **Error! Reference source not found.** of the Plan, the Bankruptcy Court shall have jurisdiction to adjudicate the underlying claim or Cause of Action.

Exculpation.

Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Independent Investigation, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the Independent Investigation, the filing of the Chapter 11 Cases, the participation in the DIP Facility, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, the Plan Supplement, any Definitive Document, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

Injunction.

Except as otherwise specifically provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a

claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

## **Exhibit 6**

**Plan Supplement Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>THRASIO HOLDINGS, INC., *et al.*,<br><br>                              Debtors.[1] | Chapter 11<br><br>Case No. 24-11840 (CMG)<br><br>(Jointly Administered) |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

   **PLEASE TAKE NOTICE THAT** on [[●]], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and solicitation agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

PLEASE TAKE FURTHER NOTICE THAT as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Bankruptcy Court on [●], 2024 [Docket No. [●]]. The Plan Supplement contains the following documents each as defined in the Plan: (a) the New Stockholders Agreement; (b) the Schedule of Assumed Executory Contracts and Unexpired Leases; (c) the Schedule of Rejected Executory Contracts and Unexpired Leases; (d) Retained Causes of Action List; (e) the Restructuring Transactions Memorandum; (f) the identities of the members of the New Board, as applicable, and the officers of the Reorganized Debtors, if any, including information required to be disclosed in accordance with section 1129(a)(5) of the Bankruptcy Code; (g) the Management Incentive Plan; (h) the First-Out Take Back Debt Credit Agreement; (i) the Second-Out Take Back Debt Credit Agreement, and (j) any and all other documentation necessary to effectuate the Restructuring Transactions or that is contemplated under the Plan.

PLEASE TAKE FURTHER NOTICE that these documents remain subject to continuing negotiations in accordance with the terms of the Plan and the Restructuring Support Agreement and the final versions may contain material differences from the versions filed herewith.  For the avoidance of doubt, the parties to the Restructuring Support Agreement have not consented to such documents as being in final form and reserve all rights in that regard. Such parties reserve all of their respective rights with respect to such documents and to amend, modify, or supplement the Plan Supplement and any of the documents contained therein through the Effective Date in accordance with the terms of the Plan and the Restructuring Support Agreement.  To the extent material amendments or modifications are made to any of these documents, the Debtors will file a redline version with the Court prior to the hearing to consider confirmation of the Plan.

PLEASE TAKE FURTHER NOTICE that the Plan Supplement is integral to, part of, and incorporated by reference into the Plan. Please note, however, these documents have not yet been approved by the Court.  If the Plan is confirmed, the documents contained in the Plan Supplement (including any amendments, modifications, or supplements thereto) will be approved by the Court pursuant to the order confirming the Plan.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **[May 13], 2024, at [●] a./p. m.], (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Christine M. Gravelle, United States Bankruptcy Judge, 402 East State Street, Courtroom 3, Trenton, New Jersey 08608.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan is **[May 7], 2024, at 4:00 p.m. (prevailing Eastern Time)** (the "Plan Objection Deadline").  Any objection to the Plan **must**:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by (i) attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

| *Proposed Co-Counsel to the Debtors* | |
|---|---|
| **Kirkland & Ellis LLP** <br> 300 North LaSalle Street <br> Chicago, Illinois 60654 <br> Attention:  Anup Sathy, P.C. <br><br> -and- | **Cole Schotz P.C.** <br> Court Plaza, 25 Main Street <br> Hackensack, New Jersey 10112 <br> Attention:  Michael D. Sirota; Warren A. Usatine; <br> Felice R. Yudkin |

| 601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Matthew Fagen, P.C.; Francis Petrie;<br>Evan Swager | |
| --- | --- |
| *Counsel to the Ad Hoc Group* | *Counsel to the Revolving Credit Facility Lenders* |
| **Gibson, Dunn & Crutcher LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Attention:  Scott J. Greenberg; Joe Zujkowski | **Simpson Thacher & Bartlett LLP**<br>425 Lexington Avenue<br>New York, New York 10017<br>Attention: Nicholas Baker, Philip L. DiDonato, Amy W. Zhuo |
| *United States Trustee* | *Committee* |
| **Office of the United States Trustee for the District of New Jersey, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br><br>Attention:  Jefferey M. Sponder; Laurie Bielskie | [●] |

