**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Evan Swager (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
jfrumkin@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| THRASIO HOLDINGS, INC., *et al.*, | Case No. 24-11840 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FILING OF**
**SETTLEMENT TERM SHEET**
**AS EXHIBIT H TO THE PLAN SUPPLEMENT**

   **PLEASE TAKE NOTICE THAT** on April 18, 2024, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. 399] (the "Disclosure Statement Order"): (a) authorizing Thrasio Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 398] (as modified, amended, or supplemented

---

[1]   The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' Claims, Noticing, and Solicitation Agent at https://www.kccllc.net/Thrasio.  The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

from time to time, the "Plan");[2] (b) approving the *Second Amended Disclosure Statement for the Joint Plan of Reorganization of Thrasio Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 397] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, on May 23, 2024, the Debtors filed the *Notice of Filing of Plan Supplement* [Docket Not 806] (the "Initial Plan Supplement") in support of the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors hereby file the Settlement Term Sheet as **Exhibit H** to the Plan Supplement with the Bankruptcy Court in further support of the Plan.

**PLEASE TAKE FURTHER NOTICE** that these documents remain subject to continuing negotiations in accordance with the terms of the Plan and the Restructuring Support Agreement and the final versions may contain material differences from the versions filed herewith.  For the avoidance of doubt, the parties to the Restructuring Support Agreement have not consented to such documents as being in final form and reserve all rights in that regard.  Such parties reserve all of their respective rights with respect to such documents and to amend, modify, or supplement the Plan Supplement and any of the documents contained therein through the Effective Date in accordance with the terms of the Plan and the Restructuring Support Agreement.  To the extent material amendments or modifications are made to any of these documents, the Debtors will file a redline version with the Court prior to the hearing to consider confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement is integral to, part of, and incorporated by reference into the Plan. Please note, however, these documents have not yet been approved by the Court.  If the Plan is confirmed, the documents contained in the Plan Supplement (including any amendments, modifications, or supplements thereto) will be approved by the Court pursuant to the order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **June 10, 2024, at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Christine M. Gravelle, United States Bankruptcy Judge, 402 East State Street, Courtroom 3, Trenton, New Jersey 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **June 5, 2024, at 2:00 p.m. (prevailing Eastern Time)** (the "Plan Objection Deadline").  Any objection to the Plan **must**: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by (i) attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court), and (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Plan Objection Deadline:

---

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

| Co-Counsel to the Debtors | |
|---|---|
| **Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention:  Anup Sathy, P.C.<br><br>-and-<br><br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Matthew Fagen, P.C.; Francis Petrie;<br>Evan Swager | **Cole Schotz P.C.**<br>Court Plaza, 25 Main Street<br>Hackensack, New Jersey 10112<br>Attention:  Michael D. Sirota; Warren A. Usatine;<br>Felice R. Yudkin |
| *Counsel to the Ad Hoc Group* | *Counsel to the Administrative Agent Under the Revolving Credit Facility* |
| **Gibson, Dunn & Crutcher LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Attention:  Scott J. Greenberg; Joe Zujkowski | **Simpson Thacher & Bartlett LLP**<br>425 Lexington Avenue<br>New York, New York 10017<br>Attention:  Nicholas Baker; Philip L. DiDonato;<br>Amy W. Zhuo |
| *United States Trustee* | *Official Committee of Unsecured Creditors* |
| **Office of the United States Trustee for the District of New Jersey, Region 3**<br>One Newark Center, Suite 2100<br>Newark, New Jersey 07102<br>Attention:  Jeffrey M. Sponder; Lauren Bielskie | **Morrison & Foerster LLP**<br>250 West 55th Street, New York, New York 10019<br>Attention:  Lorenzo Marinuzzi; Theresa Foudy;<br>Douglas Mannal; Raff Ferraioli; Darren Smolarski<br><br>-and-<br><br>**Kelley Drye & Warren LLP**<br>One Jefferson Road, 2nd Floor, Parsippany, New Jersey 07054<br>Attention:  James S. Carr; Maeghan Mcloughlin;<br>Connie Choe |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to **obtain a copy of the Disclosure Statement, the Plan, or related documents at no additional cost,** you should contact Kurtzman Carson Consultants LLC, the Debtors' claims, noticing, and solicitation agent in the chapter 11 cases (the "Claims, Noticing, and Solicitation Agent") by:  (a) calling (866) 967-0496 (domestic) or +1(310) 751-2696 (international) and asking for a member of the Solicitation Team; (b) submitting an inquiry to http://www.kccllc.net/thrasio/inquiry; (c) writing to Thrasio Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (d) e-mailing thrasioinfo@kccllc.com and referencing "Thrasio" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/thrasio, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.F** CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE,**

