| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>Mark S. Lichtenstein, Esq.<br>AKERMAN LLP<br>1251 Avenue of the Americas, 37th Flr.<br>New York, New York, 10020<br>Telephone: (212) 880-3800<br>Facsimile: (212) 880-8965<br>Email: mark.lichtenstein@akerman.com<br><br>-and-<br><br>John Thompson, Esq.<br>(*pro hac vice* to be submitted)<br>AKERMAN LLP<br>750 Ninth Street, N.W., Suite 750<br>Washington, D.C. 20001<br>Telephone: (202) 824-1760<br>Facsimile: (202) 393-5959<br>Email: john.thompson@akerman.com<br><br>*Attorneys for Creditor Joshua Silberstein* | |
| **IN RE:**<br><br>**THRASIO HOLDINGS, INC.,** *et al.*,<br><br>Debtors.[1] | **CHAPTER 11**<br><br>**CASE NO.: 24-11840 (CMG)**<br>**(Jointly Administered)**<br><br>**Hon. Christine M. Gravelle**<br><br>**Re: Docket No. 398** |

**LIMITED OBJECTION OF JOSHUA SILBERSTEIN TO THE JOINT PLAN OF REORGANIZATION OF THRASIO HOLDINGS, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

---

[1] The last four digits of Debtor Thrasio Holdings, Inc.'s tax identification number are 8327. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' Claims, Noticing, and Solicitation Agent at https://www.kccllc.net/Thrasio. The Debtors' service address for purposes of these chapter 11 cases is 85 West Street, 3rd Floor, Walpole, MA, 02081.

76646010;6

Joshua Silberstein ("Silberstein") by and through the undersigned counsel, files this limited objection to the [First Amended] Joint Plan of Reorganization of Thrasio Holdings, Inc. and it's Debtor Affiliates pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 398] (the "Plan"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. From the outset of these cases, the Debtors have made clear that they intend to move the bankruptcy case – and all of its constituents – with all deliberate speed toward confirmation. And while they are to be commended for their efforts at achieving that pace, the fact remains that accuracy and fairness can become casualties of speed. Here, the Debtors' proposed Plan sacrifices accuracy for the assessment of significant claims by and against the estates and fundamental fairness for Silberstein and his rights. The current proposed Plan is flawed in at least three material ways that prejudice Silberstein. First, the Plan appears to deny Silberstein of certain critically important contractual and legal rights without due process of law. Second, the Plan contains overly-broad releases made available to Thrasio insiders who were chiefly responsible for the company's management for over two years of its descent into bankruptcy, and seemly without thorough investigation. Finally, the Plan appears to retain the broadest possible set of potential claims against Silberstein notwithstanding the Independent Investigation (defined below) and Silberstein's contractual and legal rights. Accordingly, the Debtors' Plan should be modified to eliminate these prejudicial harms.

## BACKGROUND

### A. The Separation Agreement

2. Silberstein, alongside Carlos Cashman, founded Debtor on or about April 2018. Silberstein departed from the Debtor in September 25, 2021. In connection with his departure,

Silberstein, and Debtors, Thrasio, LLC and Thrasio Holdings, Inc., entered into a Confidential Separation Agreement and Mutual Release (the "Separation Agreement"). The Separation Agreement sets forth, and preserves, Silberstein's existing rights to indemnification under applicable law and/or written agreements between Silberstein and each of the Debtors, including any insurance policies under which Silberstein is covered.[2]

### B. The Independent Investigation

1. Prior to the Petition Date, the board of directors of Thrasio Holdings, Inc. (the "Board") appointed Stefan M. Selig and Anthony Horton as disinterested directors of the Board (the "Disinterested Directors"). The Disinterested Directors were delegated sole authority (i) on all matters in which a conflict of interest exists or is reasonably likely to exist between Thrasio Holdings, Inc., on the one hand, and any Related Party on the other hand and (ii) to make a determination as to whether any matter constitutes a conflict matter.

2. The Disinterested Directors allege to have participated in the evaluation of all the transaction proposals and, ultimately, the negotiation of the restructuring transactions contemplated by the Plan. In addition, the Board delegated sole authority to the Disinterested Directors to conduct an independent investigation of potential claims or causes of action of the Debtors, if any, against any related parties or that arise under or relate to any transactions, relationships, or conduct involving the Company, any of its current and former subsidiaries and affiliates, and any third party (the "Independent Investigation"). The Disinterested Directors retained Katten Muchin Rosenman LLP ("Katten") to provide independent legal counsel in

---

[2] Consistent with the confidentiality obligations imposed by the Separation Agreement, a copy of the same is not attached hereto, and, upon information and belief, the Debtors maintain a copy in their business records.