   **PLEASE TAKE FURTHER NOTICE THAT** if you would like to **obtain a copy of the Disclosure Statement, the Plan, or related documents at no additional cost**, you should contact Kurtzman Carson Consultants LLC, the Debtors' claims, noticing and solicitation agent in the chapter 11 cases (the "Claims, Noticing and Solicitation Agent"), by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing thrasioinfo@kccllc.com and referencing "Thrasio" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/thrasio, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

> **ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.F CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING AND SOLICITATION AGENT.**

*[Remainder of page intentionally left blank]*

[●], 2024

/s/  *[●]*
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE,**

**PLEASE CALL (866) 967-0496 (DOMESTIC) OR +1 (310) 751-2696 (INTERNATIONAL),**

**OR SUBMIT AN INQUIRY VIA WWW.KCCLLC.NET/THRASIO/INQUIRY.**

**Exhibit 7**

**Notice of Assumption of Executory Contracts and Unexpired Leases**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE TO CONTRACT PARTIES**
**TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS**

    **PLEASE TAKE NOTICE THAT** on [[●]], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc.*

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and solicitation Agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

*and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT,** on [●], 2024, the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* [Docket No. [●]] (the "<u>Assumed Contract Schedule</u>") with the Bankruptcy Court as part of the *Plan Supplement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code,* as contemplated under the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **[May 13], 2024, at [●] a/p. m.], (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "<u>Confirmation Hearing</u>") before the Honorable Christine M. Gravelle, United States Bankruptcy Judge, 402 East State Street, Courtroom 3, Trenton, New Jersey 08608.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumed Contract Schedule.  Therefore, you are advised to carefully review the information contained in this notice and the related provisions of the Plan, including the Assumed Contract Schedule.

**PLEASE TAKE FURTHER NOTICE THAT**, on the Effective Date, the Reorganized Debtors will assume the contracts (the "<u>Assumed Contracts</u>") listed on the Assumed Contract Schedule, attached hereto as **Schedule A**, one of more of which you are a counterparty.  The Assumed Contract Schedule can also be viewed on the Debtors' case website, http://www.kccllc.net/thrasio.

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption.  Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Schedule A**.  Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to the assumption of an Executory Contract or Unexpired Lease under the Plan must be Filed with the Bankruptcy Court **on or before [May, 7 ]2024**.  Any such objection will be scheduled to be heard by the Bankruptcy Court at the Debtors' first scheduled omnibus hearing for which such objection is timely Filed.  Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.

**PLEASE TAKE FURTHER NOTICE THAT** if you disagree with the proposed assumption or related proposed Cure amounts, your objection (a "<u>Cure Objection</u>") must:  (i) be in writing; (ii) state with particularity the basis of the objection and, if the objection pertains to the proposed Cure amounts, state the correct Cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically (a) by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "<u>General Order</u>") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (b) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before **[May 7], 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Cure Objection Deadline</u>"):

| *Proposed Co-Counsel to the Debtors* | |
|---|---|
| **Kirkland & Ellis LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Attention:  Anup Sathy, P.C.<br><br>-and-<br><br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Matthew Fagen, P.C.; Francis Petrie;<br>Evan Swager | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention:  Michael D. Sirota; Warren A. Usatine;<br>Felice R. Yudkin |
| *Counsel to the Ad Hoc Group* | *Counsel to the Revolving Credit Facility Lenders* |
| **Gibson, Dunn & Crutcher LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Attention:  Scott J. Greenberg; Joe Zujkowski | **Simpson Thacher & Bartlett LLP**<br>425 Lexington Avenue<br>New York, New York 10017<br>Attention: Nicholas Baker, Philip L. DiDonato, Amy<br>W. Zhuo |
| *United States Trustee* | *Committee* |
| **Office of the United States Trustee for the District of New Jersey, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br><br>Attention:  Jefferey M. Sponder; Laurie Bielskie | **[●]** |

**PLEASE TAKE FURTHER NOTICE THAT** if no objection is filed by the Cure Objection Deadline, then: **(i) you will be deemed to have stipulated that the Cure amounts as determined by the Debtors are correct; (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assumed Contract; and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assumption.**