**PLEASE CALL (866) 967-0496 (DOMESTIC) OR +1 (310) 751-2696 (INTERNATIONAL),**

**OR SUBMIT AN INQUIRY VIA WWW.KCCLLC.NET/THRASIO/INQUIRY.**

*[Remainder of page intentionally left blank]*

Dated: May 31, 2024

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Jacob S. Frumkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             fyudkin@coleschotz.com
             jfrumkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
anup.sathy@kirkland.com

-and-

Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Francis Petrie (admitted *pro hac vice*)
Evan Swager (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
matthew.fagen@kirkland.com
francis.petrie@kirkland.com
evan.swager@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

### Exhibit H

**Settlement Term Sheet**

**Settlement Term Sheet**

The following is a summary term sheet (the "Settlement Term Sheet") of certain proposed terms related to confirmation of the *Joint Plan of Reorganization of Thrasio Holdings, Inc. and its Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 398] (the "Plan").[1]

**THIS SETTLEMENT TERM SHEET HAS BEEN PREPARED FOR SETTLEMENT DISCUSSION PURPOSES ONLY AND SHALL NOT CONSTITUTE AN ADMISSION OF LIABILITY BY ANY PARTY, BE ADMISSIBLE IN ANY ACTION RELATED TO THE MATTERS ADDRESSED HEREIN, OR CONSTITUTE A WAIVER OF ANY RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (THE "COMMITTEE").  THIS SETTLEMENT TERM SHEET DOES NOT CONSTITUTE (NOR SHALL IT BE CONSTRUED AS) AN OFFER OR SOLICITATION OF VOTES FOR OR AGAINST ANY CHAPTER 11 PLAN.**

**THIS SETTLEMENT TERM SHEET IS SUBJECT TO MATERIAL CHANGES AND IS BEING DISTRIBUTED FOR DISCUSSION AND SETTLEMENT PURPOSES ONLY AND IS SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE AND OTHER SIMILAR STATE AND FEDERAL STATUES, RULES, AND LAWS.**

| Vested Causes of Action |
|---|
| "**Excluded Parties**" shall mean (i) Joshua Silberstein, Carlos Cashman, Joseph Falcao, Daniel Boockvar, Mounir Ouhadi, and Aditya Rathod, (ii) transferees of Thrasio's assets in connection with transactions involving Yardline Capital Corp. between April 2020 and January 2022, including, but not limited to, Ari Horowitz, and (iii) the family members, related trusts, investment vehicles, affiliates, and successors and assigns of the persons in (i) and (ii), *provided*, that this clause (iii) shall not include any current or former directors and officers of the Debtors who are not otherwise listed as Excluded Parties in clause (i). |
| "**Vested Causes of Action**" shall mean any Claims and Causes of Action not released under the Amended Plan, including any Claims and Causes of Action against the Excluded Parties. |
| None of the Excluded Parties shall be Released Parties or Releasing Parties under the Amended Plan. |