76646010;6

connection with the Independent Investigation. As set forth in Article VIII of the Plan, releases and exculpations remained subject to the Independent Investigation.

3. On May 23, 2024, the Disinterested Directors filed their report of findings of the Independent Investigation. Despite allegedly having reviewed over 2.3 million documents, and conducted interviews, depositions, and informal meetings with over 15 witnesses, the Disinterested Directors only identify 4 individuals of concern. The Independent Investigation recommends that the Debtors retain certain potential causes of action against Silberstein and three other former officers/directors, Mr. Cashman, Mr. Boockvar, and Mr. Falcao, (the "Excluded Parties"). The Independent Investigation alleges that these individuals are recipients of certain avoidable transfers.

4. Accordingly, the Independent Investigation report recommends that the Debtors retain these avoidance action claims in connection with their Plan, and thus the claims against these individuals will not be released under the Plan, as would otherwise occur under the Plan's terms.

5. Specifically, the Independent Investigation references certain causes of action at issue. First, causes of action arising from the "Yardline" transactions. Second, potential claims by the Debtor against Silberstein, and the three noted individuals, because of potential breaches of fiduciary duties in three areas: (i) financial and inventory controls, (ii) secondary sales, and (iii) Yardline transactions.

6. Ultimately, the Independent Investigation concludes that there are no viable causes of action arising from Silberstein's Separation Agreement (defined below).

C. **Settlement Terms Sheet**

4

76646010;6

7.　　　On May 31, 2024, Debtors filed *Notice of Filing of Settlement Terms Sheet, as Exhibit H to the Plan Supplement* (the "Settlement Term Sheet") [Dck No. 818]. In relevant part, the Settlement Term Sheet, creates Thrasio Legacy SPV, a special purpose vehicle to investigate, prosecute, settle, or abandon the "Vested Causes of Action." The Vested Causes of Action are, in turn, defined as, "any Claims and Causes of Action not released under the Amended Plan, including any Claims and Causes of Action against the Excluded Parties." Here, the Excluded parties are defined as:

> "(i) Joshua Silberstein, Carlos Cashman, Joseph Falcao, Daniel Boockvar, Mounir Ouhadi, and Aditya Rathod, (ii) transferees of Thrasio's assets in connection with transactions involving Yardline Capital Corp. between April 2020 and January 2022, including, but not limited to, Ari Horowitz, and (iii) the family members, related trusts, investment vehicles, affiliates, and successors and assigns of the persons in (i) and (ii), *provided*, that this clause (iii) shall not include any current or former directors and officers of the Debtors who are not otherwise listed as Excluded Parties in clause (i)."

8.　　　Lastly, the Thrasio Legacy SPV, creates the opportunity for Excluded Parties to enter into Cooperation Agreements. The Settlement Term Sheet states: "Certain agreed-upon key individuals (the "Cooperating Parties") shall not be Excluded Parties only upon each respective Cooperating Party's execution of a reasonable cooperation agreement whereby each Cooperating Party will agree to use commercially reasonable efforts to fully cooperate with the investigation and prosecution of the Vested Causes of Action, taking into account the individual circumstances of each Cooperating Party, including personal obligations and go-forward contributions and obligations to the Reorganized Debtors (each, a "Cooperation Agreement"). Each Cooperation Agreement shall be in form and substance reasonably acceptable to the Debtors, the Committee, and the Ad Hoc Group."

5

76646010;6

# OBJECTION

## I. The Plan Should Not Be Confirmed to the Extent That It Prejudices Contractual or Legal Rights Maintained by Mr. Silberstein Without Due Process

9. Silberstein objects to the extent that the Plan purports to limit, restrict, or in any way prejudice Silberstein's rights under the Separation Agreement or Thrasio's insurance policies, including but not limited to its directors and officers insurance policies and excess policies. Among other rights, the Separation Agreement entitles Silberstein to indemnification, insurance coverage rights, and a release. The record in these cases already demonstrates that certain third parties are investigating and/or asserting claims ("Third-Party Claims") that are likely to trigger the Debtors' duty to indemnify, implicate coverage under Thrasio's insurance policies, or bear upon Silberstein's release. The Debtors should not be permitted to prejudice or eliminate Silberstein's contractual and legal rights through creative and byzantine definitions and other Plan language and without due process of law. Accordingly, Silberstein reserves the right to assert claims against the Debtors for contribution, indemnification, reimbursement, and any similarly applicable claim based upon his right to indemnification.