**PLEASE TAKE FURTHER NOTICE THAT** any Cure Objection that otherwise complies with these procedures yet remains unresolved as of the commencement of the Confirmation Hearing shall be heard at the Confirmation Hearing or a later date to be fixed by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** notwithstanding anything herein, the mere listing of any Assumed Contract on the Assumed Contract Schedule does not require or guarantee that such Assumed Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors with respect to such Assumed Contract are reserved.  Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assumed Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors to designate any Assumed Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE THAT** nothing herein:  (i) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract; (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kurtzman Carson Consultants LLC, the Debtors' proposed solicitation agent in the chapter 11 cases (the "<u>Claims, Noticing and Solicitation Agent</u>"), by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing thrasioinfo@kccllc.com and referencing "Thrasio" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/thrasio, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

**<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND <u>ARTICLE VIII.F</u> CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING AND SOLICITATION AGENT.**

---

*[Remainder of page intentionally left blank]*

Dated: [_____], 2024

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            jfurmkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**<u>Exhibit 8</u>**

**Notice of Rejection of Executory Contracts and Unexpired Leases**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE REGARDING EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

    **PLEASE TAKE NOTICE THAT** on [[●]], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or

---

[1]    The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims, noticing and solicitation Agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

PLEASE TAKE FURTHER NOTICE THAT, on [●], 2024, the Debtors filed the *Schedule of Rejected Executory Contracts and Unexpired Leases* [Docket No. [●]] (the "Rejected Contract Schedule") with the Bankruptcy Court as part of the *Plan Supplement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code,* as contemplated under the Plan.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **[May 13], 2024, at [●] a/p. m.], (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Christine M. Gravelle, United States Bankruptcy Judge, 402 East State Street, Courtroom 3, Trenton, New Jersey 08608.

PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Rejected Contract Schedule. Therefore, you are advised to carefully review the information contained in this notice and the related provisions of the Plan, including the Rejected Contract Schedule.

PLEASE TAKE FURTHER NOTICE THAT, on the Effective Date, the Reorganized Debtors will reject the contracts (the "Rejected Contracts") listed on the Rejected Contract Schedule, attached hereto as **Schedule A**, one of more of which you are a counterparty. The Rejected Contract Schedule can also be viewed on the Debtors' case website, http://www.kccllc.net/thrasio.

PLEASE TAKE FURTHER NOTICE THAT unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, according to the Plan or the Confirmation Order, if any, must be filed with the Claims, Noticing and Solicitation Agent (as defined below) and served on the Debtors, no later than the later of (a) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, the date that is **thirty (30) calendar days** after the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection or (b) the date that is thirty (30) days following the effective date of such rejection of an applicable Executory Contract or Unexpired Lease. **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed with the Claims, Noticing and Solicitation Agent within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors, the Reorganized Debtors, the Estates, or their property, without the need for any objection by the Debtors or Reorganized Debtors, or further notice to, action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, and be subject to the permanent injunction set forth in Article VIII.H of the Plan, notwithstanding anything in a Proof of Claim to the contrary.** All Allowed Claims arising from the rejection by any Debtor of any Executory Contract or Unexpired Lease shall be treated as General Unsecured Claims against the applicable Debtor in accordance with Article III.C of the Plan and may be objected to in accordance with the provisions of Article VII of the Plan and applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

PLEASE TAKE FURTHER NOTICE THAT nothing herein: (i) alters in any way the prepetition nature of the Rejected Contracts or the validity, priority, or amount of any claims of a counterparty to any Rejected Contract against the Debtors that may arise under such Rejected Contract; (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Rejected Contract against the Debtors that may arise under such Rejected Contract.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kurtzman Carson Consultants LLC, the Debtors' proposed solicitation agent in the chapter 11 cases (the "Claims, Noticing and Solicitation Agent"), by: (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245; or (d) e-mailing thrasioinfo@kccllc.com and referencing "Thrasio" in the subject line. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/thrasio, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

> **ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.F CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING AND SOLICITATION AGENT.

Dated: [_____], 2024

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             fyudkin@coleschotz.com
             jfurmkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (*pro hac vice* pending)
Francis Petrie (*pro hac vice* pending)
Evan Swager (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*