| Settlement Terms | |
|---|---|
| **Settlement** | The Ad Hoc Group, the Committee, and the Debtors (collectively the "Parties") enter into this Settlement Term Sheet pursuant to which (a) the Parties have agreed to a good faith compromise and settlement of various issues and disputes which shall resolve all of the Committee's objections to the Plan and (b) the Debtors shall modify and amend the Plan to implement the terms contained herein (the "Amended Plan") that the Debtors shall seek to have confirmed pursuant to sections 1123 and 1129 of the Bankruptcy Code and Bankruptcy Rule 9019 with the Committee's support (the "Settlement"). |
| | This Settlement Term Sheet does not include a description of all of the terms, conditions, and other provisions that are contained in the Plan and to be contained in the Amended Plan and the documents necessary to give effect to the terms of the Amended Plan, including without limitation, the documents of the Plan Supplement, the documents forming the Thrasio Legacy SPV (defined below), and the Cooperation Agreement (the "Definitive Documents").  The Definitive Documents, including all Plan Supplement documents, all motions, and related orders, including the Confirmation Order, shall satisfy the requirements of the Bankruptcy Code and be consistent with this Settlement Term Sheet, and each of the Definitive Documents shall be in form and substance reasonably acceptable to the Debtors, the Committee, and the Ad Hoc Group. |
| | Nothing contained in this Term Sheet shall be construed to require the Debtors to amend the classification scheme contained in the Plan, and the Amended Plan shall not alter the classification scheme currently contemplated by the Plan. |
| | The Settlement shall be set forth in and governed by the Plan and the Confirmation Order. |
| **Thrasio Legacy SPV** | The Debtors or the Reorganized Debtors, as applicable, shall form a bankruptcy-remote special purpose vehicle (the "Thrasio Legacy SPV").[2]  Thrasio Legacy SPV shall have sole authority to investigate, prosecute, settle, or abandon the Vested Causes of Action, which upon the Effective Date shall vest solely in Thrasio Legacy SPV.  The Reorganized Debtors, in their reasonable discretion, may vest additional assets and corporate actions within Thrasio Legacy SPV from time to time.  The Amended Plan shall provide for the establishment of the Thrasio Legacy SPV on the Effective Date.  After the Effective Date, the Thrasio Legacy SPV shall have the sole authority to (1) file and prosecute objections to Claims in Class 4; (2) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims in Class 4; (3) settle, compromise, or resolve any Disputed Claim in Class 4 without any further notice to or action, order, or approval by the Bankruptcy Court; and (4) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court. |
| | As a condition of the Settlement, officers and directors of the Reorganized Debtors shall use commercially reasonable efforts to cooperate, support, and not obstruct the activities of the Thrasio Legacy SPV, including any Vested Causes of Action it investigates or pursues. |
| | In pursuing any claim, right, or Cause of Action (including the Vested Causes of Action), the Thrasio Legacy SPV shall be entitled to the tolling provisions provided under section 108 of the Bankruptcy Code and shall succeed to the Debtors' rights with respect to the time periods in which a Cause of Action may be brought under the Bankruptcy Code. |
| **Thrasio Legacy SPV Governance** | The Thrasio Legacy SPV will be administered by an individual selected by the Committee with the consent of the Ad Hoc Group (the "Thrasio Legacy SPV Administrator").  The Thrasio Legacy SPV Administrator |

---

[1]     Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[2]     The corporate form of Thrasio Legacy SPV is subject to ongoing tax analysis and may be a trust.