10. Silberstein's claims against Debtor include, but are not limited to, reimbursement and payment for the full amount of: (1) any damages and liabilities incurred by Silberstein as a result of any Third-Party Claims, as well as any and all costs, expenses and attorneys' fees incurred by Silberstein in defending, settling, resolving or responding in any way to Third-Party Claims; and (2) any other amounts to which Silberstein is entitled as a matter of law and/or under the Separation Agreement. Based on the indemnification rights provided to Silberstein as a matter of law and pursuant to contract, Silberstein is entitled to coverage by any directors and officers insurance policy ("D&O Policy") of the Debtors and/or any related affiliates that might provide

6

coverage to him as former CEO and director of the Debtors. Silberstein expressly reserves the right to seek coverage under any applicable D&O Policy which covers executives of the Debtors.

## II. The Current Plan Releases Are Overbroad

11. The Debtors' current Plan proposes to release a great many parties, including Thrasio insiders responsible for running the company for the two and a half years after Silberstein's resignation and before its bankruptcy filing in February of this year. Nevertheless, upon review of the Independent Investigation Report and the recently-filed Settlement Term Sheet, neither the Debtors, the Creditors' Committee, or the other parties in interest appear committed to any meaningful examination of the potential mismanagement or malfeasance of those Thrasio insiders. Rather, the current Plan seeks to grant broad releases to those insiders with the most proximate involvement with the Debtors' operational and financial downfall – opting instead to preserve claims and causes of action against Silberstein and three other potential defendants. The contrast of the Debtors' broad release of so many Thrasio insiders in juxtaposition to the preservation of Retained Claims against the decidedly narrow group of four (4) Excluded Parties speaks for itself. The Plan's release provisions should be modified and limited to appropriate and deserving recipients after a proper investigation of all potential estate claims.

## III. The Retained Claims Against Silberstein Should Be Limited to Those Potential Causes of Action Identified in the Independent Directors' Report

12. Silberstein objects to the extent the Thrasio Legacy SPV purports to investigate, prosecute, or settle claims not identified in the Independent Investigation. A bankruptcy court has the discretion to approve settlements set forth in a chapter 11 reorganization plan if the court finds the settlement to be "fair and equitable." *See In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984) (citing *Protective Committee v. Anderson*, 390 U.S. 414, 424, (1968)). Thus, when "a court

approves a settlement as part of a reorganization plan absent reasonable assurance that the settlement accords with the fair and equitable standard, that court has abused its discretion." *Id*.

13.    Here, the Independent Investigation references the causes of action at issue, including potential claims by the Debtor against Silberstein, and the three noted individuals, because of potential breaches of fiduciary duties in three areas: (i) financial and inventory controls, (ii) secondary sales, and (iii) Yardline transactions. However, the causes of action which are vested in the Thrasio Legacy SPV, dramatically exceed the scope, both in depth and breath, of the Independent Investigation. The Thrasio Legacy SPV, seeks to include: "any Claims and Causes of Action not released under the Amended Plan, including any Claims and Causes of Action against the Excluded Parties." The import of this language places Silberstein, an Excluded Party, in an undefined universe of potential causes of action, which can be asserted against him at any time. Therefore, the Settlement Terms are unfair and grossly unequitable. Accordingly, the causes of action contributed to the Thrasio Legacy SPV should be limited to those identified by the Independent Investigation Report.

IV.    **The Debtors' Late Night Amendment to the Proposed Plan Prejudices Parties' Ability to Respond**

14.    The Debtors filed a notice of their First Amended Joint Plan of Reorganization late last night (June 5th) at 11:53 pm which included proposed changes to the Debtors' indemnification and insurance obligations as well as modifications to important definitions regarding indemnified parties and their claims. These last minute changes to the Plan result in a meaningful and unfair disadvantage to all respondents to the Debtors' plan, including Silberstein. Accordingly, this Objection is submitted without prejudice to, and with a full reservation of, Silberstein's rights to object to confirmation of the Plan or any other plan of reorganization proposed in these Chapter

11 Cases. In addition, Silberstein reserves all rights to raise additional objections and to supplement this Objection.

## IV. Conclusion

For the reasons above, this Court should deny confirmation absent the modifications detailed herein and grant such other and further relief as it may deem just and proper.

**WHEREFORE,** Joshua Silberstein respectfully requests this Court to deny confirmation, or alternatively, require the plan modifications detailed herein and grant such and further relief as it may deem just and proper.

Dated: June 4, 2024

Respectfully submitted,

AKERMAN LLP

By: */s/Mark S. Lichtenstein*
Mark S. Lichtenstein, Esq.
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York, 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
Email: mark.lichtenstein@akerman.com

-and-

John Thompson, Esq.
(*pro hac vice* to be submitted)
AKERMAN LLP
750 Ninth Street, N.W., Suite 750
Washington, D.C. 20001
Telephone: (202) 824-1760
Facsimile: (202) 393-5959
Email: john.thompson@akerman.com

*Attorneys for Creditor Joshua Silberstein*