| **Settlement Terms** | |
|---|---|
| | will be overseen by a board composed of five members (the "Thrasio Legacy SPV Committee"): (1) two designees selected by the Ad Hoc Group, (2) two designees selected by the Committee, and (3) the Thrasio Legacy SPV Administrator.  The Thrasio Legacy SPV shall be governed by documents reasonably acceptable to the Ad Hoc Group, the Committee, and the Debtors or Reorganized Debtors (as applicable). |
| **Thrasio Legacy SPV Funding** | On the Effective Date, the Thrasio Legacy SPV shall be capitalized by an initial $5 million of funding provided by the Debtors or the Reorganized Debtors, as applicable (together, the "Initial Thrasio Legacy SPV Funding").<br><br>The Thrasio Legacy SPV Administrator shall maintain a reserve amount (the "Reserve") funded with cash from the Initial Thrasio Legacy SPV Funding or the Thrasio Legacy SPV Proceeds (defined below), as applicable.  Prior to any distribution date(s), the Thrasio Legacy SPV Administrator shall determine the Reserve, in consultation with the Thrasio Legacy SPV Committee, which shall be reasonably necessary to fund the projected reasonable expenses of the Thrasio Legacy SPV. |
| **Distribution of Thrasio Legacy SPV Interests** | The Amended Plan shall provide that the interests in Thrasio Legacy SPV ("Thrasio Legacy SPV Interests") shall be distributed as follows: (i) 50% of Thrasio Legacy SPV Interests shall be distributed to the Reorganized Debtors and (ii) 50% of Thrasio Legacy SPV Interests shall be distributed *pro rata* to Class 4 Holders of Allowed General Unsecured Claims, excluding Holders of any deficiency claim in respect of the First Lien Claims (such claims, the "Term Loan Deficiency Claims" and such holders of Thrasio Legacy SPV Interests other than the Reorganized Debtors, the "GUC SPV Interest Holders").  For the avoidance of doubt, Holders of Term Loan Deficiency Claims shall pursuant to the revised treatment section in the Amended Plan waive any right to and shall not receive any recovery under Class 4, subject to the occurrence of the Effective Date of the Amended Plan. |
| **Distribution of Thrasio Legacy SPV Proceeds** | Any proceeds received through the Vested Causes of Action, the claims underlying the Vested Causes of Action, or any settlements related thereto (the "Thrasio Legacy SPV Proceeds"),[3] in each case net of any expenses (including professional fees) incurred in connection therewith and subject to any Reserve, shall be distributed as follows:<br><br>• The Reorganized Debtors shall receive 80% of any Thrasio Legacy SPV Proceeds, and Thrasio Legacy SPV shall receive 20% of Thrasio Legacy SPV Proceeds, until the Initial Thrasio Legacy SPV Funding is repaid in full ("Distribution A");<br><br>• After Distribution A, the First Lien Lenders shall receive 70% of any Thrasio Legacy SPV Proceeds, and GUC SPV Interest Holders shall receive 30% of Thrasio Legacy SPV Proceeds, until the First Lien Lenders receive $3.5 million in distributions to compensate the First Lien Lenders receive for the professional fees associated with the Independent Investigation and the Committee's investigation ("Distribution B");<br><br>• After Distribution A and Distribution B, Thrasio Legacy SPV Proceeds shall vest in Thrasio Legacy SPV to be distributed *pro rata* to holders of Thrasio Legacy SPV Interests. |
| **Avoidance Action Release and Waiver** | On the Effective Date, the Debtors shall be deemed to waive and release any and all Avoidance Actions held by the Debtors, other than any Avoidance Action against the Excluded Parties. |
| **Access to Resources, Cooperation** | On or as soon as reasonably practicable following the Effective Date, at the sole cost of the Reorganized Debtors (i) the Reorganized Debtors and the Committee (prior to the Committee's dissolution on the Effective Date), shall deliver or cause to be delivered to the Thrasio Legacy SPV any and all books and records and all other documents and communications related to the Vested Causes of Action; (ii) the Reorganized Debtors shall provide reasonable and continuing access to such officers, directors and employees of the Reorganized Debtors and their agents, advisors, attorneys, accountants or any other professionals with knowledge of matters relevant to the Vested Causes of Action (including any former officers, directors, employees, agents, advisors, attorneys, accountants, or other professionals who owe a continuing duty of cooperation to the Reorganized Debtors); and (iii) the Reorganized Debtors shall promptly following receipt of a reasonable request from the Thrasio Legacy SPV Administrator, use commercially reasonable efforts to, (a) take, or cause to be taken, all such reasonable further actions, and execute and/or deliver all such additional instruments, agreements or documents, as the Thrasio Legacy SPV Administrator may request in order to evidence or effectuate the transfer of the Vested Causes of Action and the Privileges (defined below) to the Thrasio Legacy SPV Administrator and the consummation of the transactions contemplated hereby and by the Plan and to otherwise carry out the intent of the parties hereto and under the Plan, and (b) cooperate with the Thrasio Legacy SPV Administrator in the prosecution of the Vested Causes of Action and fulfilling its duties and obligations as the Thrasio Legacy SPV Administrator.<br><br>If the Thrasio Legacy SPV Administrator requires documents or information from the Reorganized Debtors, such requests shall be made by the Thrasio Legacy SPV Administrator to such employee of the Reorganized Debtors as may be designated from time to time (the "Company Representative").  The Company Representative will use reasonable efforts to respond to such information requests, including providing reasonable access to employees, as appropriate, to facilitate an efficient complex assets recovery process and litigation recovery process.  Any dispute regarding access set forth in this paragraph shall be resolved by the Thrasio Legacy SPV Committee. |

---

[3] For the avoidance of doubt, Thrasio Legacy SPV Proceeds shall include any proceeds received through any additional assets and corporate actions that may vest within Thrasio Legacy SPV from time to time.

| Settlement Terms | |
|---|---|
| **Preservation of Privileges and Defenses** | Except as expressly stated otherwise below, the Thrasio Legacy SPV shall stand in the same position as the Debtors and their estates (solely with regard to the Vested Causes of Action), and the Committee as to all evidentiary privileges of any type or nature whatsoever, including attorney-client privilege, the work product privilege or doctrine, any other privilege or immunity attaching to any documents or communications in any form, including electronic data hosted on remote servers, and any other applicable evidentiary privileges of each of the foregoing (collectively, the "<u>Privileges</u>"), and shall succeed to all of the rights of the Debtors and their estates (solely with regard to the Vested Causes of Action), and the Committee to preserve, assert, or waive any such Privileges, and shall be deemed to be the assignee by each Debtor and its respective estate (solely with regard to the Vested Causes of Action), and the Committee of each such Privilege as of the latter of (a) the Effective Date, or (b) the formation of Thrasio Legacy SPV; *provided*, that, notwithstanding the foregoing, the privilege of the Disinterested Directors is hereby recognized and shall remain in full force and effect and shall not be waived, nor shall any such privileged documents be turned over to any person or Entity without the consent of each of the Disinterested Directors.  The Disinterested Directors hereby consent to produce to Thrasio Legacy SPV, on or shortly after the Effective Date: (i) all interview memoranda regarding the interviews conducted in the Independent Investigation; (ii) a list of all interviews requested in the Independent Investigation; and (iii) all documents produced to the Disinterested Directors by the Debtors and/or any third parties.  The Disinterested Directors' agreement to produce these materials does not constitute a waiver of any privileges or work product protections that might exist, and will not be used by any of the Parties hereto or Thrasio Legacy SPV to argue that such a waiver has occurred.  The Disinterested Directors will discuss in good faith whether to produce any additional factual documentation or information related to the Independent Investigation, which shall not include any legal analysis, privileged communications, legal memoranda, or research.  For the avoidance of doubt, all Privileges, other than the Disinterested Directors' privileges, shall be transferred to and shall vest in Thrasio Legacy SPV.<br><br>Notwithstanding the Committee, the Debtors, the Reorganized Debtors, or any party-in-interest providing any privileged information to the Thrasio Legacy SPV, the Thrasio Legacy SPV Administrator, or the Thrasio Legacy SPV Committee, including any member thereof, such privileged information shall be without waiver in recognition of the joint and/or successor interest in investigating and prosecuting the Vested Causes of Action and shall remain privileged.<br><br>For the avoidance of doubt, the actions taken by the Committee, the Disinterested Directors, the Debtors, and the Reorganized Debtors in connection with the Amended Plan, this Settlement Term Sheet, or the formation of the Thrasio Legacy SPV shall not be (or deemed to be) a waiver of any Privilege of any of the Committee, the Disinterested Directors, the Debtors, and the Reorganized Debtors, as applicable, including any Privilege attaching to any document or communications (whether written or oral) transferred to the Thrasio Legacy SPV. |
| **Exculpation** | The Thrasio Legacy SPV Administrator shall be exculpated by the Thrasio Legacy SPV with respect to any potential liability in connection with any actions taken, including distributions, as Thrasio Legacy SPV Administrator. |
| **Releases** | The Amended Plan shall include mutual release, exculpation, and injunction provisions between the Debtors and the Committee, its members, and its professionals (without limiting or otherwise modifying such provisions for the benefit of the other parties hereto).<br><br>The releases in Article VIII of the Amended Plan will be amended consistent with the expansion of the definition of "Excluded Parties" in this Settlement Term Sheet such that the Excluded Parties shall not be Released Parties or Releasing Parties under the Amended Plan.<br><br>For the avoidance of doubt, the releases in Article VIII of the Amended Plan will not include claims relating to actual fraud or willful misconduct, and such claims shall vest in, are preserved for, and may be pursued by Thrasio Legacy SPV.<br><br>The Confirmation Order will make clear that the Excluded Parties are not released, and nothing contained in the Plan, any ballot, or any prior order of the Bankruptcy Court shall release any Excluded Party. |
| **Plan Support** | The Committee shall not object to the Amended Plan as reflected in this Settlement Term Sheet and shall support such Amended Plan, including, but not limited to by providing an updated letter on the case website hosted by the Debtors' claims and noticing agent that recommends that Holders of Allowed General Unsecured Claims vote in favor of the Amended Plan that shall also be distributed to all voting creditors in Class 4 prior to the Voting Deadline. |
| **Committee Standing Motion** | The Committee agrees not to seek standing to prosecute any estate claims against the Excluded Parties or to commence a Challenge (as defined in the DIP Orders), pending the occurrence of the Effective Date of the Amended Plan incorporating the terms of the Settlement.<br><br>In the event that the Debtors either (a) withdraw the Settlement or (b) prosecute a Plan that is inconsistent with this Settlement Term Sheet, the Committee shall be entitled to seek standing to prosecute any estate claims. The Debtors expressly preserve their rights to object to any standing motion filed by the Committee. |
| **Lien Challenge** | The deadline to commence a Challenge, as defined in the DIP Orders, shall be tolled until the earlier of (a) the occurrence of the Effective Date of the Amended Plan as reflected in this Settlement Term Sheet, and (b) seven (7) calendar days following the withdrawal of the Settlement or the filing of an Amended Plan that is inconsistent with this term sheet (the "<u>Extended Challenge Deadline</u>").  For the avoidance of doubt, the Debtors expressly preserve their rights to object to any standing motion filed by the Committee.<br><br>Prior to the Extended Challenge Deadline, the Committee shall not pursue a Challenge, as defined in the DIP Orders. |

| Settlement Terms | |
|---|---|
| **Recoupment** | Nothing in the Amended Plan, the Confirmation Order, the Plan Supplement Documents, or the Definitive Documents shall be deemed to affect, diminish, or impair any party's legal and equitable defenses and rights to setoffs and/or recoupment, and all such rights are expressly preserved. |
| **Cooperation Agreements** | Certain agreed-upon key individuals (the "Cooperating Parties") shall not be Excluded Parties only upon each respective Cooperating Party's execution of a reasonable cooperation agreement whereby each Cooperating Party will agree to use commercially reasonable efforts to fully cooperate with the investigation and prosecution of the Vested Causes of Action, taking into account the individual circumstances of each Cooperating Party, including personal obligations and go-forward contributions and obligations to the Reorganized Debtors (each, a "Cooperation Agreement"). Each Cooperation Agreement shall be in form and substance reasonably acceptable to the Debtors, the Committee, and the Ad Hoc Group. |
| | In the event that any of the Cooperating Parties fail to substantially adhere to the terms of a Cooperation Agreement that takes into account the personal and employment circumstances of each Cooperating Party, the Thrasio Legacy SPV Administrator shall provide a written notice to the Cooperating Party of any alleged default under the Cooperation Agreement. Upon receipt of such notice, the Cooperating Party shall have seven (7) days to cure its alleged default. In the event the Cooperating Party does not cure its alleged default, the Thrasio Legacy SPV Administrator may file a notice containing a proposed form of order with the Bankruptcy Court (the "Cooperation Default Notice") causing the defaulting Cooperating Party to become an Excluded Party. The Cooperating Party will have ten (10) business days from the filing of a Cooperation Default Notice to object to such Cooperation Default Notice. After notice and a hearing, if the Bankruptcy Court enters an order providing the Cooperating Party is in material violation of its respective Cooperation Agreement, then such Cooperating Party shall become an Excluded Party. There is no obligation for the Cooperating Parties to incur out of pocket expenses while objecting to any Cooperation Default Notice and under any Bankruptcy Court proceedings involving such Cooperation Default Notice. |